DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
WILLIAM ASPINWALL, State Bar No. 308919
waspinwall@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 697-2000
Facsimile:    (415) 813-2045

Attorney for Defendants
CITY OF REDDING and GARRETT MAXWELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MCLEOD, individually and as successor in interest to decedent, DOLORES HERNANDEZ; AMADO HERNANADEZ; individually and as successor in interest to decedent, DOLORES HERNANDEZ; and YSIDRA REGALDO, individually,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF REDDING; GARRETT MAXWELL, an individual; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 2:22-CV-0585-WBS-JDP<br><br>**STIPULATED PROTECTIVE ORDER** |

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

551087.1

and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Local Rule 141.1, this Stipulated Protective Order does not entitle or require them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). and for which public disclosure is likely to result in a particularized harm, or is privileged under law, and/or violates privacy or official information, interest recognized by law, or is otherwise entitled to protection.

The parties contemplate that this Confidential Information may include but is not limited to:

a. Peace officer personnel file records (as defined by California State law) excluding training records and all witness statements, and tangible or electronic data (such as dispatch records, photographs, video or audio recordings, photographs surveillance camera recordings, factual summaries, test logs) specifically related to the incident in question in this matter;

b. Autopsy photos of the decedent;

c. Videos depicting private matters;

d. Medical and /or mental health records;

e. Unredacted social security numbers or any other similar sensitive identifying information,

f. Home addresses of any Party or Witness;

g. Family photographs; and

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

551087.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

h.  Information concerning the financial assets of any party.

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  The that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

/ / /

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

551087.1

2.13   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material that reveal the source of the Protected Material or that reveal specific information, i.e., the raw data gleaned from protected documents, entitled to confidentiality under this stipulated order; and (3) conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party (c) any information which ~~which~~ is mandated to be made available to the public pursuant to California State law.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

/ / /

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards including Rule 26 of the Federal Rules of Civil Procedure and Eastern District Local Rule 141.1. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  If a watermark or background screen is used is used to indicate that the material is confidential that watermark or screen shall not interfere with the document's legibility.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

551087.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

1  confidentiality designation by electing not to mount a challenge promptly after the original

2  designation is disclosed.

3          6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution

4  process by providing written notice of each designation it is challenging and describing the basis

5  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

6  notice must recite that the challenge to confidentiality is being made in accordance with this

7  specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

8  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

9  forms of communication are not sufficient) within 14 days of the date of service of notice. In

10 conferring, the Challenging Party must explain the basis for its belief that the confidentiality

11 designation was not proper and must give the Designating Party an opportunity to review the

12 designated material, to reconsider the circumstances, and, if no change in designation is offered,

13 to explain the basis for the chosen designation. A Challenging Party may proceed to the next

14 stage of the challenge process only if it has engaged in this meet and confer process first or

15 establishes that the Designating Party is unwilling to participate in the meet and confer process in

16 a timely manner.

17         6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court

18 intervention, the Designating Party shall file and serve a motion to retain confidentiality in

19 compliance with Civil Local Rule 141 within 21 days of the initial notice of challenge or within

20 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

21 whichever is earlier. Each such motion must be accompanied by a competent declaration

22 affirming that the movant has complied with the meet and confer requirements imposed in the

23 preceding paragraph. Failure by the Designating Party to make such a motion including the

24 required declaration within 21 days (or 14 days, if applicable) shall automatically waive the

25 confidentiality designation for each challenged designation. In addition, the Challenging Party

26 may file a motion challenging a confidentiality designation at any time if there is good cause for

27 doing so, including a challenge to the designation of a deposition transcript or any portions

28 thereof. Any motion brought pursuant to this provision must be accompanied by a competent

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

551087.1

1  declaration affirming that the movant has complied with the meet and confer requirements

2  imposed by the preceding paragraph.

3      The burden of persuasion in any such challenge proceeding shall be on the Designating

4  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

5  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

6  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

7  file a motion to retain confidentiality as described above, all parties shall continue to afford the

8  material in question the level of protection to which it is entitled under the Producing Party's

9  designation until the court rules on the challenge.

10      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

11      7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

12  produced by another Party in connection with this case only for prosecuting, defending, or

13  attempting to settle this litigation. Such Protected Material may be disclosed only to the

14  categories of persons and under the conditions described in this Order. When the litigation has

15  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

16  DISPOSITION).

17      Protected Material must be stored and maintained by a Receiving Party at a location and

18  in a secure manner that ensures that access is limited to the persons authorized under this Order.

19      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

20  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

21  information or item designated "CONFIDENTIAL" only to:

22      (a)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

23  reasonably necessary for this litigation and who have signed the "Acknowledgment and

24  Agreement to Be Bound" (Exhibit A);

25      (b) the court and its personnel;

26      (c) court reporters and their staff, professional jury or trial consultants, mock jurors, and

27  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

28  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

551087.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1   (d)  during their depositions, witnesses in the action to whom disclosure is reasonably

2   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

3   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

4   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

5   bound by the court reporter and may not be disclosed to anyone except as permitted under this

6   Stipulated Protective Order or as agreed by the Designating Party.

7    (e)  the author or recipient of a document containing the information or a custodian or

8   other person who otherwise possessed or knew the information.

9       8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

10  <u>OTHER LITIGATION</u>

11      If a Party is served with a subpoena or a court order issued in other litigation that compels

12  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

13  must:

14      (a)  promptly notify in writing the Designating Party. Such notification shall include a

15  copy of the subpoena or court order;

16      (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

17  other litigation that some or all of the material covered by the subpoena or order is subject to this

18  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

19      (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

20  Designating Party whose Protected Material may be affected.

21      If the Designating Party timely seeks a protective order, the Party served with the

22  subpoena or court order shall not produce any information designated in this action as

23  "CONFIDENTIAL" before a determination by the court from which the subpoena or order

24  issued, unless the Party has obtained the Designating Party's permission. The Designating Party

25  shall bear the burden and expense of seeking protection in that court of its confidential material –

26  and nothing in these provisions should be construed as authorizing or encouraging a Receiving

27  Party in this action to disobey a lawful directive from another court.

28  / / /

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

551087.1

1    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3    Material to any person or in any circumstance not authorized under this Stipulated Protective

4    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

5    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

6    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

7    made of all the terms of this Order, and (d) request such person or persons to execute the

8    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9    10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

10    PROTECTED MATERIAL

11    When a Producing Party gives notice to Receiving Parties that certain inadvertently

12    produced material is subject to a claim of privilege or other protection, the obligations of the

13    Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

14    provision is not intended to modify whatever procedure may be established in an e-discovery

15    order that provides for production without prior privilege review. Pursuant to Federal Rule of

16    Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

17    communication or information covered by the attorney-client privilege or work product

18    protection, the parties may incorporate their agreement in the stipulated protective order

19    submitted to the court.

20    11.    MISCELLANEOUS

21    11.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

22    seek its modification by the court in the future.

23    11.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

24    Order no Party waives any right it otherwise would have to object to disclosing or producing any

25    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

26    Party waives any right to object on any ground to use in evidence of any of the material covered

27    by this Protective Order.

28    / / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

551087.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

11.3    <u>Filing Protected Material</u>. If any Party intends to use Confidential Information in a Court filing, at least seven (7) days' notice shall be given to all parties identifying the Confidential Material that the party intends to utilize. In the event that a party believes that the Confidential Material intending to be used should be filed under seal, then it shall be the burden of the party desiring that the material be filed under seal to make that request to the Court. Parties shall comply with the requirements of Eastern District Local Rule 141 and any other applicable law in this regard. The Parties agree that a request to file under seal may be heard on shortened time and/or by telephone or video conference.

12.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, upon written notification served by Producing or Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13. <u>EASTERN DISTRICT LOCAL RULE 141.1 STATEMENT</u>

In accordance with the provisions of Eastern District Local Rule 14.1, the parties state the following.

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

551087.1

(1) The information eligible for a protective order in this case are:

    a.   Employee records which might otherwise be privileged;

    b.   Law enforcement tactical and evaluative information; and

    c.   Confidential information concerning the privacy of parties and third parties to this lawsuit.

(2) A particularized need exists as to these categories of information as follows:

    a. These records contain confidential and personal information;

    b. These records contain information that may constitute official information and could risk the safety and security of law enforcement officers if publicly disseminated; and

    c. These records contain information of third parties to this lawsuit that are confidential and personal in nature.

(3) A court order is needed to ensure the privacy and confidentiality of this information is needed to remain enforceable

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

551087.1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated:  December 29, 2022

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By:  _/s/ DALE L. ALLEN, JR._
     DALE L. ALLEN, JR.
     WILLIAM ASPINWALL
     Attorney for Defendants
     CITY OF REDDING and GARRETT
     MAXWELL

Respectfully submitted,

Dated:  December 29, 2022

LAW OFFICES OF DALE K. GALPINO

By:  _/s/ STEWART KATZ_
     STEWART KATZ
     Attorney for Plaintiff
     VERONICA McCLEOD

PURSUANT TO STIPULATION,

IT IS SO ORDERED.

Dated:  ___December 29, 2022___

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

551087.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Eastern California on _____, 2022 in the case of *McLeod v. Hernandez, et al*, Case No. Case No. 2:22-CV-05585-WBS-JDP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Eastern California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER
2:22-CV-05585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

551087.1