DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
AMEET D. PATEL, State Bar No. 343413
apatel@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 697-2000
Facsimile:   (415) 813-2045

Attorney for Defendant
CITY OF REDDING, GARRETT MAXWELL, AND
MATTHEW BRUCE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MCLEOD, individually and as successor in interest to decedent, DOLORES HERNANDEZ; AMADO HERNANADEZ; individually and as successor in interest to decedent, DOLORES HERNANDEZ; and YSIDRA REGALDO, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF REDDING; GARRETT MAXWELL, an individual; MATTHEW BRUCE, an individual; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:22-CV-00585-WBS-JDP<br><br>**DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION [F.R.C.P. 56]**<br><br>Hon. WILLIAM B. SHUBB<br><br>Date:   June 10, 2024<br>Time:  1:30 p.m.<br>Ctrm:  5<br><br>Trial:   September 10, 2024 |

Pursuant to Local Rule 260(a), Defendants CITY OF REDDING, GARRETT MAXWELL and MATTHEW BRUCE's (collectively, "Defendants") submit the following Separate Statement of Undisputed Facts in support of Defendants' Motion for Summary Judgment, or in the Alternative, Summary Adjudication (F.R.C.P. 56) in the above-entitled matter.

| UNDISPUTED MATERIAL FACT | CITATION |
|---|---|
| 1. At approximately 6:27 p.m., on December 2, 2020, North State Security guard, Jason Schuler, called the Shasta Area Safety Communications Agency ("SHASCOM") to report a woman causing a disturbance at MOD Pizza, located in the Discovery Village Shopping Center at 913 Dana Drive in Redding. | *Declaration of Chris Smyrnos* ("*Smyrnos Decl.*"), at ¶ 13; *Deposition Transcript of Garrett Maxwell* (*Maxwell Depo*) attached as Exhibit "A" to *AP Decl.* at p.33:4-10; p.29:3-4 |
| 2. Schuler reported the woman left MOD Pizza and was locked in her grey Toyota Camry (California license plate # 7GZH882), yelling and cursing at everyone. | *Smyrnos Decl.,* at ¶ 13; *Deposition Transcript of Garrett Maxwell* (*Maxwell Depo*) attached as Exhibit "A" to *AP Decl.* at p.33:4-10; p.29:3-4 |
| 3. Witness, Melody Graham, captured video ("*Incident Video*") of the incident giving rise to litigation in this matter with her cellular phone. | *Smyrnos Decl.,* at ¶ 12; *Deposition Transcript of Melody Graham* (*Graham Depo*) attached as Exhibit "B" to *AP Decl.* at p. 37:18-p.29:2 |
| 4. Redding Police Corporal Garrett Maxwell and Officer Matthew Bruce, on duty, in full police uniform and marked patrol vehicles, responded to the incident reported at the subject location. | *Smyrnos Decl.,* at ¶ 14; *Incident Video*, Exhibit "C" to *AP Decl.*; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.24:20-24; *Deposition Transcript of Matthew Bruce* (*Bruce Depo*) attached as Exhibit "D" to *AP Decl.* at p.69:15-p.70:1. |
| 5. Ofc. Bruce arrived on scene first and located the grey Toyota Camry parked facing south in front of MOD Pizza and determined it was occupied by a female, later identified as Dolores Hernandez. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.12:7-21, p.14:15-18. |
| 6. Schuler pointed out Hernandez as the person involved in the disturbance. | *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.27:3-17. |
| 7. Corporal Maxwell arrived almost immediately after Bruce and spoke with Schuler regarding the incident while | *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.27:9-13, p.29:3-21, p.33:4-18; *Bruce Depo* attached as Exhibit "D" to *AP* |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

656128.1

| UNDISPUTED MATERIAL FACT | CITATION |
|---|---|
| standing several feet from Ofc. Bruce and Hernandez's Toyota. | *Decl.* at p.14:15-22; p.18:23-p.19:2 |
| 8. Once Cpl. Maxwell had finished speaking with Schuler, he walked closer to the Toyota and Ofc. Bruce, who had approached the driver side window of the Toyota in an attempt to speak with Hernandez once Cpl. Maxwell had arrived. | *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.35:23-p.36:6. |
| 9. Hernandez had her car running, stereo on at an extremely high volume, and initially ignored Ofc. Bruce's initial efforts to make contact with her, choosing instead to stare straight ahead. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.16:25-p.17:3-8; p.17:12-25 |
| 10. Eventually, after Bruce shined his flashlight in her car, Hernandez rolled her window down approximately two inches and became uncooperative and argumentative with Ofc. Bruce (telling him that he was a "murderer," and that she did not have to speak with him). | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.15:3-14; p.16:25-p.17:3-8. |
| 11. Ofc. Bruce continued to try to engage her in conversation, telling her they had never met, that he was not a murderer, and that he was just trying to figure out what was wrong. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.15:3-14. |
| 12. Ofc. Bruce asked Hernandez for her driver's license since her car was running; however, Hernandez refused to provide it and instead told Ofc. Bruce she was not driving and did not have to give him "shit." | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.23:12-20. |
| 13. Hernandez then put her car in reverse and began to back out of the parking spot (the parking stall on either side of her vehicle was open and provided ample room to clear the officers and safely reverse into the parking lot lane of traffic had she intended to leave). | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.19:21- p.20:3; p.23:25-24:9; *Raudman Video*, Exhibit "C" to *AP Decl.*; *Declaration of Rajeev Kelkar, Ph.D.* ("*Kelkar Decl.*"), at ¶ 5(d). |
| 14. The officers began to walk away from her vehicle as they had no desire to detain her and intended on allowing Hernandez to leave since her departure could end the conflict; however, | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.21:23-p.22:9; p.22:22-p.23:5; 28:13-15; p.29:10-25; p.30:8-17; 58:17-25; *Raudman Video*, Exhibit "C" to *AP Decl.*; *Deposition Transcript of Jennifer Hoberg* |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

656128.1

| UNDISPUTED MATERIAL FACT | CITATION |
|---|---|
| Hernandez stopped reversing and drove forward, turning her vehicle directly at both Bruce and Maxwell. | (*J. Hoberg Depo*) attached as Exhibit "E" to *AP Decl.* at p. 29:15-20; *Deposition Transcript of Ryan Hoberg* (*R. Hoberg Depo*) attached as Exhibit "F" to *AP Decl.* at p. 20:6-14. |
| 15. Hernandez's vehicle came closer to Bruce, who was in fear for his safety (being run over) and stepped out of the way as the vehicle came within inches of his legs. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.30:5-25; p.32:17-p.33:2; *Raudman Video*, Exhibit "C" to *AP Decl.* |
| 16. Hernandez stopped for a few seconds as she screamed "fuck you" and extended both of her middle fingers. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.31:3-17; *Raudman Video*, Exhibit "C" to *AP Decl.* |
| 17. Intending to stop the car from moving out of concern for her unsafe driving and for the numerous pedestrians in the area, Ofc. Bruce pulled out his baton and attempted to break the driver's side window to grab Hernandez's keys, disable the vehicle and attempt to place her under arrest. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.31:3-17; p.32:15-p. 33:12; p.33:3-12; 34:20-35:2; *Raudman Video*, Exhibit "C" to *AP Decl.*; *Smyrnos Decl.*, at ¶ 19. |
| 18. The window did not break as a result of the baton strikes. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.33:3-12; 34:20-35:2. |
| 19. Bruce did not inform Hernandez that she was under arrest prior to doing so because of how quickly the incident unfolded and because her music was turned up, leading him to believe she would not hear him. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.32:15-33:2; p.36:6-8; *Smyrnos Decl.*, at ¶ 19. |
| 20. At that point, Hernandez then started to reverse her vehicle (while turning the steering wheel clockwise) with its wheels turned towards Bruce and made contact with Ofc. Bruce's foot, dragging it and his left leg under the vehicle's front, driver's side tire and pulling him to the ground. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.40:25-p.41:12; *Kelkar Decl.*, at ¶ 5(j); *Smyrnos Decl.*, at ¶ 21. |
| 21. The vehicle rolled onto Ofc. Bruce's leg near his left knee and then stopped, pinning him underneath the vehicle and preventing either of his legs from moving. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.41:8-20; *Raudman Video*, Exhibit "C" to *AP Decl.*; *Smyrnos Decl.*, at ¶ 21 |
| 22. Ofc. Bruce felt his left leg being "crushed" and experienced "immense pain" shooting up his leg while | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.46:11-16; p.47:11-23. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

656128.1

| UNDISPUTED MATERIAL FACT | CITATION |
|---|---|
| Hernandez's vehicle was stopped on top of him, leading him to believe that Hernandez was going to kill him. | |
| 23. In fear for his life, Ofc. Bruce noticed Cpl. Maxwell running towards his location on the ground and yelled "shoot her"[;] however, Cpl. Maxwell had drawn his firearm once he saw the vehicle on top of Ofc. Bruce. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.45:21-46:10; p.47:11-23; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.64:13-19. |
| 24. Cpl. Maxwell shot into Hernandez's vehicle a total of seven times based on his own independent, reasonable and honest belief that Hernandez posed an imminent and deadly threat to Ofc. Bruce. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.47:11-23; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.60:6-p.61:1; p.62:20-22 p.64:20-23; *Smyrnos Decl.,* at ¶ 21 |
| 25. Ofc. Bruce correctly believed that he would have been run over again if Cpl. Maxwell had not fired his shots to eliminate the threat Hernandez posed, as Hernandez's vehicle would have run over Ofc. Bruce's head and body had it been driven forward with counterclockwise steering (posing a potential for serious and potentially fatal injury to Ofc. Bruce). | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.67:12-21; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.60:6-61:1; 67:15-21; *Kelkar Decl.,* at ¶ 5(m). |
| 26. Cpl. Maxwell did not believe it was feasible to provide a verbal warning to Hernandez prior to firing his weapon; nor did Ofc. Bruce or Cpl. Maxwell have time to create a tactical plan because of how quickly the incident transpired. | *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p. 47:11-p.48:3, 55:15-21; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.48:13-15, 63:12-15; *Smyrnos Decl.,* at ¶ 21. |
| 27. At approximately 6:36:42 p.m. on December 2, 2020, Corporal Maxwell advised over the radio that shots had been fired and one subject was down and requested "Code 3" medical to respond. | *Smyrnos Decl.,* at ¶ 15; *Maxwell Audio Clip* attached as Exhibit "H" to *AP Decl.* |
| 28. Corporal Maxwell evaluated Hernandez, who appeared to be obviously deceased since she was motionless, not breathing, had significant trauma on the left side of her body from gunshot wounds, and had no | *Smyrnos Decl.,* at ¶ 15; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.66:6-24. |

| UNDISPUTED MATERIAL FACT | CITATION |
|---|---|
| pulse. | |
| 29. Per Redding Police Department Policy, the Department conducted an internal investigation into the officer involved shooting incident. | *Smyrnos Decl.,* at ¶ 16. |
| 30. The Department found that Ofc. Bruce believed Hernandez intentionally drove directly at him (assault with a deadly weapon) and attempted to use his baton to break the vehicle's window to detain and arrest her. | *Smyrnos Decl.,* at ¶ 19. |
| 31. Moreover, the Department found Cpl. Maxwell's use of deadly force was reasonable and justified to stop Hernandez's immediate threat of death or serious bodily injury to Officer Bruce and the ongoing threat to the public if she were to escape (and thus lawful and within Department policy). | *Smyrnos Decl.,* at ¶ 21. |
| 32. As part of the Department's policies, the Department adheres to Cal. Pen. Code §832.5 | *Smyrnos Decl.,* at ¶ 5. |
| 33. At the time of the shooting, Redding Police Department observed and trained to the standards set by the State of California Commission on Peace Officer Standards and Training ("POST"). | *Smyrnos Decl.,* at ¶ 6. |
| 34. POST is a state-wide, governmental organization (created by State of California Legislature) composed of law enforcement executives and advisors tasked with setting minimum selection and training standards for California law enforcement. | *Smyrnos Decl.,* at ¶ 6. |
| 35. The Department's update training is consistent with POST mandates. | *Smyrnos Decl.,* at ¶ 7. |
| 36. In order to be in compliance with POST standards, the Department submits its training courses and policies to regular audits by POST. | *Smyrnos Decl.,* at ¶ 8. |
| 37. At the time of the incident, Cpl. Maxwell and Ofc. Bruce attended and successfully completed the POST- | *Smyrnos Decl.,* at ¶ 9. |

| UNDISPUTED MATERIAL FACT | CITATION |
|---|---|
| certified police academy prior to being hired by the Department, successfully passed their FTO training, and were up to date with all mandated POST training requirements | |
| 38. Only approximately 19.7 seconds elapsed between the moment Hernandez's vehicle first moved (reversed out of the parking space) and the moment Cpl. Maxwell drew his weapon. | *Raudman Video*, Exhibit "C" to *AP Decl.*; *Kelkar Report*, attached as Exhibit "B" to *Kelkar Decl.*, at p. 41 ("Video Log"). |
| 39. Cpl. Maxwell was forced to fire his first shot just one second after drawing his gun. | *Raudman Video*, Exhibit "C" to *AP Decl.*; *Kelkar Report*, attached as Exhibit "B" to *Kelkar Decl.*, at p. 41 ("Video Log"). |

Respectfully submitted,

Dated: April 24, 2024

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Ameet D. Patel*
DALE L. ALLEN, JR.
AMEET D. PATEL
Attorneys for Defendants
CITY OF REDDING, GARRETT
MAXWELL, and MATTHEW BRUCE