1   `DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
2   AMEET D. PATEL, State Bar No. 343413
apatel@aghwlaw.com
3   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
4   San Francisco, CA  94104
Telephone:      (415) 697-2000
5   Facsimile:      (415) 813-2045

6   Attorney for Defendant
CITY OF REDDING, GARRETT MAXWELL, AND
7   MATTHEW BRUCE

8   **[EXEMPT FROM FILING FEES PURSUANT TO
GOVERNMENT CODE §6103]**

9

10              UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| VERONICA MCLEOD, individually and as successor in interest to decedent, DOLORES HERNANDEZ; AMADO HERNANADEZ; individually and as successor in interest to decedent, DOLORES HERNANDEZ; and YSIDRA REGALDO, individually, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF REDDING; GARRETT MAXWELL, an individual; MATTHEW BRUCE, an individual; and DOES 2-10, inclusive, <br><br> Defendants . | Case No. 2:22-cv-00585-WBS-JDP <br><br> **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS ("SSUMF") AND OBJECTIONS AND RESPONSES TO PLAINTIFFS' STATEMENT OF ADDITIONAL UNDISPUTED FACTS** <br><br> Hon. WILLIAM B. SHUBB <br><br> Date:    June 10, 2024 <br> Time:    1:30 p.m. <br> Ctrm:    5 <br><br> Trial:    September 10, 2024 |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

Defendants submit the following Reply to Plaintiffs' objections and responses to Defendants' undisputed material facts and submit objections and responses to the purported additional undisputed material facts submitted by Plaintiffs. As to these responses and objections, Defendants submit that these facts are for the purposes of the motion for summary judgement only and are not intended to be otherwise binding. Local Rule 260(c).

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| 1. At approximately 6:27 p.m., on December 2, 2020, North State Security guard, Jason Schuler, called the Shasta Area Safety Communications Agency ("SHASCOM") to report a woman causing a disturbance at MOD Pizza, located in the Discovery Village Shopping Center at 913 Dana Drive in Redding.<br><br>*Declaration of Chris Smyrnos* ("*Smyrnos Decl.*")*, at ¶ 13; Deposition Transcript of Garrett Maxwell* (*Maxwell Depo*) attached as Exhibit "A" to *AP Decl.* at p.33:4-10; p.29:3-4 | Undisputed for the purposes of Defendants' summary judgment motion. |
| **Defendants' Reply to Undisputed Fact #1: This fact remains undisputed.** | |
| 2. Schuler reported the woman left MOD Pizza and was locked in her grey Toyota Camry (California license plate # 7GZH882), yelling and cursing at everyone<br><br>*Smyrnos Decl., at ¶ 13; Deposition Transcript of Garrett Maxwell* (*Maxwell Depo*) attached as Exhibit "A" to *AP Decl.* at p.33:4-10; p.29:3-4 | **Disputed** to the extent that all of these details were communicated to Maxwell and Bruce or that Maxwell and Bruce were aware of all of these details.<br><br>According to Bruce and Maxwell, they were responding to a woman using foul language, causing a disturbance at a location, and refusing to leave the area. Exhibit 1 ("Ex. 1") to Declaration of Hang D.<br><br>Le ("Le Decl."), Deposition of Garret Maxwell ("Maxwell Dep.") 25:13-19, 26:3-115; Exhibit 3 ("Ex. 3") to Le Decl., Deposition of Matthew Bruce ("Bruce Dep.") 9:8-18. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| **Defendants' Reply to Undisputed Fact #2:  There is no dispute of material fact.** Plaintiffs do not materially challenge Schuler's report. | |
| 3.  Witness, Melody Graham, captured video ("*Incident Video*") of the incident giving rise to litigation in this matter with her cellular phone.<br><br>*Smyrnos Decl.,* at ¶ 12; *Deposition Transcript of Melody Graham* (*Graham Depo*) attached as Exhibit "B" to *AP Decl.* at p. 37:18-p.29:2 | Undisputed for the purposes of Defendants' summary judgment motion. |
| **Defendants' Reply to Undisputed Fact #3:  This fact remains undisputed.** | |
| 4.  Redding Police Corporal Garrett Maxwell and Officer Matthew Bruce, on duty, in full police uniform and marked patrol vehicles, responded to the incident reported at the subject location..<br><br>*Smyrnos Decl.,* at ¶ 14; *Incident Video,* Exhibit "C" to *AP Decl.*; *Maxwell Depo,* attached as Exhibit "A" to *AP Decl.* at p.24:20-24; *Deposition Transcript of Matthew Bruce* (*Bruce Depo*) attached as Exhibit "D" to *AP Decl.* at p.69:15-p.70:1. | Undisputed for the purposes of Defendants' summary judgment motion. |
| **Defendants' Reply to Undisputed Fact #4:  This fact remains undisputed.** | |
| 5.  Ofc. Bruce arrived on scene first and located the grey Toyota Camry parked facing south in front of MOD Pizza and determined it was occupied by a female, later identified as Dolores Hernandez.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.12:7-21, p.14:15-18. | Undisputed for the purposes of Defendants' summary judgment motion. |
| **Defendants' Reply to Undisputed Fact #5:  This fact remains undisputed.** | |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| **MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE AND EVIDENCE** |
|---|---|
| 6. Schuler pointed out Hernandez as the person involved in the disturbance.<br><br>*Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.27:3-17. | **Objection**. Vague as to who Schuler was communicating with when he pointed out Hernandez as the person involved in the disturbance.<br><br>**Disputed** to the extent that this suggests Schuler pointed out Hernandez to Bruce. Bruce did not speak with anyone at the scene before speaking with Hernandez.<br><br>Ex. 3, Bruce Dep. 14:12-14. |

**Defendants' Reply to Undisputed Fact #6:  There is no dispute as to a material fact - Hernandez was the individual involved in the disturbance.**

| | |
|---|---|
| 7. Corporal Maxwell arrived almost immediately after Bruce and spoke with Schuler regarding the incident while standing several feet from Ofc. Bruce and Hernandez's Toyota.<br><br>*Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.27:9-13, p.29:3-21, p.33:4-18; *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.14:15-22; p.18:23-p.19:2 | Undisputed for the purposes of Defendants' summary judgment motion. |

**Defendants' Reply to Undisputed Fact #7:  This fact remains undisputed.**

| | |
|---|---|
| 8. Once Cpl. Maxwell had finished speaking with Schuler, he walked closer to the Toyota and Ofc. Bruce, who had approached the driver side window of the Toyota in an attempt to speak with Hernandez once Cpl. Maxwell had arrived.<br><br>*Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.35:23-p.36:6. | **Objection**. Compound.<br><br>**Objection**. Vague as to "closer to the Toyota and Ofc. Bruce."<br><br>**Objection**. Vague and confusing as to time in regards to "in an attempt to speak with Hernandez once Cpl. Maxwell had arrived."<br><br>**Disputed** to the extent that this suggests Bruce only started to attempt to speak with Hernandez after Maxwell moved closer to the Toyota and Bruce. Bruce was speaking with Hernandez while Maxwell was speaking with the security guard.<br><br>Ex. C, Incident Video at 00:23-00:57 |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| **Defendants' Reply to Undisputed Fact #8:  Plaintiffs' objections lack merit. The facts are not disputed. The video speaks for itself.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).** ||
| 9.   Hernandez had her car running, stereo on at an extremely high volume, and initially ignored Ofc. Bruce's initial efforts to make contact with her, choosing instead to stare straight ahead.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.16:25-p.17:3-8; p.17:12-25 | **Objection**. The cited evidence does not support the allegation that Decedent intentionally ignored Bruce and chose to stare straight ahead.<br><br>Undisputed that when Bruce initially contacted Decedent, she was not looking at Bruce and was looking straightforward and had music playing loudly. |
| **Defendants' Reply to Undisputed Fact #9:   Plaintiffs' objection lacks merit since this fact did not speak to Hernandez's intention(s). Notwithstanding Plaintiff's objection, this fact remains undisputed.** ||
| 10. Eventually, after Bruce shined his flashlight in her car, Hernandez rolled her window down approximately two inches and became uncooperative and argumentative with Ofc. Bruce (telling him that he was a "murderer," and that she did not have to speak with him).<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.15:3-14; p.16:25-p.17:3-8. | Undisputed for the purposes of Defendants' summary judgment motion. |
| **Defendants' Reply to Undisputed Fact #10:  This fact remains undisputed.** ||
| 11. Ofc. Bruce continued to try to engage her in conversation, telling her they had never met, that he was not a murderer, and that he was just trying to figure out what was wrong.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.15:3-14. | Undisputed for the purposes of Defendants' summary judgment motion. |
| **Defendants' Reply to Undisputed Fact #11:  This fact remains undisputed.** ||

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| **MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE AND EVIDENCE** |
|---|---|
| 12. Ofc. Bruce asked Hernandez for her driver's license since her car was running; however, Hernandez refused to provide it and instead told Ofc. Bruce she was not driving and did not have to give him "shit." <br><br> *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.23:12-20. | **Objection**. The cited evidence does not support the alleged fact. The cited portion of Bruce's deposition does not state that Bruce asked for Decedent's driver's license because her car was running. <br><br> Undisputed that Bruce asked for Decedent's driver's license and Decedent told him she wasn't giving him "shit" and that she was not driving. |

**Defendants' Reply to Undisputed Fact #12:   Notwithstanding Plaintiff's objection, this fact remains undisputed.**

| | |
|---|---|
| 13. Hernandez then put her car in reverse and began to back out of the parking spot (the parking stall on either side of her vehicle was open and provided ample room to clear the officers and safely reverse into the parking lot lane of traffic had she intended to leave). <br><br> *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.19:21- p.20:3; p.23:25-24:9; *Incident Video*, Exhibit "C" to *AP Decl.*; *Declaration of Rajeev Kelkar, Ph.D.* ("*Kelkar Decl.*"), at ¶ 5(d). | **Objection**. Compound. <br><br> **Objection**. Vague and confusing as to the "the parking stall on either side of her vehicle as open and provided ample room to clear the officers." <br><br> **Disputed** that the officers positioning themselves near the vehicle was tactically sound. <br><br> The officers' failure to tactically position themselves in a position of cover and away from Decedent's vehicle when it began moving was a poor tactical choice. <br><br> Declaration of Scott DeFoe ("DeFoe Decl.") ¶ 7 |

**Defendants' Reply to Undisputed Fact #13:    Plaintiffs' objections lack merit. The video speaks for itself.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).**

**Defendants object to ¶7 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case. See "*DeFoe Dep.*, at p.39:3-p.46:15. Defendants' fact remains undisputed.**

**See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." | |

| | |
|---|---|
| 14. The officers began to walk away from her vehicle as they had no desire to detain her and intended on allowing Hernandez to leave since her departure could end the conflict; however, Hernandez stopped reversing and drove forward, turning her vehicle directly at both Bruce and Maxwell. | **Disputed**. |
| | 1. As the vehicle began to back out, Maxwell was moving into the parking lot to get a better vantage point of the parking area. |
| *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.21:23-p.22:9; p.22:22-p.23:5; 28:13-15; p.29:10-25; p.30:8-17; 58:17-25; *Incident Video*, Exhibit "C" to *AP Decl.*; *Deposition Transcript of Jennifer Hoberg* (*J. Hoberg Depo*) attached as Exhibit "E" to *AP Decl.* at p. 29:15-20; *Deposition Transcript of Ryan Hoberg* (*R. Hoberg Depo*) attached as Exhibit "F" to *AP Decl.* at p. 20:6-14. | Ex. 1, Maxwell Dep. 37:7-15, 14-25. |
| | 2. Maxwell intended to let Decedent leave the shopping plaza and then initiate a traffic stop on Decedent at a later location. |
| | Exhibit 2 ("Ex. 2") to Le Decl., Interview of Garret Maxwell ("Maxwell Int.") 9:386-391. |
| | 3. The vehicle came to a stop and then moved forward as the officers walked alongside the driver's side of the vehicle, before coming to another stop. |
| | Ex. 3, Bruce Dep. 30:5-7; Ex. C, Incident Video at 01:26-01:28. |
| | 4. The vehicle did not come close to striking any officer and neither officer was in the pathway of the vehicle when it moved forward. |
| | Ex. C, Incident Video at 01:26-01:28. |
| | 5. Neither Bruce nor Maxwell was struck by the vehicle. |
| | Ex. 1, Maxwell Dep. 39:17-21; Ex. 3, Bruce Dep. 30:1-4. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**Defendants' Reply to Undisputed Fact #14:   Plaintiffs' disputes lack merit as cited:**

**#1: The first dispute is unsupported by the cited testimony (Ex. 1, Maxwell Dep. 37:7-15, 14-25) that is a partial citation that starts mid-answer and mid-sentence. It mischaracterizes the evidence. Maxwell did not state he moved into the parking lot to get a better vantage point (he did so to observe Hernandez leave).**

**#2: Her second dispute misstates/mischaracterizes the cited testimony (Ex. 2). Maxwell stated that he "may have followed her…" "May have" is not "intended to." It also has nothing to do with and does not contradict Defendants' fact.**

**#3: The video speaks for itself.**

**#4: The fourth dispute mischaracterizes the evidence. The video speaks for itself. Also, refer to UMF No. 15, which remains undisputed.**

**#5: There is no dispute of material fact.**

| | |
|---|---|
| 15. Hernandez's vehicle came closer to Bruce, who was in fear for his safety (being run over) and stepped out of the way as the vehicle came within inches of his legs.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.30:5-25; p.32:17-p.33:2; *Incident Video*, Exhibit "C" to *AP Decl.* | **Disputed**.<br><br>1.  The officers' failure to tactically position themselves in a position of cover and away from Decedent's vehicle when it began moving was a poor tactical choice.<br><br>DeFoe Decl. ¶ 7.<br><br>2.  The vehicle came to a stop and then moved forward as the officers walked alongside the driver's side of the vehicle, before coming to another stop.<br><br>Ex. 3, Bruce Dep. 30:5-7; Ex. C, Incident Video at 01:26-01:28.<br><br>3.  The vehicle did not come close to striking any officer and neither officer was in the pathway of the vehicle when it moved forward.<br><br>Ex. C, Incident Video at 01:26-01:28. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | 4.  Neither Bruce nor Maxwell was struck by the vehicle.<br><br>Ex. 1, Maxwell Dep. 39:17-21; Ex. 3, Bruce Dep. 30:1-4. |

**Defendants' Reply to Undisputed Fact #15:  Plaintiffs' disputes lack merit. The video speaks for itself.**

**#1:  Defendants object to ¶7 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case.  See "*DeFoe Dep.*, at p.39:3-p.46:15. Defendants' fact remains undisputed.**

**#2: The video speaks for itself.**

**#3: This dispute mischaracterizes the evidence. The video speaks for itself. Also, refer to UMF No. 15, which remains undisputed.  The video speaks for itself. It is undisputed that Bruce's state of mind was he in fear for his safety.**

**#4: There is no dispute of material fact.**

**See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."**

| | |
|---|---|
| 16. Hernandez stopped for a few seconds as she screamed "fuck you" and extended both of her middle fingers.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.31:3-17; *Incident Video*, Exhibit "C" to *AP Decl.* | Undisputed for the purposes of Defendants' summary judgment motion. |

**Defendants' Reply to Undisputed Fact #16:  This fact remains undisputed.**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| **MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE AND EVIDENCE** |
|---|---|
| 17. Intending to stop the car from moving out of concern for her unsafe driving and for the numerous pedestrians in the area, Ofc. Bruce pulled out his baton and attempted to break the driver's side window to grab Hernandez's keys, disable the vehicle and attempt to place her under arrest.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.31:3-17; p.32:15-p. 33:12; p.33:3-12; 34:20-35:2; *Incident Video*, Exhibit "C" to *AP Decl.*; *Smyrnos Decl.,* at ¶ 19. | **Objection**. Fed. R. Evid. 802—hearsay. The cited portion of Smyrnos's Declaration is hearsay to which there is not exception.<br><br>**Objection**. The cited evidence to Bruce's Deposition and Incident Video does not support the allegation that Bruce intended to stop the car from moving out of concern for Decedent's unsafe driving and for the numerous pedestrians in the area.<br><br>**Objection**. There are no objective facts to justify Bruce's alleged concern of Decedent's unsafe driving and that she posed a danger to the pedestrians in the area. "[A] simple statement by an officer that he fears for his safety or the safety of others is not enough; there must be objective factors to justify such a concern." *Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001).<br><br>**Disputed**.<br><br>1. A reasonable officer acting pursuant to standard police practices and training would not have believed there was reasonable suspicion to detain or probable cause to arrest Ms. Hernandez at the time Officer Bruce approached the vehicle and began to strike the driver's side window with his baton.<br><br>DeFoe Decl. ¶ 6.<br><br>2. The vehicle did not come close to striking any officer and neither officer was in the pathway of the vehicle when it moved forward.<br><br>Ex. C, Incident Video at 01:26-01:28. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | 3. Neither Bruce nor Maxwell was struck by the vehicle. |
| | Ex. 1, Maxwell Dep. 39:17-21; Ex. 3, Bruce Dep. 30:1-4. |
| | 4. Bruce's plan was to bash open the driver's side window and pull Decedent out of the vehicle. |
| | Ex. 3, Bruce Dep. 32:15-33:2; Exhibit 4 ("Ex. 4") to Le Decl., Interview of Matthew Bruce 18:792-795. |
| | 5. Bruce has never been able to successfully break window while the driver was in the car and the engine was on. |
| | Ex. 3, Bruce Dep. 35:12-23. |
| | 6. Bruce has never seen an officer successfully smash a window open and stop someone from driving while the vehicle is on, in gear, and the driver is in the vehicle. |
| | Ex. 3, Bruce Dep. 57:14-58:4. |
| | 7. Bruce's use of the baton to strike the driver's side window violated standard police practices and training and unnecessarily escalated the situation. |
| | DeFoe Decl. ¶ 9. |
| | 8. A reasonable officer acting consistent with standard police practices would have acted according to their training regarding how to deal will mentally ill persons or persons experiencing a mental crisis and would have attempted to |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
|  | deescalate and utilize proper defusing techniques.<br><br>DeFoe Decl. ¶ 8. |

**Defendants' Reply to Undisputed Fact #17:**
**Plaintiffs' objections lack merit and raise immaterial facts.**

**Objection #1:** Plaintiffs' first objection should be overruled – The Smyrnos Decl. is not hearsay. While all declarations are technically out-of-court statements, declarations offered in support of summary judgment are not hearsay if the testimony could be presented in an admissible form at trial. *Persian Gulf Inc. v. BP West Coast Products LLC*, 632 F.Supp.3d 1108, 1129 (S.D. Cal. 2022) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036-1037 (9th Cir. 2003)).

**Objection #2:** This objection raises immaterial facts. The video speaks for itself. Pedestrians are seen in the area.

**Objection #3:** This objection improper. It is an argument.

**Disputes:**

**#1/#2:** Defendants object to ¶6 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case. See "DeFoe Dep., at p.39:3-p.46:15, p.47:15-p.49:12; p.28:20-p.29:11.. Defendants' fact remains undisputed. The video and testimony speak for itself.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994)).

**Dispute #3: Undisputed**

**Dispute #4: Undisputed.**

**Dispute #5: Undisputed.**

**Dispute #6: Undisputed.**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| **Dispute #7:** Defendants object to ¶9 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. <br><br> See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." <br><br> **Dispute #8:** There is no evidence that the officers were aware that Hernandez was mentally ill. Defendants' fact remains undisputed. The video and testimony speak for itself. <br><br> See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." | |
| 18. The window did not break as a result of the baton strikes. <br><br> *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.33:3-12; 34:20-35:2. | Undisputed for the purposes of Defendants' summary judgment motion. |
| **Defendants' Reply to Undisputed Fact #18: This fact remains undisputed.** | |
| 19. Bruce did not inform Hernandez that she was under arrest prior to doing so because of how quickly the incident unfolded and because her music was turned up, leading him to believe she would not hear him. <br><br> *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.32:15-33:2; p.36:6-8; *Smyrnos Decl.,* at ¶ 19. | **Objection**. The cited evidence to Bruce's deposition does not support the alleged fact. <br><br> **Objection**. Fed. R. Evid. 802—hearsay. The cited evidence to the Declaration of Captain Chris Smyrnos is hearsay to which no exception exists. <br><br> **Disputed**. <br><br> 1. Officers are trained to give a warning, when feasible, prior to using force in order to give the |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
|  | suspect the opportunity to comply and avoid the use of force. |
|  | DeFoe Decl. ¶ 14; Ex. 1, Maxwell Dep. 76:8-10. |
|  | 2. It was feasible for Bruce to give Decedent commands or warning prior to using his baton to strike the driver's side window but Bruce failed to do so. A reasonable officer acting pursuant to standard police practices and training would have given a warning prior to striking the driver's side window with the baton. |
|  | DeFoe Decl. ¶ 14. |
|  | 3. Bruce never attempted to communicate with Decedent prior to the use of his baton via gestures, commands, or a warning. |
|  | Ex. 3, Bruce Dep. 36:2-8; 53:14-16. |
|  | 4. Bruce made the decision to not try to communicate with Decedent prior to the use of his baton. |
|  | Ex. 3, Bruce Dep. 64:15-20. |
|  | 5. Bruce claims that the reason why he did not try to give Decedent a command or gesture to let her know he wanted her to stop prior to approaching to stop her window was because he was purely focused on the task at hand. |
|  | Ex. 3, Bruce Dep. 59:14-18. |
|  | 6. No one was in the pathway of the vehicle or at risk of being struck by the vehicle at the time Bruce approached the vehicle and started |

13

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | striking the driver's side window with his baton. |
| | Ex. C, Incident Video at 01:29-01:31. |
| | 7. The vehicle briefly stopped before starting to slowly move in reverse at the time Bruce approached the vehicle and started striking the driver's side window with his baton. |
| | Ex. C, Incident Video at 01:28-01:31. |

**Defendants' Reply to Undisputed Fact #19:**    **Plaintiffs' objections lack merit.**

**Objection #1:** Plaintiffs' first objection should be overruled – Plaintiffs ignore the portion of the *Smyrnos Decl.* cited to by Defendants, which supports Defendants' fact.

**Plaintiffs' first objection should be overruled – The Smyrnos Decl. is not hearsay.  While all declarations are technically out-of-court statements, declarations offered in support of summary judgment are not hearsay if the testimony could be presented in an admissible form at trial.** *Persian Gulf Inc. v. BP West Coast Products LLC*, 632 F.Supp.3d 1108, 1129 (S.D. Cal. 2022) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036-1037 (9th Cir. 2003)).

**Objection #2:    Plaintiffs' first objection should be overruled – Plaintiffs ignore the portion of the Smyrnos Decl. cited to by Defendants, which supports Defendants' fact.**

**Plaintiffs' first objection should be overruled – The Smyrnos Decl. is not hearsay.  While all declarations are technically out-of-court statements, declarations offered in support of summary judgment are not hearsay if the testimony could be presented in an admissible form at trial. Persian Gulf Inc. v. BP West Coast Products LLC, 632 F.Supp.3d 1108, 1129 (S.D. Cal. 2022) (citing Fraser v. Goodale, 342 F.3d 1032, 1036-1037 (9th Cir. 2003)).**

**Disputes:**

**#1: Undisputed.**

**#2:  Defendants object to ¶14 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case.  See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. Defendants' fact remains undisputed.  The video and testimony speak for itself.**

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#3/4**: Undisputed

**#5**: The fifth dispute does not contradict the testimony of Ofc. Bruce and is incomplete. See *Bruce Deposition*, p. 59:14-60:15) *Make sure we include this entire citation

**#6/7**: The video speaks for itself.

There is no dispute of material fact.

| 20. At that point, Hernandez then started to reverse her vehicle (while turning the steering wheel clockwise) with its wheels turned towards Bruce and made contact with Ofc. Bruce's foot, dragging it and his left leg under the vehicle's front, driver's side tire and pulling him to the ground.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.40:25-p.41:12; *Kelkar Decl.*, at ¶ 5(j); *Smyrnos Decl.*, at ¶ 21. | **Disputed**.<br><br>Bruce found himself on the ground and initially did not know what had brought him off his feet.<br><br>Ex. 3, Bruce Dep. 39:21-40:5.<br><br>After Bruce's third baton strike, the car reversed further, and Bruce fell to the ground near the front left tire.<br><br>Ex. C, Incident Video at 01:32-01:34. |

**Defendants' Reply to Undisputed Fact #20:** There is no dispute of material fact.

| 21. The vehicle rolled onto Ofc. Bruce's leg near his left knee and then stopped, pinning him underneath the vehicle and preventing either of his legs from moving.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.41:8-20; *Incident Video*, Exhibit "C" to *AP Decl.*; *Smyrnos Decl.*, at ¶ 21 | **Objection**. Fed. R. Evid. 802—hearsay. The cited evidence to the Declaration of Captain Chris Smyrnos is hearsay to which no exception exists.<br><br>**Disputed**.<br><br>1. After Bruce fell to the ground, the vehicle's front left tire did not stop on top of Bruce and Bruce was not pinned underneath the vehicle.<br><br>Exhibit 6 ("Ex. 6") to Le Decl., Deposition of Aiden Phillips |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | ("Phillips Dep.") 26:25-27:13; Exhibit 7 ("Ex. 7") to Le Decl., Deposition of Richard Bell ("Bell Dep.") 23:10-25; Ex. C, Incident Video at 01:32-10:39.<br><br>2. After falling to the ground, Bruce was positioned on all fours, with his arms and legs apart.<br><br>Ex. C, Incident Video at 01:34-01:38. |

**Defendants' Reply to Undisputed Fact #21:  Plaintiff's objection should be overruled**

**Objection:**   Plaintiffs' first objection should be overruled – The Smyrnos Decl. is not hearsay.  While all declarations are technically out-of-court statements, declarations offered in support of summary judgment are not hearsay if the testimony could be presented in an admissible form at trial. *Persian Gulf Inc. v. BP West Coast Products LLC*, 632 F.Supp.3d 1108, 1129 (S.D. Cal. 2022) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036-1037 (9th Cir. 2003)).

**Disputes:**

**Dispute #1:** This dispute is a mischaracterization of the evidence. Ofc. Bruce testified that the vehicle's wheel stopped on top of his leg. Mr. Phillips' testimony (27:6-13) is that he did not "remember." The cited portion of Mr. Bell's deposition does not state that Bruce was not pinned under the vehicle (See *Bell Deposition*, 23:19-20).

**The video speaks for itself.**

**Dispute #2:** The second dispute does not contradict the fact that Bruce was pinned under the car (the positioning of his arms and legs "apart" is a trivial quibble with evidence).

| | |
|---|---|
| 22. Ofc. Bruce felt his left leg being "crushed" and experienced "immense pain" shooting up his leg while Hernandez's vehicle was stopped on top of him, leading him to believe that Hernandez was going to kill him.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.46:11-16; p.47:11-23. | **Disputed**.<br><br>1. After Bruce fell to the ground, the vehicle's front left tire did not stop on top of Bruce and Bruce was not pinned underneath the vehicle.<br><br>Ex. 6, Phillips Dep. 26:25-27:13; Ex. 7, Bell Dep. 23:10-25; Ex. C, Incident Video at 01:32-10:39. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | 2.  After falling to the ground, Bruce was positioned on all fours, with his arms and legs apart.<br><br>Ex. C, Incident Video at 01:34-01:38.<br><br>3.  Bruce did not sustain any broken bones or any injury that required surgical intervention as a result of the incident.<br><br>Ex. 3, Bruce Dep. 50:4-6, 50:13-24.<br><br>4.  Bruce only sustained abrasions and contusions to his left knee, right knee, and abrasions to his hands<br><br>Exhibit 5 ("Ex. 5") to Le Decl., Photographs taken of Matthew Bruce's injuries at the hospital after the incident ("Bruce Injury Photos").<br><br>5.  This was not an immediate defense of life situation and under the facts of this case, Maxwell could not shoot Decedent after Bruce was not under the vehicle or in a position where he or Maxwell could be struck by the vehicle.<br><br>DeFoe Decl. ¶ 10. |

**Defendants' Reply to Undisputed Fact #22:  There is no dispute of material fact.**

**#1:**   This dispute is a mischaracterization of the evidence. Ofc. Bruce testified that the vehicle's wheel stopped on top of his leg. Mr. Phillips' testimony (p.27:6-13) is that he did not "remember." The cited portion of Mr. Bell's deposition does not state that Bruce was not pinned under the vehicle (See Bell Deposition, p.23:19-20).

**The video speaks for itself.**

**#2-4:** The second, third and fourth disputes do not contradict or relate to Defendant's fact (which does not speak to injuries or Bruce's positioning/orientation). Nor are Bruce's injuries (discovered after the fact), relevant to the totality of the circumstances to evaluate the type of use of force under *Graham v. Connor*, 490 U.S. 386, 396 (1989). Defendants' fact

17

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

speaks to Bruce's state of mind to use of force under the 4th amendment analysis under *Graham, supra.*

**#5:** Defendants object to ¶10 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case.  See "DeFoe Dep., at 39:3-5; 64:23-65:11; 87:3-23. Defendants' fact remains undisputed.  The video speak for itself.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

| 23. In fear for his life, Ofc. Bruce noticed Cpl. Maxwell running towards his location on the ground and yelled "shoot her"[;]  however, Cpl. Maxwell had drawn his firearm once he saw the vehicle on top of Ofc. Bruce. *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.45:21-46:10; p.47:11-23; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.64:13-19. | **Disputed.** <br><br> 1. After Bruce fell to the ground, the vehicle's front left tire did not stop on top of Bruce and Bruce was not pinned underneath the vehicle. <br><br> Ex. 6, Phillips Dep. 26:25-27:13; Ex. 7, Bell Dep. 23:10-25; Ex. C, Incident Video at 01:32-10:39. <br><br> 2. After falling to the ground, Bruce was positioned on all fours, with his arms and legs apart. <br><br> Ex. C, Incident Video at 01:34-01:38. <br><br> 3. Bruce did not sustain any broken bones or any injury that required surgical intervention as a result of the incident. <br><br> Ex. 3, Bruce Dep. 50:4-6, 50:13-24. <br><br> 4. Bruce only sustained abrasions and contusions to his left knee, right knee, and abrasions to his hands |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | Ex. 5, Bruce Injury Photos. |
| | 5. This was not an immediate defense of life situation and under the facts of this case, Maxwell could not shoot Decedent after Bruce was not under the vehicle or in a position where he or Maxwell could be struck by the vehicle. |
| | DeFoe Decl. ¶ 10. |
| | 6. Bruce believed that he was directing Maxwell to shoot the Decedent. |
| | Ex. 3, Bruce Dep. 46:17-19. |
| | 7. The vehicle was not moving when the shooting started. |
| | Ex. C, Incident Video at 01:38-01:42. |

**Defendants' Reply to Undisputed Fact #23:  There is no dispute of material fact.**

**Plaintiffs' disputes lacks merit.**

**#1:   This dispute is a mischaracterization of the evidence. Ofc. Bruce testified that the vehicle's wheel stopped on top of his leg. Mr. Phillips' testimony (p.27:6-13) is that he did not "remember." The cited portion of Mr. Bell's deposition does not state that Bruce was not pinned under the vehicle (See Bell Deposition, p.23:19-20).**

**The video speaks for itself.**

**#2-4:  The second, third and fourth disputes do not contradict or relate to Defendants' fact (which does not speak to injuries or Bruce's positioning/orientation). Nor are Bruce's injuries (discovered after the fact), relevant to the totality of the circumstances to evaluate the type of use of force under *Graham v. Connor*, 490 U.S. 386, 396 (1989). Defendants' fact speaks to Bruce's state of mind to use of force under the 4th amendment analysis under *Graham, supra*.**

**#5:  Defendants object to ¶10 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case.  See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23.**

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| Defendants' fact remains undisputed.  The video speak for itself. Plaintiff is supplanting argument.<br><br>See also ***Foster v. City of Fresno***, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" ***Billington***, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."<br><br>**#6-7:** The sixth and seventh disputes do not contradict Defendants' fact as the fact does not speak to vehicle movement or positioning; the dispute also directly contradicts the video, which speaks for itself (See *Incident Video*, at 1:38 playback time) | |
| 24. Cpl. Maxwell shot into Hernandez's vehicle a total of seven times based on his own independent, reasonable and honest belief that Hernandez posed an imminent and deadly threat to Ofc. Bruce.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.47:11-23; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.60:6-p.61:1; p.62:20-22 p.64:20-23; *Smyrnos Decl.,* at ¶ 21 | **Objection**. Argumentative.<br><br>**Objection**. Fed. R. Evid. 802. The evidence from the Smyrnos Declaration is based on hearsay.<br><br>**Objection**. Fed. R. Evid. 401, 402, 403. Evidence of the Redding Police Department's findings that Maxwell's use of deadly force was reasonable and justified are irrelevant and unduly prejudicial. *See Tulloss v. Near N. Montessori School, Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence of findings in an internal investigation because it "was tantamount to saying this has already been decided and here is the decision.").<br><br>**Objection**. Fed. R. Evid. 702. Smyrnos's findings are inappropriate and inadmissible opinions as to his legal conclusion on an ultimate issue of the law. *See Hangarter v. Provident Life Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); *Miller v. Clark Cnty.*, 340 F.3d 959, 963 n.7 (9th Cir. 2003).<br><br>**Disputed**.<br><br>1.  After Bruce fell to the ground, the vehicle's front left tire did not stop |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

20

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | on top of Bruce and Bruce was not pinned underneath the vehicle. |
| | Ex. 6, Phillips Dep. 26:25-27:13; Ex. 7, Bell Dep. 23:10-25; Ex. C, Incident Video at 01:32-10:39. |
| | 2. After falling to the ground, Bruce was positioned on all fours, with his arms and legs apart. |
| | Ex. C, Incident Video at 01:34-01:38. |
| | 3. Bruce did not sustain any broken bones or any injury that required surgical intervention as a result of the incident. |
| | Ex. 3, Bruce Dep. 50:4-6, 50:13-24. |
| | 4. Bruce only sustained abrasions and contusions to his left knee, right knee, and abrasions to his hands |
| | Ex. 5, Bruce Injury Photos. |
| | 5. This was not an immediate defense of life situation and under the facts of this case, Maxwell could not shoot Decedent after Bruce was not under the vehicle or in a position where he or Maxwell could be struck by the vehicle. |
| | DeFoe Decl. ¶ 10. |
| | 6. A reasonable officer acting consistent with police practices and training, confronted with the facts of this incident, would not have used lethal force in this situation. |
| | DeFoe Decl. ¶ 10. |
| | 7. The vehicle was not moving when the shooting started. |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | Ex. C, Incident Video at 01:38-01:42. |
| | 8. Maxwell had the impression that his shots were striking Decedent in the car because he could see the initial impact as he began shooting and could see that his continued shots appeared to be striking her. |
| | Ex. 1, Maxwell Dep. 65:14-23. |
| | 9. After the first or second shot, Decedent's head fell forward and landed on the steering wheel. |
| | Exhibit 8 ("Ex. 8") to Le Decl., Deposition of Jennifer Hoberg ("Hoberg Dep.") 47:9-15, 61:5-17. |
| | 10. After the first two shots, Decedent's head and upper body moved away from the driver's side and down towards passenger seat area. |
| | Ex. C, Incident Video at 01:39-01:40. |
| | 11. After the first two shots, the car slowly moved forward in a straight line and Bruce moved away from near the front left tire. |
| | Ex. C, Incident Video at 01:40-01:42. |
| | 12. Bruce was not in the direct pathway of the vehicle when it started to move forward. |
| | Ex. 7, Bell Dep. 42:16-23, 44:11-45:5. |
| | 13. The car never attempted to make a turn when it moved forward; it generally moved in a straight direction the entire time. |
| | Ex. 7, Bell Dep. 49:3-15; Ex. C, Incident Video at 01:39-01:43. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| **MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE AND EVIDENCE** |
|---|---|
| | 14. When the car rolled forward, it was moving at approximately 2 miles per hour. |
| | Ex. 7, Bell Dep. 43:2-44:1; Ex. C, Incident Video at 01:39-01:43. |
| | 15. Bruce claims he heard two back-to-back shots and then felt the vehicle move off his leg. |
| | Ex. 3, Bruce Dep. 67:1-6; Ex. 4, Bruce Int. 23:1010-1021. |
| | 16. One of the gunshot wounds entered Decedent's left mid-back and had a back to front, left to right, and sharply upward trajectory. |
| | Exhibit 9 ("Ex. 9") to Le Decl., Shasta County Sheriff Autopsy of Dolores Hernandez ("Autopsy") at 2. |
| | 17. Another gunshot wound entered the lateral left torso and had a left to right, slightly front to back, and sharply upward trajectory. |
| | Ex. 9, Autopsy at 2. |
| | 18. Officers are trained that shooting at a moving vehicle is rarely effective and the officers should move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. |
| | DeFoe Decl. ¶ 11; Ex. 1, Maxwell Dep. 70:14-71:1, 71:5-23, 72:12-18. |
| | 19. Officers are taught that if a driver is wounded or killed while operating a motor vehicle, it could cause the driver to lose control of the vehicle, making it more dangerous for those around the vehicle. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

23

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
| --- | --- |
| | DeFoe Decl. ¶ 11.<br><br>20. Officers are trained that lethal force must be a last resort and used only in the direst of circumstances. Officers are further trained that they must show a reverence for human life and to consider other reasonable measures available prior to using lethal force. |
| | DeFoe Decl. ¶ 12.<br><br>21. Maxwell had other reasonable measures available to him at the time he used lethal force, including but not limited to issuing commands and warnings and moving to a position of cover. |
| | DeFoe Decl. ¶ 12.<br><br>22. Officers are trained that they are responsible for justifying every shot. Officers are also trained that subjective fear is insufficient to justify the use of lethal force and that an overreaction in using force is excessive force. |
| | DeFoe Decl. ¶ 13; Ex. 1, Maxwell Dep. 76:11-13.<br><br>23. The number of shots by Maxwell violated standard police practices and training as it was clear to Maxwell that his initial shots struck Decedent, Decedent was incapacitated by the initial shots, and Bruce was able to move away from the vehicle after the initial two shots. |
| | DeFoe Decl. ¶ 13.<br><br>24. Officers are trained to give a warning, when feasible, prior to |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | using force in order to give the suspect the opportunity to comply and avoid the use of force. |
| | DeFoe Decl. ¶ 14; Ex. 1, Maxwell Dep. 76:8-10. |
| | 25. It was feasible for Maxwell to provide commands and a warning prior to his use of lethal force but failed to do so. |
| | DeFoe Decl. ¶ 14. |
| | 26. There was a gap of time from when Maxwell drew his firearm to when he engaged his firearm during which Maxwell assessed the situation. |
| | Ex. 2, Maxwell Int. 13:598-600. |
| | 27. According to Maxwell, approximately three to five seconds passed between the time Maxwell got to the car window and when he began shooting. |
| | Ex. 2, Maxwell Int. 14:612-618. |
| | 28. A reasonable officer acting pursuant to standard police practices and training would have given a warning prior to striking the driver's side window with a baton and prior using deadly force under the circumstances of this incident. |
| | DeFoe Decl. ¶ 14. |
| | 29. The Redding Police Department Policy 300.4.1 advises officers that an officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | avert the imminent threat of the vehicle or if deadly force other than the vehicle is directed at the officer or others.<br><br>Ex. 1, Maxwell Dep. 80:24-81:6.<br><br>30. Maxwell never saw Decedent in the car with a gun or pointing a gun at Maxwell.<br><br>Ex. 1, Maxwell Dep. 81:7-10. |

**Defendants' Reply to Undisputed Fact #24:**

**Objection #1:** Plaintiffs' first objection lacks merit. The fact is Maxwell's testimony as to his state of mind prior to the shooting.

**Objection #2:**  Plaintiffs' second objection should be overruled – The *Smyrnos Decl.* is not hearsay.  While all declarations are technically out-of-court statements, declarations offered in support of summary judgment are not hearsay if the testimony could be presented in an admissible form at trial. *Persian Gulf Inc. v. BP West Coast Products LLC*, 632 F.Supp.3d 1108, 1129 (S.D. Cal. 2022) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036-1037 (9th Cir. 2003)). The case cited to by Plaintiffs (*Tulloss v. Near N. Montessori School, Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) is out of Circuit and out of context (pertained to employment-related claims).

**Objection #3:** The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the *Smyrnos Decl.* are immensely relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at *2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…)

**Objection #4:** The information cited to from the *Smyrnos Decl.* is relevant (FRE 401) and admissible (FRE 402).  See *Low v. Stanton*, No. CIV S-05-2211 MCE DAD P, 2009 WL 737053 at *4-5 (E.D. Cal. March 19, 2009).

The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the *Smyrnos Decl.* are relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at *2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…).**

**Plaintiffs provide no information as to how *Hangarter v. Provident Life Acc. Ins. Co*., 373 F.3d 998, 1016 (9th Cir. 2004) or *Miller v. Clark Cnty*., 340 F.3d 959, 963 n.7 (9th Cir. 2003) support their objection. *Hangarter* was not a police case (it was an insurance claim case) and the portion cited by Plaintiffs merely showed that the Court refused to accept the defendants assertion that the district court abused its discretion in admitting the testimony of Caliri because he lacked sufficient qualifications to testify about claims adjustment standards in the context of an insurance bad faith claim. The footnote Plaintiffs cite from *Miller* does not support their objection as it merely shows the Court was not bound by a witness's opinions about the law (this does not preclude this Court from considering and admitting the objective facts contained in ¶ 21 if the *Smyrnos Decl.*).**

**Plaintiffs' disputes lack merit.**

**Disputes:**

**#1:  This dispute is a mischaracterization of the evidence. Ofc. Bruce testified that the vehicle's wheel stopped on top of his leg. Mr. Phillips' testimony (p.27:6-13) is that he did not "remember." The cited portion of Mr. Bell's deposition does not state that Bruce was not pinned under the vehicle (See Bell Deposition, p.23:19-20).**

**The video speaks for itself.**

**#2-4:   The second, third and fourth disputes do not contradict or relate to Defendants' fact (which does not speak to injuries or Bruce's positioning/orientation). Nor are Bruce's injuries (discovered after the fact), relevant to the totality of the circumstances to evaluate the type of use of force under *Graham v. Connor*, 490 U.S. 386, 396 (1989). Defendants' fact speaks to Bruce's state of mind to use of force under the 4th amendment analysis under *Graham, supra*.**

**#5:   Defendants object to ¶10 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case.  See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. Defendants' fact remains undisputed.  The video speak for itself. Maxwell's testimony is to his state of mind under the totality of the circumstances under *Graham***

**See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

27

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**#6:**   Defendants object to ¶10 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case.  See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. Defendants' fact remains undisputed.  The video speak for itself. Maxwell's testimony is to his state of mind under the totality of the circumstances under *Graham*.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#7:**  Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.

**#8:** Irrelevant. Defendant's fact does not speak to Maxwell's impression of the shots he fired.

**#9:**   Irrelevant. Defendant's fact does not speak to Hernandez's body movement as Maxwell's shots were fired.

**#10:**   Irrelevant. Defendant's fact does not speak to Hernandez's body movement as Maxwell's shots were fired

**#11:**   Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.

**#12:**  This dispute is vague as to time and lacks foundation. The dispute also directly contradicts the video, which speaks for itself (See *Incident Video*, depicting Bruce was not able to move away from the car until at least the fifth shot was fired by Maxwell). Moreover, Plaintiffs did not retain an accident reconstruction expert. Defendants' expert report provided unambiguous evidence showing that the vehicle came off Bruce's leg right after the fifth shot was fired – see Lines 37 and 38 of "Video Log" attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl. Officer Maxwell's state of mind is based on the totality of the circumstances under a tense and rapidly evolving situation, based on his training under *Graham*, *supra.*

**#13:**   Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.

**#14:**   Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

28

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
| --- | --- |

**#15**:  Irrelevant. Defendant's fact does not speak to Bruce's state of mind when Maxwell fired his shots.

**#16**:   Immaterial. Irrelevant.  Defendant's fact does not speak to Hernandez's injuries.

**#17**:  Immaterial. Irrelevant.  Defendant's fact does not speak to Hernandez's injuries.

**#18**: Irrelevant.  Defendant's fact does not speak to officers' training, it speaks to Maxwell's state of mind.

The dispute lacks foundation. ¶11 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents).

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#19**:  Irrelevant.  Defendant's fact does not speak to officers' training, it speaks to Maxwell's state of mind.

The dispute lacks foundation. ¶11 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents).

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

The standard is totality of the circumstances/ objective reasonableness under *Graham*, *supra*, and its progeny. This dispute in no way contradicts Defendants' fact.

**#20**: The dispute lacks foundation. ¶12 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents. Otherwise undisputed).

**#21**:  Irrelevant.  Defendant's fact does not speak to officers' commands or warnings.

**#22**: Undisputed.

**#23**:  Lacks foundation.

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

Defendants object to ¶13 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case. See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. DeFoe could not point to any conceded that he did not perform forensic video analysis. See "DeFoe Dep., at p.39:3-5, p.93:2-p.97:20. DeFoe also conceded that he was not offering medical opinions (i.e. to Hernandez being "incapacitated.") See "DeFoe Dep., at p.10:22-p.11:11.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#24**:  Irrelevant.  Defendant's fact does not speak to officers' training, it speaks to Maxwell's state of mind.

The dispute lacks foundation. ¶14 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents).

**#25**: Speculative. Lacks foundation.  Irrelevant.  Defendant's fact does not speak to officers' warnings or commands, it speaks to Maxwell's state of mind under the totality of the circumstances under *Graham*, *supra*. See *Maxwell Dep.*, p.17:1-3, p.63:12-15.

This dispute lacks foundation and is unsupported by DeFoe's declaration. DeFoe conceded he is not an accident reconstruction expert. See *DeFoe Dep.*, at p.39:3-5; p.64:23-p.65:11; p.87:3-23.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#26**: Vague as to "gap of time" and "engaged."  Irrelevant to Defendant's fact, which speaks to Maxwell's state of mind.

**#27**: Vague as to time. This dispute in no way contradicts Defendants' fact.

Although this dispute speaks to Maxwell's recollection of the time between the point he got to the driver's window and the time he fired his first shot, the actual time that elapsed between the time Maxwell got to the driver's window and the time he fired his first shot is unambiguous. The video, which speaks for itself, shows a shorter time period (as does Kelkar's report).  Per the report, approximately 1.567 seconds elapsed from time Maxwell

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

unholsters [at the driver's window] and his first shot (see Lines 27 and 32 of "Video Log" [p. 51 – Dkt. No. 30] attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl.)

**#28**: Argumentative. Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial. This dispute in no way contradicts Defendants' fact.

Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.

Also, this dispute is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. See "*DeFoe Dep*., at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18, p.64:23-p.65:11; p.87:3-23. The dispute also directly contradicts the video evidence, which speaks for itself.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, supra 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#29**: This dispute in no way contradicts Defendants' fact as it merely states a portion of RPD policy that did not prevent Maxwell's actions (described in Defendants' fact) or make it objectively unreasonable under *Graham*.

**#30**: Irrelevant. This dispute in no way contradicts Defendants' fact, which has to do with the shots being fired and the objective reasoning as to why (not Hernandez presenting a gun, which has never been contended by Defendants).

| | |
|---|---|
| 25. Ofc. Bruce correctly believed that he would have been run over again if Cpl. Maxwell had not fired his shots to eliminate the threat Hernandez posed, as Hernandez's vehicle would have run over Ofc. Bruce's head and body had it been driven forward with counterclockwise steering (posing a potential | **Objection**. Argumentative.<br><br>**Objection**. There are no objective facts to justify Bruce's alleged belief that Bruce's body and head would have been run over if the car had driven forward with counterclockwise steering. "[A] simple |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| **MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE AND EVIDENCE** |
|---|---|
| for serious and potentially fatal injury to Ofc. Bruce).<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.67:12-21; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.60:6-61:1; 67:15-21; *Kelkar Decl.,* at ¶ 5(m). | statement by an officer that he fears for his safety or the safety of others is not enough; there must be objective factors to justify such a concern." *Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001).<br><br>**Disputed**.<br><br>1. Bruce found himself on the ground and initially did not know what had brought him off his feet.<br><br>Ex. 3, Bruce Dep. 39:21-40:5.<br><br>2. After falling to the ground, Bruce was positioned on all fours, with his arms and legs apart.<br><br>Ex. C, Incident Video at 01:34-01:38.<br><br>Ex. 6, Phillips Dep. 26:25-27:13; Ex. 7, Bell Dep. 23:10-25; Ex. C, Incident Video at 01:32-10:39.<br><br>Ex. 3, Bruce Dep. 45:21-23.<br><br>3. The vehicle was not moving when the shooting started.<br><br>Ex. C, Incident Video at 01:38-01:42.<br><br>4. After the first two shots, the car slowly moved forward in a straight line and Bruce moved away from near the front left tire.<br><br>Ex. C, Incident Video at 01:40-01:42.<br><br>5. Bruce was not in the direct pathway of the vehicle when it started to move forward.<br><br>Ex. 7, Bell Dep. 42:16-23, 44:11-45:5.<br><br>6. The car never attempted to make a turn when it moved forward; it |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | generally moved in a straight direction the entire time. |
| | Ex. 7, Bell Dep. 49:3-15; Ex. C, Incident Video at 01:39-01:43. |
| | 7.  When the car rolled forward, it was moving at approximately 2 miles per hour. |
| | Ex. 7, Bell Dep. 43:2-44:1; Ex. C, Incident Video at 01:39-01:43. |

**Defendants' Reply to Undisputed Fact #25:**

**Objection #1:** The video speaks for itself.  Ofc. Bruce believed he would be run over a second time based on the totality of the circumstances, after being run over the first time.

**Objection #2:**    The video speaks for itself.  Ofc. Bruce believed he would be run over a second time based on the totality of the circumstances, after being run over the first time.

Defendants' fact is objectively supported both by the cited testimony (of Bruce and Maxwell) and the *Kelkar Report* and *Kelkar Decl.*) See *Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p.67:12-21; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.60:6-61:1; 67:15-21; *Kelkar Decl.,* at ¶ 5(m).

**#1:** Mischaracterizes the evidence. Regardless, this dispute in no way contradicts Defendants' fact.

The cited portion of Bruce's testimony is misleading as it is only a portion of the response to a question Bruce was asked. The complete, uninterrupted response was "I was not sure what happened, what brought me off my feet, but I quickly figured out as the tire rolled over my leg, what had happened." *Bruce Dep*., p.40:4-6.

**#2:** Vague as to time.

The second dispute does not contradict the fact that Bruce was pinned under the car and in danger (the positioning of his arms and legs "apart" is a trivial quibble with evidence). See *Low v. Stanton*, No. CIV S-05-2211 MCE DAD P, 2009 WL 737053 at *4-5 (E.D. Cal. March 19, 2009).

**#3:** Vague as to time. Lacks foundation. Regardless, this dispute in no way contradicts Defendants' fact.

This fact directly contradicts the video, which speaks for itself (See *Incident Video*, at 1:38 playback time depicting the car moving forward prior to the first shot being fired).

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

33

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
| --- | --- |

Moreover, Plaintiffs did not retain an accident reconstruction expert such as the one retained by Defendants (Kelkar), whose report provided unambiguous evidence showing the car was moving at some point just prior to the first shot being fired – see Lines 27-32 of "Video Log" attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl.

**#4:** This dispute lacks foundation, contradicts the video, which speaks for itself (See *Incident Video*, depicting Bruce was not able to move away from the car until at least the fifth shot was fired by Maxwell) and is vague as to time. Moreover, Plaintiffs did not retain an accident reconstruction expert such as the one retained by Defendants (Kelkar), whose report provided unambiguous evidence showing that the vehicle came off Bruce's leg right after the fifth shot was fired – see Lines 37 and 38 of "Video Log" attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl.

**#5:** This dispute is vague as to time and lacks foundation. The dispute also directly contradicts the video, which speaks for itself (See *Incident Video*, depicting Bruce was not able to move away from the car until at least the fifth shot was fired by Maxwell). Moreover, Plaintiffs did not retain an accident reconstruction expert such as the one retained by Defendants (Kelkar), whose report provided unambiguous evidence showing that the vehicle came off Bruce's leg right after the fifth shot was fired – see Lines 37 and 38 of "Video Log" attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl.

The standard is totality of the circumstances/ objective reasonableness under *Graham*, *supra*, and its progeny.

**#6:** This dispute is vague as to time.

Moreover, it does not contradict Defendants' fact in any way, since Defendants' fact speaks to what was possible if a specific movement(s) had occurred. The *Graham* inquiry is not performed in hindsight. See *Graham*, *supra* at 396. (The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (quotation omitted)).

**#7:** The dispute is vague as to time, lacks foundation, and is immaterial and irrelevant.

Plaintiffs did not retain an accident reconstruction expert such as the one retained by Defendants (Kelkar), whose report provided unambiguous evidence showing that Hernandez's vehicle would have run over Ofc. Bruce's head and body had it been driven forward with counterclockwise steering (effectively moving the front of the vehicle to the left, and having the rear wheels run over Ofc. Bruce's head and body), meaning there was potential for serious and potentially fatal injury to Ofc. Bruce. (*Kelkar Report*, attached as Exhibit "J" to Patel Decl.; Kelkar Decl., attached as Exhibit "F" to Patel Decl.

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| **The standard is totality of the circumstances/ objective reasonableness under *Graham*, *supra*, and its progeny.** | |
| 26. Cpl. Maxwell did not believe it was feasible to provide a verbal warning to Hernandez prior to firing his weapon; nor did Ofc. Bruce or Cpl. Maxwell have time to create a tactical plan because of how quickly the incident transpired.<br><br>*Bruce Depo* attached as Exhibit "D" to *AP Decl.* at p. 47:11-p.48:3, 55:15-21; *Maxwell Depo*, attached as Exhibit "A" to *AP Decl.* at p.48:13-15, 63:12-15; *Smyrnos Decl.,* at ¶ 21 | **Objection**. Compound.<br><br>**Disputed**.<br><br>1.  Maxwell never said anything to Decedent, including any commands to stop or a warning that he was going to shoot, prior to the shooting.<br><br>Ex. 1, Maxwell Dep. 16:19-17:6, 17:17-21, 63:12-15.<br><br>2.  There was a gap of time from when Maxwell drew his firearm to when he engaged his firearm during which Maxwell assessed the situation.<br><br>Ex. 2, Maxwell Int. 13:598-600<br><br>3.  According to Maxwell, approximately three to five seconds passed between the time Maxwell got to the car window and when he began shooting.<br><br>Ex. 2, Maxwell Int. 14:612-618.<br><br>4.  Officers are trained to give a warning, when feasible, prior to using force in order to give the suspect the opportunity to comply and avoid the use of force.<br><br>DeFoe Decl. ¶ 14; Ex. 1, Maxwell Dep. 76:8-10.<br><br>5.  It was feasible for Maxwell to provide commands and a warning prior to his use of lethal force but failed to do so. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | DeFoe Decl. ¶ 14. |
| | 6. A reasonable officer acting pursuant to standard police practices and training would have given a warning prior to using deadly force under the circumstances of this incident. |
| | DeFoe Decl. ¶ 14. |
| | 7. The officers failed to formulate a tactical plan prior to their initial approach Decedent and prior to approaching Decedent to detain her. |
| | DeFoe Decl. ¶ 7. |
| | 8. The poor tactical choices and errors made by the officers during this incident include failing to recognize that Decedent may have a mental illness and responding appropriately pursuant to their training, failing to tactically position themselves in a position of cover and away from Decedent's vehicle when it began moving, failing to communicate with each other during the incident, positioning themselves near or in the pathway of a moving vehicle despite anticipating that the vehicle would continue to move, unnecessarily escalating the situation by using force without attempting to communicate, give commands, or give warnings, and not being aware of where their partner was during the incident. |
| | DeFoe Decl. ¶ 7. |

**Defendants' Reply to Undisputed Fact #26:**

**Objection #1: Defendants agree the fact is compound, but the facts remain supported by the cited evidence under the totality of the circumstances under *Graham*, *supra*.**

**#1: Undisputed.**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**#2:** Undisputed. See Defendants' response to Dispute #3 regarding the "gap of time."

**#3:** This is an immaterial dispute. The video speaks for itself. The undisputed forensic analysis establishes that approximately 1.567 seconds elapsed from the time Maxwell unholsters [at the driver's window] and his first shot (see Lines 27 and 32 of "Video Log" [p. 51 – Dkt. No. 30] attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl.).

**#4:** Undisputed.

**#5:** Speculative. Lacks foundation. This dispute in no way contradicts Defendants' fact.

The standard is totality of the circumstances/ objective reasonableness under *Graham*, *supra*, and its progeny. See *Maxwell Dep.*, p.17:1-3, p.63:12-15.

This dispute lacks foundation and is unsupported by DeFoe's declaration. DeFoe conceded he is not an accident reconstruction expert. See *DeFoe Dep.*, at p.39:3-5; p.64:23-p.65:11; p.87:3-23. The dispute also directly contradicts the video evidence, which speaks for itself.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#6:** Argumentative. Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial. This dispute in no way contradicts Defendants' fact as it does not concern feasibility.

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.

Also, this dispute is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. See "*DeFoe Dep.*, at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18, p.64:23-p.65:11; p.87:3-23. The dispute also directly contradicts the video evidence, which speaks for itself.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**#7:** Argumentative. Vague as to time, "initial approach," and "prior to approaching Decedent to detain her." Speculative. Lacks foundation. Irrelevant. Immaterial.

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. Also, this dispute is unsupported by DeFoe's testimony. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep.*, at p.-p.73:21-p.78:18.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#8:** Argumentative. Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial.

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.

Also, this dispute is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep.*, at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

| 27. At approximately 6:36:42 p.m. on December 2, 2020, Corporal Maxwell advised over the radio that shots had been fired and one subject was down and requested "Code 3" medical to respond.<br><br>*Smyrnos Decl.*, at ¶ 15; *Maxwell Audio Clip* attached as Exhibit "H" to *AP Decl.* | Undisputed for the purposes of Defendants' summary judgment motion. |

**Defendants' Reply to Undisputed Fact #27: This fact remains undisputed.**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| 28. Corporal Maxwell evaluated Hernandez, who appeared to be obviously deceased since she was motionless, not breathing, had significant trauma on the left side of her body from gunshot wounds, and had no pulse.<br><br>*Smyrnos Decl.,* at ¶ 15; *Maxwell Depo,* attached as Exhibit "A" to *AP Decl.* at p.66:6-24. | Undisputed for the purposes of Defendants' summary judgment motion. |

**Defendants' Reply to Undisputed Fact #28:  This fact remains undisputed.**

| | |
|---|---|
| 29. Per Redding Police Department Policy, the Department conducted an internal investigation into the officer involved shooting incident.<br><br>*Smyrnos Decl.,* at ¶ 16.<br>. | **Objection**. Fed. R. Evid. 401, 402—relevance.<br><br>Undisputed for the purposes of Defendants' Motion for Summary Judgment. |

**Defendants' Reply to Undisputed Fact #29:   Plaintiffs' objections are without merit. The fact is relevant and admissible per *Persian Gulf Inc. v. BP West Coast Products LLC*, 632 F.Supp.3d 1108, 1129 (S.D. Cal. 2022) (While all declarations are technically out-of-court statements, declarations offered in support of summary judgment are not hearsay if the testimony could be presented in an admissible form at trial.)**

**The fact remains undisputed.**

| | |
|---|---|
| 30. The Department found that Ofc. Bruce believed Hernandez intentionally drove directly at him (assault with a deadly weapon) and attempted to use his baton to break the vehicle's window to detain and arrest her.<br><br>*Smyrnos Decl.,* at ¶ 19. | **Objection**. Fed. R. Evid. 401, 402, 403—relevance and unduly prejudicial. *See Tulloss v. Near N. Montessori School, Inc.,* 776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence of findings in an internal investigation because it "was tantamount to saying this has already been decided and here is the decision.").<br><br>**Objection**. Fed. R. Evid. 702. The Department's findings are inappropriate and inadmissible opinions as to its legal conclusion on an ultimate issue of the law. *See Hangarter v. Provident Life Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004); *Miller v. Clark Cnty.,* 340 F.3d 959, 963 n.7 (9th Cir. 2003). |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | **Disputed** |
| | 1.  That it was reasonable for Bruce to believe that Decedent intentionally drove directly at him and that his use of the baton was reasonable. |
| | The vehicle came to a stop and then moved forward as the officers walked alongside the driver's side of the vehicle, before coming to another stop. |
| | Ex. 3, Bruce Dep. 30:5-7; Ex. C, Incident Video at 01:26-01:28. |
| | 2.  The officers failed to tactically position themselves in a position of cover and away from Decedent's vehicle when it began moving. |
| | DeFoe Decl. ¶ 7. |
| | 3.  The vehicle did not come close to striking any officer and neither officer was in the pathway of the vehicle when it moved forward. |
| | Ex. C, Incident Video at 01:26-01:28. |
| | 4.  Neither Bruce nor Maxwell was struck by the vehicle. |
| | Ex. 1, Maxwell Dep. 39:17-21; Ex. 3, Bruce Dep. 30:1-4. |
| | 5.  Bruce did not give the Decedent any commands or any warning that he was going strike her window with his baton prior to striking the window. |
| | Ex. 3, Bruce Dep. 36:2-8. |
| | 6.  Bruce never made any gestures with his hands in an attempt to |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

40

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | communicate with Decedent that he wanted her to stop. |
| | Ex. 3, Bruce Dep. 53:14-16. |
| | 7. Bruce made the decision to not give any commands or gestures prior to approaching to smash the window. |
| | Ex. 3, Bruce Dep. 64:15-20. |
| | 8. Bruce claims that the reason why he did not try to give Decedent a command or gesture to let her know he wanted her to stop prior to approaching to stop her window was because he was purely focused on the task at hand. |
| | Ex. 3, Bruce Dep. 59:14-18. |
| | 9. Bruce has never been able to successfully break window [*sic*] while the driver was in the car and the engine was on. |
| | Ex. 3, Bruce Dep. 35:12-23. |
| | 10. Bruce has never seen an officer successfully smash a window open and stop someone from driving while the vehicle is on, in gear, and the driver is in the vehicle. |
| | Ex. 3, Bruce Dep. 57:14-58:4. |
| | 11. Bruce anticipated that the vehicle was going to move while he was smashing the window. |
| | Ex. 3, Bruce Dep. 53:25-54:5. |
| | 12. Bruce concedes that if he had not gone up to smash the vehicle's window, he would not have been in |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | the position to end up where he did on the ground. |
| | Ex. 3, Bruce Dep. 52:14-24 |
| | 13. Based on the circumstances of this incident, a reasonable police office acting consistent with standard police practices and training would have initially determined that Decedent was mentally ill or experiencing a mental health crisis. |
| | DeFoe Decl. ¶ 5. |
| | 14. A reasonable officer acting consistent with standard police practices would have acted according to their training regarding how to deal will mentally ill persons or persons experiencing a mental crisis and would have attempted to deescalate and utilize proper defusing techniques. |
| | DeFoe Decl. ¶ 8. |
| | 15. Bruce's use of the baton to strike the driver's side window violated standard police practices and training and unnecessarily escalated the situation. |
| | DeFoe Decl. ¶ 9. |

**Defendants' Reply to Undisputed Fact #30:**

**Objection #1:** The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the *Smyrnos Decl.* are immensely relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at *2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…)

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**Objection #2**: The information cited to from the *Smyrnos Decl*. is immensely relevant (FRE 401) and admissible (FRE 402). "Inappropriate" is not a valid objection; it is argumentative and quibbles with evidence. See *Low*, *supra*.

The evidence cited from the *Smyrnos Decl*. is admissible under the following rules of evidence: present sense impression – FRE 803(1); then-existing mental, emotional or physical condition – FRE 803(3); records of regularly conducted activity – FRE 803(6); public records – FRE 803(8) and public records of vital statistics – FRE 803(9). Hearsay can inform a police officer state of mind when from another police officer, as part of the totality of the circumstances to evaluate the type of use of force under *Graham v. Connor*, 490 U.S. 386, 396 (1989). See *Rojas, supra*.

Plaintiffs provide no information as to how *Hangarter v. Provident Life Acc. Ins. Co*., 373 F.3d 998, 1016 (9th Cir. 2004) or *Miller v. Clark Cnty*., 340 F.3d 959, 963 n.7 (9th Cir. 2003) support their objection. *Hangarter* was not a police case (it was an insurance claim case) and the portion cited by Plaintiffs merely showed that the Court refused to accept the defendants assertion that the district court abused its discretion in admitting the testimony of Caliri because he lacked sufficient qualifications to testify about claims adjustment standards in the context of an insurance bad faith claim. The footnote Plaintiffs cite from *Miller* does not support their objection as it merely shows the Court was not bound by a witness's opinions about the law (this does not preclude this Court from considering and admitting the objective facts contained in ¶ 21 if the *Smyrnos Decl*.).

See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at *2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…)

Plaintiffs' dispute that it was reasonable for Bruce to believe that Decedent intentionally drove directly at him and that his use of the baton was reasonable; however, the disputes/supporting evidence cited to support that notion fail to create a dispute of a material nature:

**#1**: Mischaracterizes the evidence. Unsupported by evidence.

This fact appears to be an inaccurate restatement of Defendants' Undisputed Material Fact #14 (see above). As noted, that fact remains undisputed.

The dispute contradicts the *Incident Video*. Also, the three lines cited from the *Bruce Dep*. (p.30:5-7) only speak to the fact that the vehicle moved forward and then stopped. Defendants' Undisputed Material Fact No. 14 and the cited evidence unambiguously show that Hernandez drove her vehicle directly at both Bruce and Maxwell and committed an assault with a deadly weapon (see *UMF No. 30*). Plaintiffs' have failed to cite to any evidence to the contrary.

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**#2:**  Argumentative. Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial. This dispute is vague as to time and lacks foundation. The dispute also directly contradicts the *Incident Video*, which speaks for itself.

Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15 ("…no time to discuss tactical plan"). Also, this dispute is unsupported by DeFoe's testimony. DeFoe could not point to any training material supporting Plaintiff's dispute) – See "*DeFoe Dep.*, at p.46:6-15, p.73:21-p.78:18.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, supra 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**Dispute #3:**  Vague as to "close to" and "in the pathway of." Mischaracterizes the evidence. Unsupported by evidence.

This fact appears to be an inaccurate restatement of Defendants' Undisputed Material Fact #15 (see above). As noted, that fact remains undisputed.

Plaintiffs dispute contradicts the Incident Video (the only cited supporting evidence). Defendants' Undisputed Material Fact No. 15 and the cited evidence unambiguously show that Hernandez's vehicle came closer to Bruce, who was in fear for his safety (being run over) and stepped out of the way as the vehicle came within inches of his legs. Plaintiffs have failed to cite to any evidence to the contrary (citing only to the *Incident Video* that supports Defendants' Fact No. 15).

**Dispute #4:**  Vague as to time. Moreover, it does not contradict Defendants' fact, since Defendants' fact does not speak to the vehicle striking Bruce or Maxwell during its first forward movement.

**Dispute #5:**  This dispute does not contradict Defendants' fact in any way, since Defendants' fact does not speak to Bruce providing or not providing a warning.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

44

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**Dispute #6:** This dispute does not contradict Defendants' fact in any way, since Defendants' fact does not speak to Bruce gesturing at or communicating with Hernandez.

**Dispute #7:** This dispute does not contradict Defendants' fact in any way, since Defendants' fact does not speak to Bruce gesturing or providing commands to Hernandez.

**Dispute #8:** Vague as to "the reason." Mischaracterizes evidence.

Undisputed except to the extent "the" indicates or implies it was the only reasons Bruce did not give a command. The exact question asked to Bruce was "Right. And is there *a reason* (emphasis added) why prior to approaching to smash her window, you didn't try to give her a command or some gesture or something to let her know you wanted her to stop?" (*Bruce Dep.*, p.59:14-17)

**Dispute #9:** This dispute does not contradict Defendants' fact, since Defendants' fact does not speak to Bruce's prior attempts, if any, to break a car window with a baton (where different circumstances likely would have existed). The standard is totality of the circumstances/ objective reasonableness under *Graham*, *supra*, and its progeny.

**Dispute #10:** Mischaracterizes evidence. Vague as to "never." Immaterial and irrelevant.

The cited testimony from Bruce is mischaracterized. Bruce states that he has "been through tactical training in which in the training we've done that dozens of times."

**Dispute #11:** Mischaracterizes the evidence. Immaterial and irrelevant.

Plaintiffs' take the portion of Bruce's testimony out of context from the line of questioning. See *Bruce Dep.*, p.53:25-p.54:2 – "…you anticipated it could move forward or backwards (emphasis added) with you in that position?" Plaintiffs leave out this important, emphasized detail regarding how Bruce anticipated the vehicle would move. (See *Bruce Dep.*, p.53:21-24 – "I anticipated the vehicle moving forward or backwards. That's why I stood where I should on the side of the vehicle because I figured I was in the best place tactically.")

The standard is totality of the circumstances/ objective reasonableness under *Graham*, *supra*, and its progeny.

**Dispute #12:** Calls for speculation. Mischaracterizes evidence and misstates testimony.

The cited testimony was a question that was asked a second time at Bruce's request after his counsel made an objection on the record (calls for speculation – See *Bruce Dep.*, p.52:5-13). Further, Bruce's response is mischaracterized as to what he concedes. See *Bruce Dep.*, p.52:14-24 – "Yeah. I think -- I think it's fair to say that in what I was thinking, I would have never -- I would have actually never thought that a vehicle would move in the direction that it did. Instead of moving straight on or straight back, it instead kind of

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

curled around, and I would have never anticipated that." Bruce was speaking to anticipating the vehicle's movement.

**Dispute #13:** Speculative. Lacks foundation. Irrelevant. Immaterial.

Unsupported by DeFoe's testimony – See *DeFoe Dep.*, p.47:15-p.49:12; p.28:20-p.29:11.

Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). ("Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the Graham analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")

The standard is totality of the circumstances/ objective reasonableness under Graham, supra, and its progeny.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, supra 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**Dispute #14:** Argumentative. Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial.

Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.

Also, this AMF is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep.*, at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18.

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." | |

**Dispute #15:** Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial.

Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.

Also, this AMF is unsupported by DeFoe's testimony and lacks foundation. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep*., at p.81:22-83:11.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

| 31. Moreover, the Department found Cpl. Maxwell's use of deadly force was reasonable and justified to stop Hernandez's immediate threat of death or serious bodily injury to Officer Bruce and the ongoing threat to the public if she were to escape (and thus lawful and within Department policy).<br><br>*Smyrnos Decl.,* at ¶ 21. | **Objection**. Fed. R. Evid. 401, 402, 403— relevance and unduly prejudicial. *See Tulloss v. Near N. Montessori School, Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence of findings in an internal investigation because it "was tantamount to saying this has already been decided and here is the decision.").<br><br>**Objection**. Fed. R. Evid. 702. The Department's findings are inappropriate and inadmissible opinions as to its legal conclusion on an ultimate issue of the law. *See Hangarter v. Provident Life Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); |

47

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | *Miller v. Clark Cnty.*, 340 F.3d 959, 963 n.7 (9th Cir. 2003).<br><br>**Disputed**<br><br>1.  That Maxwell's just of deadly force was reasonable and justified and that Decedent posed an immediate threat of death or serios bodily injury to Bruce or the general public at the time of the shooting.<br><br>After Bruce fell to the ground, the vehicle's front left tire did not stop on top of Bruce and Bruce was not pinned underneath the vehicle.<br><br>Ex. 6, Phillips Dep. 26:25-27:13; Ex. 7, Bell Dep. 23:10-25; Ex. C, Incident Video at 01:32-10:39.<br><br>2.  After falling to the ground, Bruce was positioned on all fours, with his arms and legs apart.<br><br>Ex. C, Incident Video at 01:34-01:38.<br><br>3.  Bruce did not sustain any broken bones or any injury that required surgical intervention as a result of the incident.<br><br>Ex. 3, Bruce Dep. 50:4-6, 50:13-24.<br><br>4.  Bruce only sustained abrasions and contusions to his left knee, right knee, and abrasions to his hands<br><br>Ex. 5, Photographs taken of Matthew Bruce's injuries at the hospital after the incident.<br><br>5.  This was not an immediate defense of life situation and under the facts of this case, Maxwell could not shoot Decedent after Bruce was not under the vehicle or in a position where he |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | or Maxwell could be struck by the vehicle. |
| | DeFoe Decl. ¶ 10. |
| | 6.  A reasonable officer acting consistent with police practices and training, confronted with the facts of this incident, would not have used lethal force in this situation. |
| | DeFoe Decl. ¶ 10. |
| | 7.  The vehicle was not moving when the shooting started. |
| | Ex. C, Incident Video at 01:38-01:42. |
| | 8.  Maxwell had the impression that his shots were striking Decedent in the car because he could see the initial impact as he began shooting and could see that his continued shots appeared to be striking her. |
| | Ex. 1, Maxwell Dep. 65:14-23. |
| | 9.  After the first or second shot, Decedent's head fell forward and landed on the steering wheel. |
| | Ex. 8, Hoberg Dep. 47:9-15, 61:5-17. |
| | 10. After the first two shots, Decedent's head and upper body moved away from the driver's side and down towards passenger seat area. |
| | Ex. C, Incident Video at 01:39-01:40. |
| | 11. After the first two shots, the car slowly moved forward in a straight line and Bruce moved away from near the front left tire. |
| | Ex. C, Incident Video at 01:40-01:42. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

49

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | 12. Bruce was not in the direct pathway of the vehicle when it started to move forward. |
| | Ex. 7, Bell Dep. 42:16-23, 44:11-45:5. |
| | 13. The car never attempted to make a turn when it moved forward; it generally moved in a straight direction the entire time. |
| | Ex. 7, Bell Dep. 49:3-15; Ex. C, Incident Video at 01:39-01:43. |
| | 14. When the car rolled forward, it was moving at approximately 2 miles per hour. |
| | Ex. 7, Bell Dep. 43:2-44:1; Ex. C, Incident Video at 01:39-01:43. |
| | 15. Bruce claims he heard two back-to-back shots and then felt the vehicle move off his leg. |
| | Ex. 3, Bruce Dep. 67:1-6; Ex. 4, Bruce Int. 23:1010-1021. |
| | 16. One of the gunshot wounds entered Decedent's left mid-back and had a back to front, left to right, and sharply upward trajectory. |
| | Ex. 9, Autopsy at 2. |
| | 17. Another gunshot wound entered the lateral left torso and had a left to right, slightly front to back, and sharply upward trajectory. |
| | Ex. 9, Autopsy at 2. |
| | 18. Officers are trained that shooting at a moving vehicle is rarely effective and the officers should move out of the path of an approaching vehicle |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| **MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE AND EVIDENCE** |
|---|---|
| | instead of discharging their firearm at the vehicle or any of its occupants. |
| | DeFoe Decl. ¶ 11; Ex. 1, Maxwell Dep. 70:14-71:1, 71:5-23, 72:12-18. |
| | 19. Officers are taught that if a driver is wounded or killed while operating a motor vehicle, it could cause the driver to lose control of the vehicle, making it more dangerous for those around the vehicle. |
| | DeFoe Decl. ¶ 11. |
| | 20. Officers are trained that lethal force must be a last resort and used only in the direst of circumstances. Officers are further trained that they must show a reverence for human life and to consider other reasonable measures available prior to using lethal force. |
| | DeFoe Decl. ¶ 12. |
| | 21. Maxwell had other reasonable measures available to him at the time he used lethal force, including but not limited to issuing commands and warnings and moving to a position of cover. |
| | DeFoe Decl. ¶ 12. |
| | 22. Officers are trained that they are responsible for justifying every shot. Officers are also trained that subjective fear is insufficient to justify the use of lethal force and that an overreaction in using force is excessive force. |
| | DeFoe Decl. ¶ 13; Ex. 1, Maxwell Dep. 76:11-13. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

51

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | 23. The number of shots by Maxwell violated standard police practices and training as it was clear to Maxwell that his initial shots struck Decedent, Decedent was incapacitated by the initial shots, and Bruce was able to move away from the vehicle after the initial two shots. |
| | DeFoe Decl. ¶ 13. |
| | 24. Officers are trained to give a warning, when feasible, prior to using force in order to give the suspect the opportunity to comply and avoid the use of force. |
| | DeFoe Decl. ¶ 14; Ex. 1, Maxwell Dep. 76:8-10. |
| | 25. It was feasible for Maxwell to provide commands and a warning prior to his use of lethal force but failed to do so. |
| | DeFoe Decl. ¶ 14. |
| | 26. There was a gap of time from when Maxwell drew his firearm to when he engaged his firearm during which Maxwell assessed the situation. |
| | Ex. 2, Maxwell Int. 13:598-600. |
| | 27. According to Maxwell, approximately three to five seconds passed between the time Maxwell got to the car window and when he began shooting. |
| | Ex. 2, Maxwell Int. 14:612-618. |
| | 28. A reasonable officer acting pursuant to standard police practices and training would have given a warning prior to striking the driver's side |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

52

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | window with a baton and prior using deadly force under the circumstances of this incident. |
| | DeFoe Decl. ¶ 14. |
| | 29. The Redding Police Department Policy 300.4.1 advises officers that an officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the imminent threat of the vehicle or if deadly force other than the vehicle is directed at the officer or others. |
| | Ex. 1, Maxwell Dep. 80:24-81:6. |
| | 30. Maxwell never saw Decedent in the car with a gun or pointing a gun at Maxwell. |
| | Ex. 1, Maxwell Dep. 81:7-10. |

**Defendants' Reply to Undisputed Fact #31:**

**Objection #1:** The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the *Smyrnos Decl.* are immensely relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at *2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…)

**Objection #2:** The information cited to from the *Smyrnos Decl.* is immensely relevant (FRE 401) and admissible (FRE 402). "Inappropriate" is not a valid objection; it is argumentative and quibbles with evidence. See *Low*, *supra*.

The evidence cited from the *Smyrnos Decl.* is admissible under the following rules of evidence: present sense impression – FRE 803(1); then-existing mental, emotional or physical condition – FRE 803(3); records of regularly conducted activity – FRE 803(6); public records – FRE 803(8) and public records of vital statistics – FRE 803(9). Hearsay can inform a police officer state of mind when from another police officer, as part of the totality of the circumstances to evaluate the type of use of force under *Graham v. Connor*,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

490 U.S. 386, 396 (1989). See *Rojas, supra.*

Plaintiffs provide no information as to how *Hangarter v. Provident Life Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) or *Miller v. Clark Cnty.*, 340 F.3d 959, 963 n.7 (9th Cir. 2003) support their objection. *Hangarter* was not a police case (it was an insurance claim case), and the portion cited by Plaintiffs merely showed that the Court refused to accept the defendants assertion that the district court abused its discretion in admitting the testimony of Caliri because he lacked sufficient qualifications to testify about claims adjustment standards in the context of an insurance bad faith claim. The footnote Plaintiffs cite from *Miller* does not support their objection as it merely shows the Court was not bound by a witness's opinions about the law (this does not preclude this Court from considering and admitting the objective facts contained in ¶ 21 if the *Smyrnos Decl.*).

**Disputed:**
**#1:** This dispute is a mischaracterization of the evidence. Ofc. Bruce testified that the vehicle's wheel stopped on top of his leg. Mr. Phillips' testimony (p.27:6-13) is that he did not "remember." The cited portion of Mr. Bell's deposition does not state that Bruce was not pinned under the vehicle (See Bell Deposition, p.23:19-20).

The video speaks for itself.

**#2-4:** The second, third and fourth disputes do not contradict or relate to Defendants' fact (which does not speak to injuries or Bruce's positioning/orientation). Nor are Bruce's injuries (discovered after the fact), relevant to the totality of the circumstances to evaluate the type of use of force under *Graham v. Connor*, 490 U.S. 386, 396 (1989). Defendants' fact speaks to Bruce's state of mind to use of force under the 4th amendment analysis under *Graham, supra.*

**#5:** Defendants object to ¶10 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case. See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. Defendants' fact remains undisputed. The video speak for itself. Maxwell's testimony is to his state of mind under the totality of the circumstances under *Graham*

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#6:** Defendants object to ¶10 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

reconstruction in this case.  See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. Defendants' fact remains undisputed.  The video speak for itself. Maxwell's testimony is to his state of mind under the totality of the circumstances under *Graham.*

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#7**:  Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.

**#8**: Irrelevant. Defendant's fact does not speak to Maxwell's impression of the shots he fired.

**#9**:   Irrelevant. Defendant's fact does not speak to Hernandez's body movement as Maxwell's shots were fired.

**#10**:   Irrelevant. Defendant's fact does not speak to Hernandez's body movement as Maxwell's shots were fired

**#11**:   Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.

**#12**:  This dispute is vague as to time and lacks foundation. The dispute also directly contradicts the video, which speaks for itself (See *Incident Video*, depicting Bruce was not able to move away from the car until at least the fifth shot was fired by Maxwell). Moreover, Plaintiffs did not retain an accident reconstruction expert. Defendants' expert report provided unambiguous evidence showing that the vehicle came off Bruce's leg right after the fifth shot was fired – see Lines 37 and 38 of "Video Log" attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl. Officer Maxwell's state of mind is based on the totality of the circumstances under a tense and rapidly evolving situation, based on his training under *Graham*, *supra.*

**#13**:   Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.

**#14**:   Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.

**#15**:  Irrelevant. Defendant's fact does not speak to Bruce's state of mind when Maxwell fired his shots.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**#16**:  Immaterial. Irrelevant.  Defendant's fact does not speak to Hernandez's injuries.

**#17**:  Immaterial. Irrelevant.  Defendant's fact does not speak to Hernandez's injuries.

**#18**: Irrelevant.  Defendant's fact does not speak to officers' training, it speaks to Maxwell's state of mind.

The dispute lacks foundation. ¶11 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents).

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#19**:  Irrelevant.  Defendant's fact does not speak to officers' training, it speaks to Maxwell's state of mind.

The dispute lacks foundation. ¶11 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents).

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

The standard is totality of the circumstances/ objective reasonableness under *Graham*, *supra*, and its progeny. This dispute in no way contradicts Defendants' fact.

**#20**: The dispute lacks foundation. ¶12 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents. Otherwise undisputed).

**#21**:  Irrelevant.  Defendant's fact does not speak to officers' commands or warnings.

**#22**:  Undisputed.

**#23**:  Lacks foundation.

Defendants object to ¶13 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case. See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. DeFoe could not point to any

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

conceded that he did not perform forensic video analysis. See "DeFoe Dep., at p.39:3-5, p.93:2-p.97:20. DeFoe also conceded that he was not offering medical opinions (i.e. to Hernandez being "incapacitated.") See "DeFoe Dep., at p.10:22-p.11:11.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#24**: Irrelevant.  Defendant's fact does not speak to officers' training, it speaks to Maxwell's state of mind.

The dispute lacks foundation. ¶14 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents).

**#25**: Speculative. Lacks foundation.  Irrelevant.  Defendant's fact does not speak to officers' warnings or commands, it speaks to Maxwell's state of mind under the totality of the circumstances under *Graham*, *supra*. See *Maxwell Dep.*, p.17:1-3, p.63:12-15.

This dispute lacks foundation and is unsupported by DeFoe's declaration. DeFoe conceded he is not an accident reconstruction expert. See *DeFoe Dep*., at p.39:3-5; p.64:23-p.65:11; p.87:3-23.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#26**: Vague as to "gap of time" and "engaged."  Irrelevant to Defendant's fact, which speaks to Maxwell's state of mind.

**#27**: Vague as to time. This dispute in no way contradicts Defendants' fact.

Although this dispute speaks to Maxwell's recollection of the time between the point he got to the driver's window and the time he fired his first shot, the actual time that elapsed between the time Maxwell got to the driver's window and the time he fired his first shot is unambiguous. The video, which speaks for itself, shows a shorter time period (as does Kelkar's report).  Per the report, approximately 1.567 seconds elapsed from time Maxwell unholsters [at the driver's window] and his first shot (see Lines 27 and 32 of "Video Log" [p. 51 – Dkt. No. 30] attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl.)

**#28**: Argumentative. Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial. This dispute in no way contradicts Defendants' fact.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.

Also, this dispute is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. See "*DeFoe Dep*., at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18, p.64:23-p.65:11; p.87:3-23. The dispute also directly contradicts the video evidence, which speaks for itself.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#29**: This dispute in no way contradicts Defendants' fact as it merely states a portion of RPD policy that did not prevent Maxwell's actions (described in Defendants' fact) or make it objectively unreasonable under *Graham*.

**#30**: Irrelevant. This dispute in no way contradicts Defendants' fact, which has to do with the shots being fired and the objective reasoning as to why (not Hernandez presenting a gun, which has never been contended by Defendants).

| 32. As part of the Department's policies, the Department adheres to Cal. Pen. Code §832.5

*Smyrnos Decl.*, at ¶ 5.
. | **Objection**. Fed. R. Evid. 401, 402, 403—relevance, unduly prejudicial.

Undisputed for the purposes of Defendants' Motion for Summary Judgment. |

**Defendants' Reply to Undisputed Fact #32:**  The information cited from the *Smyrnos Decl*. are relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). This fact remains undisputed.

The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the *Smyrnos Decl*. are immensely relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| 9379182 at *2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…) | |
| 33. At the time of the shooting, Redding Police Department observed and trained to the standards set by the State of California Commission on Peace Officer Standards and Training ("POST"). *Smyrnos Decl.,* at ¶ 6. | **Objection**. Fed. R. Evid. 401, 402—relevance. Undisputed for the purposes of Defendants' Motion for Summary Judgment. |
| **Defendants' Reply to Undisputed Fact #33:**    The information cited from the *Smyrnos Decl.* are relevant (FRE 401) and admissible (FRE 402). This fact remains undisputed. The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the *Smyrnos Decl.* are immensely relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at *2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…) | |
| 34. POST is a state-wide, governmental organization (created by State of California Legislature) composed of law enforcement executives and advisors tasked with setting minimum selection and training standards for California law enforcement. *Smyrnos Decl.,* at ¶ 6. | Undisputed for the purposes of Defendants' summary judgment motion. |
| **Defendants' Reply to Undisputed Fact #34:**    This fact remains undisputed. | |
| 35. The Department's update training is consistent with POST mandates. *Smyrnos Decl.,* at ¶ 7. | **Objection**. Fed. R. Evid. 401, 402—relevance. Undisputed for the purposes of Defendants' Motion for Summary Judgment. |
| **Defendants' Reply to Undisputed Fact #35:**    The information cited from the *Smyrnos Decl.* are relevant (FRE 401) and admissible (FRE 402). This fact remains undisputed. The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the *Smyrnos Decl.* are immensely relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at *2 (C.D. Cal. December 20, 2023) (District court was not precluded from | |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…) | |
| 36. In order to be in compliance with POST standards, the Department submits its training courses and policies to regular audits by POST.<br><br>*Smyrnos Decl.*, at ¶ 8. | **Objection**. Fed. R. Evid. 401, 402—relevance.<br><br>Undisputed for the purposes of Defendants' Motion for Summary Judgment. |

**Defendants' Reply to Undisputed Fact #36:** The information cited from the *Smyrnos Decl.* are relevant (FRE 401) and admissible (FRE 402). This fact remains undisputed.

**The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the *Smyrnos Decl.* are immensely relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at \*2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…)**

| | |
|---|---|
| 37. At the time of the incident, Cpl. Maxwell and Ofc. Bruce attended and successfully completed the POST-certified police academy prior to being hired by the Department, successfully passed their FTO training, and were up to date with all mandated POST training requirements.<br><br>*Smyrnos Decl.*, at ¶ 9. | **Objection**. Fed. R. Evid. 401, 402—relevance<br><br>Undisputed for the purposes of Defendants' Motion for Summary Judgment. |

**Defendants' Reply to Undisputed Fact #37:** The information cited from the *Smyrnos Decl.* are relevant (FRE 401) and admissible (FRE 402). This fact remains undisputed.

**The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the *Smyrnos Decl.* are immensely relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See *Murillo v. City of Los Angeles*, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at \*2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect…)**

| | |
|---|---|
| 38. Only approximately 19.7 seconds elapsed between the moment Hernandez's vehicle first moved (reversed out of the parking space) and the moment Cpl. Maxwell drew | **Objection**. Fed. R. Evid. 401, 402—relevance.<br><br>Undisputed for the purposes of Defendants' |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| his weapon.<br><br>*Incident Video*, Exhibit "C" to *AP Decl.*; *Kelkar Report*, attached as Exhibit "B" to *Kelkar Decl.*, at p. 41 ("Video Log"). | Motion for Summary Judgment. |
| **Defendants' Reply to Undisputed Fact #38:**   The information cited from the *Smyrnos Decl.* are relevant (FRE 401) and admissible (FRE 402). This fact remains undisputed.<br><br>**The information cited to from Redding Police Department's internal findings and those used as the basis for portions of the Smyrnos Decl. are immensely relevant (FRE 401), admissible (FRE 402) and not overly prejudicial in light of its objective, probative value (FRE 403). See Murillo v. City of Los Angeles, No. CV 22-3188-DMG (SKx), 2023 WL 9379182 at *2 (C.D. Cal. December 20, 2023) (District court was not precluded from considering, on motion for summary judgment, materials related to internal investigation into city police officers' use of force in shooting and killing suspect...)** | |
| 39. Cpl. Maxwell was forced to fire his first shot just one second after drawing his gun.<br><br>*Incident Video*, Exhibit "C" to *AP Decl.*; *Kelkar Report*, attached as Exhibit "B" to *Kelkar Decl.*, at p. 41 ("Video Log"). | **Objection.** Argumentative.<br><br>**Objection.** Vague as to "forced to fire."<br><br>**Disputed.**<br><br>1.  After Bruce fell to the ground, the vehicle's front left tire did not stop on top of Bruce and Bruce was not pinned underneath the vehicle.<br><br>Ex. 6, Phillips Dep. 26:25-27:13; Ex. 7, Bell Dep. 23:10-25; Ex. C, Incident Video at 01:32-10:39.<br><br>2.  After falling to the ground, Bruce was positioned on all fours, with his arms and legs apart.<br><br>Ex. C, Incident Video at 01:34-01:38.<br><br>3.  Bruce did not sustain any broken bones or any injury that required surgical intervention as a result of the incident.<br><br>Ex. 3, Bruce Dep. 50:4-6, 50:13-24. |

61

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | 4. Bruce only sustained abrasions and contusions to his left knee, right knee, and abrasions to his hands |
| | Ex. 5, Photographs taken of Matthew Bruce's injuries at the hospital after the incident. |
| | 5. This was not an immediate defense of life situation and under the facts of this case, Maxwell could not shoot Decedent after Bruce was not under the vehicle or in a position where he or Maxwell could be struck by the vehicle. |
| | DeFoe Decl. ¶ 10. |
| | 6. A reasonable officer acting consistent with police practices and training, confronted with the facts of this incident, would not have used lethal force in this situation. |
| | DeFoe Decl. ¶ 10. |
| | 7. Maxwell had the impression that his shots were striking Decedent in the car because he could see the initial impact as he began shooting and could see that his continued shots appeared to be striking her. |
| | Ex. 1, Maxwell Dep. 65:14-23. |
| | 8. After the first or second shot, Decedent's head fell forward and landed on the steering wheel. |
| | Ex. 8, Hoberg Dep. 47:9-15, 61:5-17. |
| | 9. After the first two shots, Decedent's head and upper body moved away from the driver's side and down towards passenger seat area. |
| | Ex. C, Incident Video at 01:39-01:40. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

62

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | 10. After the first two shots, the car slowly moved forward in a straight line and Bruce moved away from near the front left tire. |
| | Ex. C, Incident Video at 01:40-01:42. |
| | 11. Bruce was not in the direct pathway of the vehicle when it started to move forward. |
| | Ex. 7, Bell Dep. 42:16-23, 44:11-45:5; Ex. C, Incident Video at 01:39-01:43. |
| | 12. The car never attempted to make a turn when it moved forward; it generally moved in a straight direction the entire time. |
| | Ex. 7, Bell Dep. 49:3-15; Ex. C, Incident Video at 01:39-01:43. |
| | 13. When the car rolled forward, it was moving at approximately 2 miles per hour. |
| | Ex. 7, Bell Dep. 43:2-44:1; Ex. C, Incident Video at 01:39-01:43. |
| | 14. Bruce claims he heard two back-to-back shots and then felt the vehicle move off his leg. |
| | Ex. 3, Bruce Dep. 67:1-6; Ex. 4, Bruce Int. 23:1010-1021. |
| | 15. One of the gunshot wounds entered Decedent's left mid-back and had a back to front, left to right, and sharply upward trajectory. |
| | Ex. 9, Autopsy at 2. |
| | 16. Another gunshot wound entered the lateral left torso and had a left to |

63

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | right, slightly front to back, and sharply upward trajectory. |
| | Ex. 9, Autopsy at 2. |
| | 17. Officers are trained that shooting at a moving vehicle is rarely effective and the officers should move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. |
| | DeFoe Decl. ¶ 11; Ex. 1, Maxwell Dep. 70:14-71:1, 71:5-23, 72:12-18. |
| | 18. Officers are taught that if a driver is wounded or killed while operating a motor vehicle, it could cause the driver to lose control of the vehicle, making it more dangerous for those around the vehicle. |
| | DeFoe Decl. ¶ 11. |
| | 19. Officers are trained that lethal force must be a last resort and used only in the direst of circumstances. Officers are further trained that they must show a reverence for human life and to consider other reasonable measures available prior to using lethal force. |
| | DeFoe Decl. ¶ 12. |
| | 20. Maxwell had other reasonable measures available to him at the time he used lethal force, including but not limited to issuing commands and warnings and moving to a position of cover. |
| | DeFoe Decl. ¶ 12. |
| | 21. Officers are trained that they are responsible for justifying every shot. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

64

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | Officers are also trained that subjective fear is insufficient to justify the use of lethal force and that an overreaction in using force is excessive force. |
| | DeFoe Decl. ¶ 13; Ex. 1, Maxwell Dep. 76:11-13. |
| | 22. The number of shots by Maxwell violated standard police practices and training as it was clear to Maxwell that his initial shots struck Decedent, Decedent was incapacitated by the initial shots, and Bruce was able to move away from the vehicle after the initial two shots. |
| | DeFoe Decl. ¶ 13. |
| | 23. Officers are trained to give a warning, when feasible, prior to using force in order to give the suspect the opportunity to comply and avoid the use of force. |
| | DeFoe Decl. ¶ 14; Ex. 1, Maxwell Dep. 76:8-10. |
| | 24. It was feasible for Maxwell to provide commands and a warning prior to his use of lethal force but failed to do so. |
| | DeFoe Decl. ¶ 14. |
| | 25. There was a gap of time from when Maxwell drew his firearm to when he engaged his firearm during which Maxwell assessed the situation. |
| | Ex. 2, Maxwell Int. 13:598-600. |
| | 26. According to Maxwell, approximately three to five seconds passed between the time Maxwell |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| | got to the car window and when he began shooting. |
| | Ex. 2, Maxwell Int. 14:612-618. |
| | 27. A reasonable officer acting pursuant to standard police practices and training would have given a warning prior to striking the driver's side window with a baton and prior using deadly force under the circumstances of this incident. |
| | DeFoe Decl. ¶ 14. |
| | 28. The Redding Police Department Policy 300.4.1 advises officers that an officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the imminent threat of the vehicle or if deadly force other than the vehicle is directed at the officer or others. |
| | Ex. 1, Maxwell Dep. 80:24-81:6. |
| | 29. Maxwell never saw Decedent in the car with a gun or pointing a gun at Maxwell. |
| | Ex. 1, Maxwell Dep. 81:7-10. |

**Defendants' Reply to Undisputed Fact #39:**

**Objections #1/2:** The video speaks for itself. Cpl. Maxwell fired his shots in reaction to Ofc. Bruce being run over and in imminent risk of death or serious bodily injury based on the totality of the circumstances. Ofc. Bruce established that he cried out for Maxwell to shoot Hernandez.  *Insert UMF #s* UMF 23.
*Smyrnos report* - add in language re department's report establishing Maxwell fired b/c of Bruce in imminent risk + case

**Notwithstanding Plaintiffs' objections, this fact remains undisputed.**

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**Disputed:**

**#1:  This dispute is a mischaracterization of the evidence. Ofc. Bruce testified that the vehicle's wheel stopped on top of his leg. Mr. Phillips' testimony (p.27:6-13) is that he did not "remember." The cited portion of Mr. Bell's deposition does not state that Bruce was not pinned under the vehicle (See Bell Deposition, p.23:19-20).**

**The video speaks for itself.**

**#2-4:   The second, third and fourth disputes do not contradict or relate to Defendants' fact (which does not speak to injuries or Bruce's positioning/orientation). Nor are Bruce's injuries (discovered after the fact), relevant to the totality of the circumstances to evaluate the type of use of force under *Graham v. Connor*, 490 U.S. 386, 396 (1989). Defendants' fact speaks to Bruce's state of mind to use of force under the 4th amendment analysis under *Graham, supra*.**

**#5:   Defendants object to ¶10 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case.  See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. Defendants' fact remains undisputed.  The video speak for itself. Maxwell's testimony is to his state of mind under the totality of the circumstances under *Graham***

**See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."**

**#6:   Defendants object to ¶10 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case.  See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. Defendants' fact remains undisputed.  The video speak for itself. Maxwell's testimony is to his state of mind under the totality of the circumstances under *Graham*.**

**See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."**

**#7: Irrelevant. Defendant's fact does not speak to Maxwell's impression of the shots he fired.**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

**#8:   Irrelevant. Defendant's fact does not speak to Hernandez's body movement as Maxwell's shots were fired.**

**#9:   Irrelevant. Defendant's fact does not speak to Hernandez's body movement as Maxwell's shots were fired**

**#10:   Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.**

**#11:  This dispute is vague as to time and lacks foundation. The dispute also directly contradicts the video, which speaks for itself (See *Incident Video*, depicting Bruce was not able to move away from the car until at least the fifth shot was fired by Maxwell). Moreover, Plaintiffs did not retain an accident reconstruction expert. Defendants' expert report provided unambiguous evidence showing that the vehicle came off Bruce's leg right after the fifth shot was fired – see Lines 37 and 38 of "Video Log" attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl. Officer Maxwell's state of mind is based on the totality of the circumstances under a tense and rapidly evolving situation, based on his training under *Graham*, *supra*.**

**#12:   Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.**

**#13:   Irrelevant. Defendant's fact does not speak to vehicle movement or positioning.**

**#14:  Irrelevant. Defendant's fact does not speak to Bruce's state of mind when Maxwell fired his shots.**

**#15:   Immaterial. Irrelevant.  Defendant's fact does not speak to Hernandez's injuries.**

**#16:   Immaterial. Irrelevant.  Defendant's fact does not speak to Hernandez's injuries.**

**#17: Irrelevant.  Defendant's fact does not speak to officers' training, it speaks to Maxwell's state of mind.**

**The dispute lacks foundation. ¶11 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents).**

**See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#18**:  Irrelevant.  Defendant's fact does not speak to officers' training, it speaks to Maxwell's state of mind.

**The dispute lacks foundation. ¶11 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents).**

**See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."**

**The standard is totality of the circumstances/ objective reasonableness under *Graham*, *supra*, and its progeny. This dispute in no way contradicts Defendants' fact.**

**#19**: **The dispute lacks foundation. ¶12 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents. Otherwise undisputed).**

**#20**:  Irrelevant.  Defendant's fact does not speak to officers' commands or warnings.

**#21**: **Undisputed.**

**#22**:  **Lacks foundation.**

**Defendants object to ¶13 of the Declaration of Scott DeFoe as opinion evidence that is not fact. Plaintiffs' disputed fact by DeFoe is speculative and lacks foundation. DeFoe testified he is not an accident reconstruction expert and did not do a reconstruction in this case. See "DeFoe Dep., at p.39:3-5; p.64:23-p.65:11; p.87:3-23. DeFoe could not point to any conceded that he did not perform forensic video analysis. See "DeFoe Dep., at p.39:3-5, p.93:2-p.97:20. DeFoe also conceded that he was not offering medical opinions (i.e. to Hernandez being "incapacitated.") See "DeFoe Dep., at p.10:22-p.11:11.**

**See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."**

**#23**:  Irrelevant.  Defendant's fact does not speak to officers' training, it speaks to Maxwell's state of mind.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|

The dispute lacks foundation. ¶14 of DeFoe's declaration does not cite to the source (i.e. any Redding Police policies supporting this paragraph or its contents).

**#24**: Speculative. Lacks foundation.  Irrelevant.  Defendant's fact does not speak to officers' warnings or commands, it speaks to Maxwell's state of mind under the totality of the circumstances under *Graham*, *supra*. See *Maxwell Dep.*, p.17:1-3, p.63:12-15.

This dispute lacks foundation and is unsupported by DeFoe's declaration. DeFoe conceded he is not an accident reconstruction expert. See *DeFoe Dep.*, at p.39:3-5; p.64:23-p.65:11; p.87:3-23.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

**#25**: Vague as to "gap of time" and "engaged."  Irrelevant to Defendant's fact, which speaks to Maxwell's state of mind.

**#26**: Vague as to time. This dispute in no way contradicts Defendants' fact.

Although this dispute speaks to Maxwell's recollection of the time between the point he got to the driver's window and the time he fired his first shot, the actual time that elapsed between the time Maxwell got to the driver's window and the time he fired his first shot is unambiguous. The video, which speaks for itself, shows a shorter time period (as does Kelkar's report).  Per the report, approximately 1.567 seconds elapsed from time Maxwell unholsters [at the driver's window] and his first shot (see Lines 27 and 32 of "Video Log" [p. 51 – Dkt. No. 30] attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl.)

**#27**: Argumentative. Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial. This dispute in no way contradicts Defendants' fact.

Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

70

660982.1

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND EVIDENCE |
|---|---|
| **Also, this dispute is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. See "*DeFoe Dep*., at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18, p.64:23-p.65:11; p.87:3-23.  The dispute also directly contradicts the video evidence, which speaks for itself.** <br><br> **See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."** <br><br> **#28: This dispute in no way contradicts Defendants' fact as it merely states a portion of RPD policy that did not prevent Maxwell's actions (described in Defendants' fact) or make it objectively unreasonable under *Graham*.** <br><br> **#29: Irrelevant. This dispute in no way contradicts Defendants' fact, which has to do with the shots being fired and the objective reasoning as to why (not Hernandez presenting a gun, which has never been contended by Defendants).** | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' STATEMENT OF

## ADDITIONAL UNDISPUTED FACTS

| ADDITIONAL MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | |
| 40. Bruce and Maxwell responded to a general disturbance call regarding a woman using foul language, causing a disturbance at a location, and refusing to leave the area. <br><br> Ex. 1, Maxwell Dep. 25:13-19, 26:3-15; Ex. 3, Bruce Dep. 9:8-18 | Undisputed. |
| 41. When Bruce responded to the call, he did not have any information that anyone had been verbally threatened, that anyone had been injured, or that any weapon had been involved. | Undisputed. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

71

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| Ex. 3, Bruce Dep. 9:19-10:1. | |
| 42. Bruce did not speak with anyone at the scene before speaking with Decedent.<br><br>Ex. 3, Bruce Dep. 14:12-14. | Undisputed, but immaterial. |
| 43. Bruce was aware that Maxwell had arrived shortly behind him.<br><br>Ex. 3, Bruce Dep. 14:15-18. | Undisputed. |
| 44. Bruce waited for Maxwell to make their approach but did not have a conversation with Maxwell prior to approaching Decedent.<br><br>Ex. 3, Bruce Dep. 14:19-22. | Undisputed, but immaterial. |
| 45. When Bruce initially contacted Decedent in her vehicle, the vehicle's window was all the way up.<br><br>Ex. 3, Bruce Dep. 16:25-17:3; Ex. C, Incident Video at 00:00-00:08. | Undisputed. |
| 46. When Maxwell arrived on scene, he made contact with a security guard who informed him that the Decedent had caused a disturbance inside the Mod Pizza business and claims she had been belligerent.<br><br>Ex. 1, Maxwell Dep. 33:4-10; Ex. C, Incident Video at 00:10-00:22. | Undisputed. |
| 47. In order to get Decedent's attention, Bruce knocked on Decedent's window three times then shined his flashlight into her car, to which Decedent lowered her window a few inches.<br><br>Ex. 3, Bruce Dep. 17:4-8; Ex. 4, Bruce Int. 9:368-377. | Undisputed. |
| 48. Bruce did not recognize Decedent and had never had contact with Decedent prior to the incident. | Undisputed. |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| | |
|---|---|
| Ex. 4, Bruce Int. 8:337-352. | |
| 49. Bruce did not see any weapons inside the car.<br><br>Ex. 3, Bruce Dep. 25:9-11. | Undisputed. |
| 50. Bruce knew something was not right with Decedent and that she was not in her right mind due to her statements to him.<br><br>Ex. 4, Bruce Int. 11:459-464. | Undisputed. |
| 51. As Bruce spoke with Decedent, he could tell that he was agitating her.<br><br>Ex. 4, Bruce Int. 11:468-472. | Undisputed. |
| 52. Bruce knew that something was not right with Decedent and was starting to build on suspicions of a possible mental health problem.<br><br>Ex. 4, Bruce Int. 12:529-531. | **<u>Disputed</u>**<br><br>Per the cited supporting evidence, Bruce was starting to build on "**<u>either</u>** (emphasis added) some sort of, ah, drug on board or, ah, mental health problem. Something." *Bruce Int.* 12:529-530. |
| 53. After Decedent accused Bruce of being a murderer, Bruce claims [*sic*] started to become more aware that Decedent was not safe.<br><br>Ex. 4, Bruce Int. 13:551-553. | Undisputed. |
| 54. Decedent did not make any verbal threats to Bruce during their conversation.<br><br>Ex. 3, Bruce Dep. 24:17-25. | Undisputed. |
| 55. Bruce was not able to assess whether Decedent was under the influence of drugs or alcohol.<br><br>Ex. 3, Bruce Dep. 27:12-16. | Undisputed. |
| 56. Maxwell did not complete his discussion with the security guard because he claims that while he was speaking with the security guard, he noticed that the Decedent was angry and cursing at Bruce. | Undisputed. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| | |
|---|---|
| Ex. 1, Maxwell Dep. 27:18-28:7. | |
| 57. Maxwell moved off the sidewalk and positioned himself near Bruce as Bruce continued to speak with Decedent.<br><br>Ex. 1, Maxwell Dep. 35:23-36:6; Ex. C, Incident Video at 00:58-01:09. | Undisputed. |
| 58. In response to Bruce's request to see Decedent's license, Decedent refused and began to reverse her vehicle.<br><br>Ex. 3, Bruce Dep. 24:2-7. | Undisputed. |
| **Decedent Attempts to Leave the Shopping Plaza** | |
| 59. When Decedent started backing up the vehicle, Bruce waved to her and told her that she was now driving.<br><br>Ex. 3, Bruce Dep. 23:19-20. 24:6-9. | Undisputed. |
| 60. When Decedent began to back up, Bruce believed that Decedent was free to leave because he did not have enough to detain or arrest Decedent and intended to go look for Maxwell and talk to him about what had occurred.<br><br>Ex. 3, Bruce Dep. 22:25-23:5; Ex. 4, Bruce Int. 25:1084-1094 | Undisputed. |
| 61. At the time Decedent started to back up her vehicle, Bruce had no intention of arresting Decedent and was going to let her go.<br><br>Ex. 3, Bruce Dep. 22:3-9. | Undisputed. |
| 62. The reason Bruce intended to let Decedent go was because he did not have enough to determine if she was something more than just crazy and being crazy is not a crime.<br><br>Ex. 4, Bruce Int. 13:570-581. | Objection - mischaracterizes the evidence.<br><br>Undisputed but incomplete except to the extent this fact attempts to state that the <u>only</u> reason Bruce did not "have enough" to determine if she was just crazy, which was not a crime. The supporting evidence cited also states that Bruce also stated that "[t]he patrons there wanted her gone. She |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, California 94104

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | causing a disturbance. Ah, she was causing a disturbance with the security guard, berating him and - and - and causing problems for him. And they just wanted her gone." |
| | Bruce intended to let her go to de-escalate the situation as it was the "best solution." – See *Bruce Dep.*, p.62:7-13.. |
| 63. As the vehicle began to back out, Maxwell was moving into the parking lot to get a better vantage point of the parking area.<br><br>Ex. 1, Maxwell Dep. 37:14-25. | Objection. Vague.<br><br>Undisputed. |
| 64. Maxwell intended to let Decedent leave the shopping plaza and then initiate a traffic stop on Decedent at a later location.<br><br>Ex. 2, Maxwell Int. 9:386-391. | Objection. Mischaracterizes the evidence.<br><br>Undisputed as to Maxwell intending to allow Hernandez to leave the shopping plaza .The cited, supporting evidence shows Maxwell stated: "We *may have* (emphasis added) followed her to a safe location, try a traffic stop and see where it went from there, but in a heavily populated business district I wasn't willing to have that occur right there." |
| 65. Bruce did not know where Maxwell was at the time Decedent put her vehicle in reverse and intended to go look for Maxwell.<br><br>Ex. 3, Bruce Dep. 22:19-23:5. | Objection. Vague as to "at the time Decedent put her vehicle in reverse" as Hernandez put her car into reverse on more than one occasion during the subject incident.<br><br>Undisputed to the extent this refers to Hernandez's first, initial reverse movement. |
| 66. The vehicle came to a stop and then moved forward as the officers walked alongside the driver's side of the vehicle, before coming to another stop.<br><br>Ex. 3, Bruce Dep. 30:5-7; Ex. C, Incident Video at 01:26-01:28. | Objection. Incomplete and mischaracterizes the evidence. Unsupported by evidence.<br><br>**Disputed.**<br><br>This fact appears to be an inaccurate restatement of Defendants' Undisputed Material Fact #14 (see above). As noted, that fact remains undisputed.<br><br>Plaintiffs' Additional Material Fact ("AMF") No. 66 contradicts the *Incident Video*. The three lines cited from the *Bruce Dep.* (p.30:5- |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | 7) are uncomplete to the testimony. See *Bruce dep.(*p.27:17-31:17) Undisputed Material Fact No. 14 and the cited evidence show that Hernandez drove her vehicle directly at both Bruce and Maxwell. |
| 67. The vehicle did not come close to striking any officer and neither officer was in the pathway of the vehicle when it moved forward.<br><br>Ex. C, Incident Video at 01:26-01:28. | Objection. Vague as to "close to" and "in the pathway of." Unsupported by evidence.<br><br>**Disputed.**<br><br>Plaintiffs AMF No. 67 contradicts the *Incident Video*. Defendants' Undisputed Material Fact No. 15 and the cited evidence show that Hernandez's vehicle came closer to Bruce, who was in fear for his safety (being run over) and stepped out of the way as the vehicle came within inches of his legs. |
| 68. Neither Bruce nor Maxwell was struck by the vehicle.<br><br>Ex. 1, Maxwell Dep. 39:17-21; Ex. 3, Bruce Dep. 30:1-4. | Objection. Vague as to time.<br><br>Undisputed to the extent this fact pertains to the vehicle's first forward movement. |
| 69. After Decedent moved the vehicle forward and then came to a stop, Bruce claims that he thought that Decedent was agitated at this point.<br><br>Ex. 3, Bruce Dep. 53:9-13. | Undisputed. |
| 70. Bruce cannot recall whether Decedent's car windows were all the way up and concedes that the window may have been down a few inches still.<br><br>Ex. 3, Bruce Dep. 31:18-25. | Undisputed. |
| 71. After the car reversed and then moved forward, Maxwell claims he heard Bruce say things to the driver before Bruce began to hit the window with his baton.<br><br>Ex. 1, Maxwell Dep. 47:21-48:12. | **Disputed** as to "things" since the cited testimony from Maxwell stated he heard Bruce saying "something to the effect of 'Now you're trying to run us over,' something to that effect." |
| 72. After coming to a stop, the vehicle began to reverse again. | Undisputed. |

76

660982.1

| | |
|---|---|
| Ex. C, Incident Video at 01:28-01:30. | |

**The Officers Escalate the Encounter in an Attempt to Take Decedent into Custody**

| | |
|---|---|
| 73. As the vehicle reversed, Bruce approached the driver's side door and started to strike the driver's side window with the bottom of his baton, while positioning his left foot extended forward near the front left tire.<br><br>Ex. 3, Bruce Dep. 33:3-6, 38:10-14; Ex. C, Incident Video at 01:29-01:31. | **Disputed**<br><br>Disputed as to the portion stating, "near the front left tire." This portion of Plaintiffs' AMF mischaracterizes the cited testimony. The cited portion only speaks to Bruce extending his foot forward. Bruce stated the opposite, "When I was standing next to the vehicle, I would have placed myself directly in front of the door in which the window I was striking. So I don't believe it was in front of the tire when I was striking the window." (*Bruce Dep.*, p.38:15-20). |
| 74. A reasonable officer acting pursuant to standard police practices and training would not have believed there was reasonable suspicion to detain or probable cause to arrest Ms. Hernandez at the time Officer Bruce approached the vehicle and began to strike the driver's side window with his baton.<br><br>DeFoe Decl. ¶ 6. | Objection. Irrelevant and immaterial. Mischaracterizes evidence. Speculation and lacks foundation.<br><br>This fact represents DeFoe's *opinion*, which itself is speculative and lacks foundation (DeFoe could not point to any training material supporting this dispute) – See "*DeFoe Dep.*, p.64:16-p.65:11 and p.81:22-p.82:25.<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, *supra*, and its progeny.<br><br>Under Evidence Code Section 801 the foundational matter relied on must provide a reasonable basis for the particular opinion offered, and irrelevant or speculative matters are not a proper basis for an expert's opinion. |
| 75. Bruce's plan was to bash open the driver's side window and pull Decedent out of the vehicle.<br><br>Ex. 3, Bruce Dep. 32:15-33:2; Ex. 4, Bruce Int. 18:792-795. | Undisputed. |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| 76. Bruce did not make tactical plan or have any discussion with Maxwell prior to bashing the vehicle's window.<br><br>Ex. 3, Bruce Dep. 55:15-21. | Undisputed. |
| 77. Bruce has never been able to successfully break window [*sic*] while the driver was in the car and the engine was on.<br><br>Ex. 3, Bruce Dep. 35:12-23. | Undisputed. |
| 78. Bruce has never seen an officer successfully smash a window open and stop someone from driving while the vehicle is on, in gear, and the driver is in the vehicle.<br><br>Ex. 3, Bruce Dep. 57:14-58:4. | **<u>Disputed</u>**<br><br>The cited testimony from Bruce is mischaracterized. Bruce states that he has "been through tactical training in which in the training we've done that dozens of times." |
| 79. Bruce did not give the Decedent any commands or any warning that he was going strike her window with his baton prior to striking the window.<br><br>Ex. 3, Bruce Dep. 36:2-8. | Undisputed. |
| 80. Bruce never made any gestures with his hands in an attempt to communicate with Decedent that he wanted her to stop.<br><br>Ex. 3, Bruce Dep. 53:14-16. | Undisputed. |
| 81. Bruce made the decision to not give any commands or gestures prior to approaching to smash the window.<br><br>Ex. 3, Bruce Dep. 64:15-20. | Undisputed. |
| 82. Bruce claims that the reason why he did not try to give Decedent a command or gesture to let her know he wanted her to stop prior to approaching to stop her window was because he was purely focused on the task at hand.<br><br>Ex. 3, Bruce Dep. 59:14-18. | **<u>Disputed</u>**<br><br>Incomplete to the answer of Officer Bruce. The question asked to Bruce was "Right. And is there ***a reason*** (emphasis added) why prior to approaching to smash her window, you didn't try to give her a command or some |

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | gesture or something to let her know you wanted her to stop?" *(Bruce Dep.*, p.59:14:-60:19) |
| 83. Bruce was unaware of whether the car was moving while he was focused on breaking the driver's side window.<br><br>Ex. 3, Bruce Dep. 38:25-39:6, 39:16-20 | Undisputed. |
| 84. Bruce anticipated that the vehicle was going to move while he was smashing the window.<br><br>Ex. 3, Bruce Dep. 53:25-54:5. | Objection. Mischaracterizes the evidence. Immaterial and irrelevant.<br><br>Disputed. The PAMF is an incomplete citation to the context of the testimony of the totality of the circumstances. See *Bruce Dep.* p. 53:17-54:23 |
| 85. Bruce claims that if the vehicle moved forward or backward, he intended to move along with the vehicle and match its angle while continuing to smash the window.<br><br>Ex. 3, Bruce Dep. 54:6-23. | Undisputed. |
| 86. Bruce did not know where Maxwell was while he was smashing the window with his baton and was not aware of what Maxwell was doing.<br><br>Ex. 3, Bruce Dep. 54:24-55:1, 55:6-8. | Undisputed. |
| 87. While Bruce was striking the driver's side window, Maxwell approached the moving vehicle's left rear tire and stabbed the tire with his knife.<br><br>Ex. 3, Bruce Dep. 40:16-18, 55:15-21; Ex. C, Incident Video at 01:31-01:35. | Objection. The cite is unrelated.<br><br>Undisputed as the video speaks for itself. |
| 88. Maxwell observed Bruce using his expandable baton to try and break the window before Maxwell got to the rear tire.<br><br>Ex. 1, Maxwell Dep. 40:19-41:7. | Undisputed. |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

| | |
|---|---|
| 89. Bruce struck the vehicle's window three times with his baton.<br><br>Ex. 3, Bruce Dep. 33:10-12; Ex. C, Incident Video at 01:30-33. | Undisputed. |
| 90. After Bruce's third baton strike, the car reversed further, and Bruce fell to the ground near the front left tire.<br><br>Ex. C, Incident Video at 01:32-01:34. | Undisputed. |
| 91. Bruce found himself on the ground and initially did not know what had brought him off his feet.<br><br>Ex. 3, Bruce Dep. 39:21-40:5. | Objection. Mischaracterizes the evidence.<br><br>Undisputed. |
| 92. Bruce concedes that if he had not gone up to smash the vehicle's window, he would not have been in the position to end up where he did on the ground.<br><br>Ex. 3, Bruce Dep. 52:14-24. | **Disputed**<br><br>The cited testimony was a question that was asked a second time at Bruce's request after his counsel made an objection on the record (calls for speculation – See *Bruce Dep.*, p.52:5-13). Further, Bruce's response is mischaracterized as to what he concedes. See *Bruce Dep.*, p.52:14-24 – "Yeah. I think -- I think it's fair to say that in what I was thinking, I would have never -- I would have actually never thought that a vehicle would move in the direction that it did. Instead of moving straight on or straight back, it instead kind of curled around, and I would have never anticipated that." Bruce was speaking to anticipating the vehicle's movement. |
| 93. After falling to the ground, Bruce was positioned on all fours, with his arms and legs apart.<br><br>Ex. C, Incident Video at 01:34-01:38. | Objection. Vague as to time.<br><br>Undisputed. |
| 94. After Bruce fell to the ground, the vehicle's front left tire did not stop on top of Bruce and Bruce was not pinned underneath the vehicle. | **Disputed**<br><br>Bruce testified the car stopped on his leg (see *Bruce dep*. 41:15-23) The cited portion of Mr. Phillip's deposition stated "not that I remember,". The cited portion of Mr. Bell's deposition does not state that Bruce was not |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| Ex. 6, Phillips Dep. 26:25-27:13; Ex. 7, Bell Dep. 23:10-25; Ex. C, Incident Video at 01:32-10:39. | pinned under the vehicle (See *Bell Dep.*, p.23:19-20 – "ran over it and then right when it got off of it, it kind of halted to a stop" does not indicate Bruce was not pinned). The dispute also directly contradicts the video, which speaks for itself. |
| 95. After Bruce went to the ground, he did not try to say anything to the Decedent.<br><br>Ex. 3, Bruce Dep. 45:21-23. | Undisputed. |
| **Maxwell Shoots and Kills Decedent** | |
| 96. Moments after Bruce went to the ground, Bruce looked at Maxwell and told Maxwell to shoot Decedent with his firearm.<br><br>Ex. 1, Maxwell Dep. 64:9-12; Ex. 3, Bruce Dep. 45:24-46:10 | Undisputed. |
| 97. Bruce believed that he was directing Maxwell to shoot the Decedent.<br><br>Ex. 3, Bruce Dep. 46:17-19. | Undisputed. |
| 98. After stabbing the left rear tire twice, Maxwell turned his attention to Bruce, unholstered his firearm and pointed it at the driver's side window.<br><br>Ex. C, Incident Video at 01:35-01:37. | Undisputed. |
| 99. There was a gap of time from when Maxwell drew his firearm to when he engaged his firearm during which Maxwell assessed the situation.<br><br>Ex. 2, Maxwell Int. 13:598-600. | Undisputed. |
| 100.    According to Maxwell, approximately three to five seconds passed between the time Maxwell got to the car window and when he began shooting.<br><br>Ex. 2, Maxwell Int. 14:612-618. | Undisputed. |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| 101. Maxwell discharged his firearm into the driver's side window.<br><br>Ex. C, Incident Video at 01:39. | Undisputed. |
| 102. The vehicle was not moving when the shooting started.<br><br>Ex. C, Incident Video at 01:38-01:42. | Disputed, the fact contradicts the video, which speaks for itself (See *Incident Video*, at 1:38 playback time depicting the car moving forward prior to the first shot being fired). Moreover, Plaintiffs did not retain an accident reconstruction expert such as the one retained by Defendants (Kelkar), whose report provided unambiguous evidence showing the car was moving at some point just prior to the first shot being fired – see Lines 27-32 of "Video Log" attached to *Kelkar Report*, itself attached as Exhibit "J" to Patel Decl. |
| 103. Maxwell never said anything to Decedent, including any commands to stop or a warning that he was going to shoot, prior to the shooting.<br><br>Ex. 1, Maxwell Dep. 16:19-17:6, 17:17-21, 63:12-15. | Undisputed. |
| 104. Maxwell aimed at Decedent's upper left torso.<br><br>Ex. 1, Maxwell Dep. 63:16-20. | Undisputed. |
| 105. Maxwell was able to see Decedent in the car through the circle that was created after the first shot.<br><br>Ex. 1, Maxwell Dep. 63:24-64:4 | Undisputed. |
| 106. Maxwell had the impression that his shots were striking Decedent in the car because he could see the initial impact as he began shooting and could see that his continued shots appeared to be striking her.<br><br>Ex. 1, Maxwell Dep. 65:14-23. | Undisputed. |

82

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| 107.    After the first or second shot, Decedent's head fell forward and landed on the steering wheel.<br><br>Ex. 8, Hoberg Dep. 47:9-15, 61:5-17. | Undisputed. |
| 108.    After the first two shots, Decedent's head and upper body moved away from the driver's side and down towards passenger seat area.<br><br>Ex. C, Incident Video at 01:39-01:40. | Objection. Calls for speculation.<br><br>**Disputed**<br>As to what the video show of decedent's head moving. |
| 109.    After the first two shots, the car slowly moved forward in a straight line and Bruce moved away from near the front left tire.<br><br>Ex. C, Incident Video at 01:40-01:42. | Undisputed. |
| 110.    Bruce was not in the direct pathway of the vehicle when it started to move forward.<br><br>Ex. 7, Bell Dep. 42:16-23, 44:11-45:5; Ex. C, Incident Video at 01:39-01:43. | Undisputed. |
| 111.    The car never attempted to make a turn when it moved forward; it generally moved in a straight direction the entire time.<br><br>Ex. 7, Bell Dep. 49:3-15; Ex. C, Incident Video at 01:39-01:43. | Undisputed. |
| 112.    When the car rolled forward, it was moving at approximately 2 miles per hour.<br><br>Ex. 7, Bell Dep. 43:2-44:1; Ex. C, Incident Video at 01:39-01:43. | Undisputed. |
| 113.    Bruce claims he heard two back-to-back shots and then felt the vehicle move off his leg.<br><br>Ex. 3, Bruce Dep. 67:1-6; Ex. 4, Bruce Int. 23:1010-1021. | Undisputed. |

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| 114. Maxwell fired five additional shots after the initial two shots for a total of seven shots.<br><br>Ex. 1, Maxwell Dep. 12:23-13:9; Ex. C, Incident Video at 01:39-01:41 | Undisputed. |
|---|---|
| 115. Maxwell claims he would not have had to shoot if Decedent had stopped and complied with directions after driving forward in the officers' direction.<br><br>Ex. 2, Maxwell Int. 14:650-653 | Objection. Mischaracterizes evidence.<br><br>Maxwell did not testify "would not have," Maxwell's actual statement was "*Likely* no." |
| 116. Maxwell claims Maxwell would not have used his firearm against Decedent had Decedent not been manipulating her car or looked like she was going to comply after striking Bruce.<br><br>Ex. 2, Maxwell Int. 14:655-15:659 | Undisputed. |
| 117. Decedent sustained seven gunshot wounds to her body.<br><br>Ex. 9, Autopsy at 2. | Undisputed. |
| 118. One of the gunshot wounds entered her left mid-back and had a back to front, left to right, and sharply upward trajectory.<br><br>Ex. 9, Autopsy at 2. | Undisputed. |
| 119. Another gunshot wound entered the lateral left torso and had a left to right, slightly front to back, and sharply upward trajectory.<br><br>Ex. 9, Autopsy at 2. | Undisputed. |
| 120. The bullets broke Decedent's jaw and left upper arm, damaged structures in her neck, and tore through her left lung with resultant accumulation of blood in her left chest cavity.<br><br>Ex. 9, Autopsy at 3. | Undisputed. |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| 121.     Decedent died as a result of her gunshot wounds.<br><br>Ex. 9, Autopsy at 3. | Undisputed. |
| 122.     Bruce did not sustain any broken bones or any injury that required surgical intervention as a result of the incident.<br><br>Ex. 3, Bruce Dep. 50:4-6, 50:13-24. | Undisputed. |
| 123.     Bruce only sustained abrasions and contusions to his left knee, right knee, and abrasions to his hands.<br><br>Ex. 5, Bruce Injury Photos. | Undisputed. |

**The Officers' Pre-Force Conduct and Uses of Force Violated Standard Police Practices and Training**

| | |
|---|---|
| 124.     Based on the circumstances of this incident, a reasonable police office acting consistent with standard police practices and training would have initially determined that Decedent was mentally ill or experiencing a mental health crisis.<br><br>DeFoe Decl. ¶ 5. | Objection. Speculative. Lacks foundation. Irrelevant.<br><br>**Disputed**<br><br>Unsupported by DeFoe's testimony – See *DeFoe Dep*., p.47:15-p.49:12; p.28:20-p.29:11. p. 64:16-22 p. 27:10<br><br>Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). ("Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.") |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 125.    Officers are trained to recognize cues and other indicators of a mental illness in order to make appropriate decisions regarding intervention strategies.<br><br>DeFoe Decl. ¶ 5. | Objection. Speculative. Irrelevant. Immaterial.<br><br>Undisputed. |
| 126.    Despite Decedent exhibiting indicators of a mental illness, including Bruce determining that Decedent was not in her right state of mind and was crazy, Bruce and Maxwell failed to initially determine that Decedent was mentally ill or was experiencing a mental health crisis.<br><br>DeFoe Decl. ¶ 5. | Objection. Speculative. Lacks foundation.<br><br>**Disputed**<br><br>Unsupported by DeFoe's testimony – See *DeFoe Dep*., p.47:15-p.49:12; p.28:20-p.29:11. p. 64:16-22 p. 27:10<br><br>Facts cited in deposition testimony #124. Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.") |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Bruce Dep.*, p.27:1-11, p.62:10-13; *DeFoe Dep.*, p.47:15-p.49:12; p.28:20-p.29:11. p.64:16-22.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, supra 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 127.    There was a gross lack of situational awareness and fundamental tactical errors made by Maxwell and Bruce in this incident.

DeFoe Decl. ¶ 7. | Objection. Speculative. Lacks foundation.

**Disputed**

Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")

The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Bruce Dep.*, p.27:1-11, p.62:10-13; *DeFoe Dep.*, p.47:15-p.49:12; p.28:20-p.29:11. Also, DeFoe is not an accident reconstruction expert and could not point to any training material supporting |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | Plaintiff's AMF) – See "*DeFoe Dep.*, at p.39:3-p.46:15.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 128.    The officers failed to formulate a tactical plan prior to their initial approach Decedent and prior to approaching Decedent to detain her.<br><br>DeFoe Decl. ¶ 7. | Objection. Argumentative. Vague as to time, "initial approach," and "prior to approaching Decedent to detain her." Speculative. Lacks foundation. Irrelevant. Immaterial.<br><br>**Disputed**<br><br>Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. Also, this AMF is unsupported by DeFoe's testimony. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep.*, at p.-p.73:21-p.78:18. |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

| | |
|---|---|
| | See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 129.     The poor tactical choices and errors made by the officers during this incident include failing to recognize that Decedent may have a mental illness and responding appropriately pursuant to their training, failing to tactically position themselves in a position of cover and away from Decedent's vehicle when it began moving, failing to communicate with each other during the incident, positioning themselves near or in the pathway of a moving vehicle despite anticipating that the vehicle would continue to move, unnecessarily escalating the situation by using force without attempting to communicate, give commands, or give warnings, and not being aware of where their partner was during the incident.<br><br>DeFoe Decl. ¶ 7. | Objection. Argumentative. Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial.<br><br>**Disputed**<br><br>Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.<br><br>Also, this AMF is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep.*, at |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington, supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 130.   Had the officers not made such poor tactical decisions and errors, the shooting would not have happened.<br><br>DeFoe Decl. ¶ 7. | Objection. Argumentative. Vague as to time. Speculative. Lacks foundation. Irrelevant. Immaterial.<br><br>**Disputed**<br><br>Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.<br><br>Also, this AMF is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting |

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | Plaintiff's AMF) – See "*DeFoe Dep.*, at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 131.    A reasonable officer acting consistent with standard police practices would have acted according to their training regarding how to deal will mentally ill persons or persons experiencing a mental crisis and would have attempted to deescalate and utilize proper defusing techniques.<br><br>DeFoe Decl. ¶ 8 | Objection. Argumentative. Speculative. Lacks foundation. Irrelevant.<br><br>**Disputed**<br><br>Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.<br><br>Also, this AMF is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting |

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | Plaintiff's AMF) – See "*DeFoe Dep.*, at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 132.    Bruce's use of the baton to strike the driver's side window violated standard police practices and training and unnecessarily escalated the situation.<br><br>DeFoe Decl. ¶ 9. | Objection. Speculative. Lacks foundation.<br><br>**Disputed**<br><br>Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.<br><br>Also, this AMF is unsupported by DeFoe's testimony and lacks foundation. DeFoe could not point to any training material supporting |

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | Plaintiff's AMF) – See "*DeFoe Dep.*, at p.81:22-83:11.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 133.     A reasonable officer acting consistent with police practices and training, confronted with the facts of this incident, would not have used lethal force in this situation.<br><br>DeFoe Decl. ¶ 10. | Objection. Argumentative. Speculative. Lacks foundation.<br><br>**Disputed**<br><br>Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.<br><br>Also, this AMF is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep.*, at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18, p.64:23-p.65:11; |

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | p.87:3-23.  This AMF also directly contradicts the video evidence, which speaks for itself.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))."

Also, this AMF is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep*., at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18, p.64:23-p.65:11; p.87:3-23.  This AMF also directly contradicts the video evidence, which speaks for itself.

See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 134.     This was not an immediate defense of life situation and under the facts of this case, Maxwell could not shoot Decedent after Bruce was not under the vehicle or in a position where he or Maxwell could be struck by the vehicle.

DeFoe Decl. ¶ 10. | Objection. Argumentative. Speculative. Lacks foundation.

**Disputed**

Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.<br><br>Also, this AMF is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep.*, at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18, p.64:23-p.65:11; p.87:3-23.  This AMF also directly contradicts the video evidence, which speaks for itself.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 135.     Officers are trained that shooting at a moving vehicle is rarely effective and the officers should move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. | Objection. Speculative. Mischaracterizes evidence. Lacks Foundation.<br><br>**Disputed**<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. |

95

| DeFoe Decl. ¶ 11; Ex. 1, Maxwell Dep. 70:14-71:1, 71:5-23, 72:12-18. | Plaintiffs' AMF ignores and mischaracterizes portions of Maxwell's cited testimony. See, i.e., *Maxwell Dep.*, p.70:20-22 – "It is not a "shall not" shoot at a moving vehicle, but it's something that the context needs to really require it…"; *Maxwell Dep.*, p.71:9-12 – "Well, generally discouraged would be your word. We would try to attempt other methods, but again, it's not all encompassing. It doesn't prevent us from doing it when we have no other option." |
| --- | --- |
| | See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 136.    Officers are taught that if a driver is wounded or killed while operating a motor vehicle, it could cause the driver to lose control of the vehicle, making it more dangerous for those around the vehicle.<br><br>DeFoe Decl. ¶ 11. | Objection. Speculative. Irrelevant. Immaterial. Lacks foundation.<br><br>**Disputed**<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny.<br><br>DeFoe's Dec. does not refer to any specific training materials to support the cited evidence.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| 137. Officers are trained that moving to cover, repositioning, and/or waiting for additional responding units to gain and maintain a superior tactical advantage may maximize officer and public safety and minimizes the necessity for using lethal force.<br><br>DeFoe Decl. ¶ 11. | Objection. Speculative. Irrelevant. Immaterial. Lacks foundation.<br><br>**Disputed**<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny.<br><br>DeFoe's Dec. does not refer to any specific training materials to support the cited evidence.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 138. Officers are trained that lethal force must be a last resort and used only in the direst of circumstances.<br><br>DeFoe Decl. ¶ 12. | **Disputed**<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. |
| 139. Officers are further trained that they must show a reverence for human life and to consider other reasonable measures available prior to using lethal force.<br><br>DeFoe Decl. ¶ 12. | Undisputed. |
| 140. Maxwell had other reasonable measures available to him at the time he used lethal force, including but not limited to issuing commands and warnings and moving to a position of cover.<br><br>DeFoe Decl. ¶ 12. | Objection. Speculative. Lacks foundation.<br><br>**Disputed**<br><br>Plaintiff's expert testified Officer Maxwell had no other force available to stop decedent from operating her car as a lethal weapon if it ran over Officer Bruce. See *Defoe dep.* 89:17-90:2. Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While |

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.") <br><br> The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13. <br><br> Also, this AMF is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting Plaintiff's AMF) – See "*DeFoe Dep.*, at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18, p.64:23-p.65:11; p.87:3-23. This AMF also directly contradicts the video evidence, which speaks for itself. <br><br> See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, supra 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 141.    Officers are trained that they are responsible for justifying every shot. <br><br> DeFoe Decl. ¶ 13; Ex. 1, Maxwell Dep. 76:11-13. | Undisputed. |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| 142. Officers are also trained that subjective fear is insufficient to justify the use of lethal force and that an overreaction in using force is excessive force.<br><br>DeFoe Decl. ¶ 13 | Undisputed. |
| 143. The number of shots by Maxwell violated standard police practices and training as it was clear to Maxwell that his initial shots struck Decedent, Decedent was incapacitated by the initial shots, and Bruce was able to move away from the vehicle after the initial two shots.<br><br>DeFoe Decl. ¶ 13. | Objection. Speculation, Argumentative. evidence. Lacks foundation. Assumes facts not in evidence.<br><br>**Disputed**<br><br>As mentioned above, this AMF cited to Hoberg's testimony as to what Decedent's body did and not what Maxwell testified or stated he observed. The standard is totality of the circumstances/ objective reasonableness based on the officer's knowledge and observations under *Graham*, supra, and its progeny.<br><br>DeFoe's Dec. does not refer to any specific training materials or policy or internal investigation to support the cited evidence.<br><br>Also, this AMF is unsupported by DeFoe's own testimony that shows a lack of foundation. DeFoe conceded he is not an accident reconstruction expert. DeFoe could not point to any training material supporting Plaintiff's AMF and conceded that he did not perform forensic video analysis. See "*DeFoe Dep.*, at p.39:3-5, p.93:2-p.97:20. This AMF also directly contradicts the video evidence, which speaks for itself.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| 144.   Officers are trained to give a warning, when feasible, prior to using force in order to give the suspect the opportunity to comply and avoid the use of force.<br><br>DeFoe Decl. ¶ 14; Ex. 1, Maxwell Dep. 76:8-10. | Undisputed. |
| 145.   It was feasible for Bruce to provide commands or a warning prior to using his baton to strike the driver's side window but failed to do so.<br><br>DeFoe Decl. ¶ 14. | Objection. Speculative. Lacks foundation.<br><br>**<u>Disputed</u>**<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny.<br><br>Also, this AMF lacks foundation and is unsupported by DeFoe's declaration. DeFoe conceded he is not an accident reconstruction expert. See *DeFoe Dep.*, at p.39:3-5; p.64:23-p.65:11; p.87:3-23.  This AMF also directly contradicts the video evidence, which speaks for itself.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 146.   It was feasible for Maxwell to provide commands and a warning prior to his use of lethal force but failed to do so.<br><br>DeFoe Decl. ¶ 14. | Objection. Speculative. Lacks foundation.<br><br>**<u>Disputed</u>**<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.17:1-3, p.63:12-15.<br><br>Also, this AMF lacks foundation and is unsupported by DeFoe's declaration. DeFoe conceded he is not an accident reconstruction |

660982.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

| | |
|---|---|
| | expert. See *DeFoe Dep.*, at p.39:3-5; p.64:23-p.65:11; p.87:3-23.  This AMF also directly contradicts the video evidence, which speaks for itself. |
| | See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington*, *supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 147.    A reasonable officer acting pursuant to standard police practices and training would have given a warning prior to striking the driver's side window with a baton and prior to using deadly force under the circumstances of this incident.<br><br>DeFoe Decl. ¶ 14. | Objection. Argumentative. Speculative. Lacks foundation. Irrelevant. Immaterial.<br><br>**<u>Disputed</u>**<br><br>Also, See *Hart v. City of Redwood City*, 99 F.4th 543, 554 (9th Cir. 2024) ("While "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis performed above, and any mental health crisis Hart experienced is considered in view of the surrounding circumstances.")<br><br>The standard is totality of the circumstances/ objective reasonableness under *Graham*, supra, and its progeny. See *Maxwell Dep.*, p.48:13-15. See *Bruce Dep.*, p.27:1-11, p.62:10-13.<br><br>Also, this AMF is unsupported by DeFoe's testimony. DeFoe conceded he is not an accident reconstruction expert. See "*DeFoe* |

| | |
|---|---|
| | *Dep.*, at p.28:20-p.29:11, p.39:3-p.46:15, p.47:15-p.49:12; p.73:21-p.78:18, p.64:23-p.65:11; p.87:3-23.  This AMF also directly contradicts the video evidence, which speaks for itself.<br><br>See also *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1150 (E.D. Cal 2005) ("Moreover, the Ninth Circuit has held that, "even for summary judgment purposes, 'the fact that an expert disagrees with the officer's actions does not render the officer's actions unreasonable.'" *Billington, supra* 292 F.3d at 1189 [overruled on other grounds] (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994))." |
| 148.    The Redding Police Department Policy 300.4.1 advises officers that an officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the imminent threat of the vehicle or if deadly force other than the vehicle is directed at the officer or others.<br><br>Ex. 1, Maxwell Dep. 80:24-81:6. | Undisputed. |
| 149.    Maxwell never saw Decedent in the car with a gun or pointing a gun at Maxwell.<br><br>Ex. 1, Maxwell Dep. 81:7-10. | Undisputed. |

Dated:  May 28, 2024

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP

By:    */s/AMEET D. PATEL*
DALE L. ALLEN, JR.
AMEET D. PATEL
Attorneys for Defendants
CITY OF REDDING, GARRETT MAXWELL and MATTHEW BRUCE

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

REPLY SEPARATE STATEMENT
2:22-CV-00585-WBS-JDP

660982.1