**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**LAW OFFICE OF STEWART KATZ**
Stewart Katz, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MCLEOD, individually and as successor in interest to decedent, DOLORES HERNANDEZ; AMADO HERNANDEZ, individually and as successor in interest to decedent, DOLORES HERNANDEZ; and YSIDRA REGALDO, individually,<br><br>Plaintiffs,<br>vs.<br><br>CITY OF REDDING; GARRETT MAXWELL, an individual; MATTHEW BRUCE, an individual; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00585-WBS-JDP<br><br>*Honorable William B. Shubb*<br><br>**PLAINTIFFS' PRETRIAL STATEMENT PURSUANT TO LR 281**<br><br>Pretrial Conference: July 1, 2024<br>1:30 p.m. |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs Veronica McLeod, individually and as successor in interest to decedent, Dolores Hernandez; and Amado Hernandez, individually and as successor in interest to decedent, Dolores Hernandez, ("Plaintiffs"), by and through their counsel of record hereby submit the following Pretrial Statement pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 281, and the Order of this Court.

1. **STATEMENT OF THE CASE**

This case arises out of the City of Redding Police Department officers' detainment and use of force, including deadly force, against Decedent Dolores Hernandez on December 2, 2020 at Discovery Village, located at 913 Dana Drive in Redding, California, which resulted in her death.

The Plaintiffs in this case are Decedent's adult children, Veronica McLeod and Amado Hernandez. Plaintiffs contend that the Defendant Officers Garrett Maxwell and Matthew Bruce unreasonably detained Decedent, were negligent in their conduct towards Decedent, used unreasonable force against Decedent, and violated the Bane Act in their conduct, ultimately causing Decedent's death. Plaintiffs are seeking damages as permitted by law.

Defendants deny these claims. The Defendants contend that Officers Maxwell and Bruce's detention of Decedent and subsequent uses of force, including deadly force, against Decedent was reasonable under the circumstances.

2. **JURISDICTION AND VENUE**

Plaintiffs' causes of action arise under 42 U.S.C. §1983, making subject matter jurisdiction proper under 28 U.S.C. §§1331 and 1343. The Court has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. §1367. Venue is proper in the Eastern District of California under 28 U.S.C. §1391 because the incident occurred in the City of Redding and the Defendants reside in Shasta County. There is no dispute concerning jurisdiction or venue regarding the 42 U.S.C. §1983 cause of action.

3. **JURY TRIAL**

Plaintiffs have requested a jury trial as to all triable issues.

4. **UNDISPUTED FACTS**

Plaintiffs propose the following undisputed facts:

a) Defendant City of Redding ("City") is a municipal entity, a political subdivision of the State of California.

b) At all relevant times during the incident, Officer Garett Maxwell and Officer Matthew Bruce were acting within the course and scope of their employment as officers for the Redding Police Department.

c) At all relevant times during the incident, Officer Maxwell and Officer Bruce were acting under color of law.

d) The incident occurred on December 2, 2020.

5. **DISPUTED FACTUAL ISSUES**

a) Whether the officers knew or should have known that Decedent was potentially mentally ill or suffering from a mental health crisis and should have followed their training regarding de-escalation in dealing with mentally-il persons;

b) Whether the officers should have positioned themselves in a position of cover outside the pathway of the vehicle when the vehicle started to back out;

c) Whether Decedent intentionally drove her vehicle at the officers as the officers walked near the front of her vehicle;

d) Whether a reasonable officer would have believed that he had reasonable suspicion to detain or probable cause to arrest Decedent for assault with a deadly weapon after Decedent drove the car forward;

e) Whether it was feasible for the officers to give Decedent commands or a warning prior to Officer Bruce approaching the driver's window to strike the window with his baton and Officer Maxwell approaching the rear tire to deflate with his knife;

f) Whether Decedent was an immediate threat to anyone at the time Officer Bruce approached the driver's window to strike the window with his baton and Officer Maxwell approached the rear tire to deflate with his knife;

g) Whether the officers should have repositioned themselves in a position of cover outside the pathway of the vehicle instead of approaching the vehicle with their baton and knife;

h) Whether the officers unnecessarily escalated the situation when they approached the vehicle and Officer Bruce struck the driver's window multiple times with his baton while Officer Maxwell stab the rear tire with his knife;

i) Whether it was feasible for Officer Maxwell to give commands or a warning prior to his use of deadly force;

j) Whether Decedent was an immediate threat of death or serious bodily injury to anyone when the shooting began and/or during the shooting;

k) Whether Officer Maxwell firing seven shots was unreasonable; and

l) Whether the officers acted in reckless disregard of Decedent's rights.

## 6. DISPUTED EVIDENTIARY ISSUES

Plaintiffs intend to bring motions *in limine*, submit trial briefs, and/or seek the Court's direction and assistance on the following issues:

a) Exclude evidence or references to Decedent's criminal history and prior contacts with law enforcement that was unknown to the officers at the time of the incident;

b) Exclude evidence or references to Decedent's history with drugs and alcohol and the results of the toxicology test acquired at the time of autopsy;

c) Exclude testimony and opinions of Defendants' accident reconstructionist Rajeev Kelkar, PhD;

d) Exclude improper lay witness testimony;

e) Exclude evidence or references to any findings that the officers' conduct and/or use of force was not criminal, was reasonable, justified, and/or was within policy; and

f) Possible bifurcation of trial into two phases: (1) liability and predicate question to punitive damages, and (2) damages, depending on the Court's ruling on Plaintiffs' motions *in limine* to exclude certain evidence.

//

//

## 7. SPECIAL FACTUAL INFORMATION

**Tort Action for Personal Injury/Wrongful Death**

    a)  **Nature of the Incident**

This case arises out of Redding Police Department officers' detainment and use of force against Decedent Dolores Hernandez on December 2, 2020, in Redding, California that resulted in her death. The primary issues to be evaluated by the trier of fact is the "objective reasonableness" of Officer Maxwell and Bruce's detention and arrest of Decedent, tactical conduct and decisions leading up to their use of force, their subsequent uses of force, Decedent's negligence if any, whether the officers acted in reckless disregard of Decedent's rights, and whether punitive damages are warranted and the extent thereof.

    b)  **Plaintiffs' Age and Damages**

Veronica McLeod is 34 years old. Veronica McLeod brings claims individually and as Decedent's successor in interest and seeks survival damages on behalf of Decedent and wrongful death damages. Amado Hernandez is 32 years old. Amado Hernandez brings claims individually and as Decedent's successor in interest and seeks survival damages on behalf of Decedent and wrongful death damages. Plaintiffs further seek funeral and burial damages and the value of Decedent's car that was damaged on the day of the incident.

    c)  **Dependents, Decedent's Contributions, Decedent's Physical Condition, and Decedent's Education and Training**

The Plaintiffs are Decedent's adult children and therefore were not dependent on Decedent. Decedent did not have any dependents at the time of her death. Decedent was 59 years old at the time of her death. Decedent previously had a kidney transplant in 2015 and had been diagnosed with bipolar disorder and depression but was otherwise in healthy condition. Decedent obtained a master's degree and worked as a social worker prior to her death.

## 8. RELIEF SOUGHT

Plaintiffs seek survival damages pursuant to their section 1983 claim for unreasonable detention in violation of the Fourth Amendment to the U.S. Constitution and seek survival damages pursuant to their claim for violation of the Bane Act. Further, Plaintiffs seek wrongful

death damages for their loss of Decedent's love, companionship, affection, guidance, society, and support, as well as survival damages of pre-death pain, suffering, and disfigurement as permitted by California Code of Civil Procedure section 377.34, pursuant to their state law claims for battery and negligence. Plaintiffs seek punitive damages pursuant to their federal unreasonable detention claim and their state law claims for battery and violation of the Bane Act.  Plaintiffs seek attorneys' fees under state and federal law.  Plaintiffs also seek to recover costs of suit.

9. **POINTS OF LAW**

**Claim 1**:    **Unreasonable Detention/Arrest (Survival Claim, Fourth Amendment).**

Officers Maxwell and Bruce unreasonably detained and arrest Decedent without reasonable suspicion or probable cause, in violation of her Fourth Amendment rights and 42 U.S.C. § 1983.

Plaintiffs seek survival damages, punitive damages and reasonable attorneys' fees under this claim.

Elements:

1. Officers Maxwell and Bruce seized Decedent;
2. In seizing Decedent, Officers Maxwell and Bruce acted intentionally; and
3. The seizure was unreasonable.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.20.

Elements for Unreasonable Seizure – Terry Stop

1. Officers Maxwell and Bruce seized Decedent; and
2. Officers Maxwell and Bruce lacked reasonable suspicion that Decedent was engaged in criminal activity.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.21.

Elements for Unreasonable Seizure – Probable Cause Arrest

1. Officers Maxwell and Bruce arrested Decedent; and
2. Officers Maxwell and Bruce did not have probable cause to believe that Decedent had committed or was committing a crime.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.23.

**Claim 2:      Battery (Wrongful Death Claim, State Law).**

Officers Maxwell and Bruce acted unreasonably in their pre-force conduct and use of force against Decedent. Plaintiffs allege that the City of Redding is vicariously liable for the wrongful death of Decedent under the state law claims. *See* CAL. GOV'T CODE §§815.2(a); 820(a).

Plaintiffs seek survival damages, wrongful death damages and reasonable attorney fees under this claim.  Plaintiffs also seek recovery for funeral and burial expenses and the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. *See* CACI 3921.

Elements:

1. Officers Maxwell and Bruce acted unreasonably in their pre-force conduct and/or use of force against Decedent;
2. Officers Maxwell and Bruce's unreasonable pre-force conduct and/or use of unreasonable force was a substantial factor in causing Decedent's injuries, harm and/or death.

*See* CACI 1305B.

**Claim 3:      Negligence (Wrongful Death Claim, State Law).**

Plaintiffs contend that Officers Maxwell and Bruce, while acting in the course and scope of their employment as Redding Police Department officers, were negligent in their tactical conduct and decisions before using force on Decedent and used unreasonable force on Decedent.  *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-8 (Cal. 2013).  Plaintiffs allege that the City of Redding is vicariously liable for Officers Maxwell and Bruce's negligence.  *See* CAL. GOV'T CODE §§815.2(a); 820(a).

Plaintiffs seek wrongful death damages under this claim, recovery for funeral and burial expenses and the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. *See* CACI 3921.

Elements:

1. Officers Maxwell and Bruce acted unreasonably in their pre-force conduct and/or use of force against Decedent;

    2.       Officers Maxwell and Bruce's unreasonable pre-force conduct and/or use of unreasonable force was a substantial factor in causing Decedent's injuries, harm and/or death.

*See* CACI 441.

**Claim 4:**      **Violation of the Bane Act (Cal. Civ. Code § 52.1).**

Plaintiffs contend that Officers Maxwell and Bruce, while acting in the course and scope of their employment as Redding Police Department police officers, violated the Bane Act, CAL. CIV. CODE § 52.1. Further, Plaintiffs allege that the City of Redding is vicariously liable for the officers' actions. *See* CAL. GOV'T CODE §§815.2(a); 820(a). Section 52.1 does not require a showing of "threats, intimidation and coercion" separate from an underlying constitutional violation. *See Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9thCir. 2018); *see also Cornell v. City and County of San Francisco* 225 Cal.Rptr.3d at 382-83 (2017) (holding that "[n]othing in the text of the statute requires that the offending 'threat, intimidation or coercion' be 'independent' from the constitutional violation alleged" and "that the use of excessive force can be enough to satisfy the 'threat, intimidation or coercion' element of Section 52.1."). Further, the Bane Act requires "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese*, 888 F.3d at 1045. A reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights. *Id.*

Plaintiffs seek survival damages, treble damages, punitive damages and reasonable attorneys' fees under this claim.

Elements:

    1.       Officers Maxwell and Bruce unreasonably detained and/or used unreasonable force against Decedent;

    2.       Officers Maxwell and Bruce intended to violate Decedent's right to be free from excessive force by demonstrating a reckless disregard for Decedent's constitutional rights;

    3.       Decedent was harmed; and

    4.     Officers Maxwell and Bruce's unreasonable detention and/or use of unreasonable force were a substantial factor in causing Decedent harm.

*See* CACI 3066.

## 10. ABANDONED AND PREVIOUSLY DECIDED ISSUES

At the summary judgment stage, Plaintiffs abandoned the following claims: (1) Fourth Amendment Denial of Medical Care; (2) Municipal Liability – Ratification; (3) Municipal Liability – Inadequate Training; and (4) Municipal Liability – Unconstitutional Custom, Practice or Policy. The Court granted summary judgment based on qualified immunity on Plaintiffs' Fourth Amendment Excessive Force claim and Fourteenth Amendment Substantive Due Process claim.

## 11. REMAINING CLAIMS

Plaintiffs maintain the following claims:

1. Fourth Amendment – Unreasonable Detention and Arrest
2. State Law Battery by a Peace Officer (wrongful death)
3. State Law Negligence by a Peace Officer (wrongful death)
4. Violation of California Civil Code Section 52.1 (Bane Act)

## 12. WITNESS LISTS

Plaintiffs' witness list is attached as Exhibit "A" to this Pretrial Statement.

## 13. EXHIBIT LISTS

Plaintiffs' exhibit list is attached as Exhibit "B" to this Pretrial Statement.

## 14. DISCOVERY DOCUMENTS TO BE OFFERED AT TRIAL

Plaintiffs do not expect to offer any portions of depositions, answers to interrogatories, and/or responses to requests for admission, other than for impeachment purposes.

## 15. NON-DISCOVERY MOTIONS

On April 24, 2024, Defendants filed a Motion for Summary Judgment, or in the Alternative, Summary Adjudication on all claims asserted. (*See* Dkt. No. 27). Plaintiffs timely opposed, while voluntarily dismissing their Fourth Amendment Denial of Medical Care claim and Municipal Liability claims for Ratification, Inadequate Training, and Unconstitutional Custom,

1 Practice or Policy. (*See* Dkt. No. 36). On June 12, 2024, the Court issued an order granting

2 summary judgment on Plaintiffs' Fourth Amendment Excessive Force claim and Fourteenth

3 Amendment Substantive Due Process claim. The Court denied Defendants' Motion in all other

4 respects. (*See* Dkt. No. 39).

**16. FURTHER DISCOVERY OR MOTIONS**

Plaintiffs do not intend to request further discovery or additional pretrial motions other than the potential motions *in limine* identified above.

**17. STIPULATIONS**

Plaintiffs are willing to stipulated to the listed Undisputed Facts.

**18. AMENDMENTS – DISMISSALS**

Plaintiffs have no amendments or dismissals at this time.

**19. SETTLEMENT NEGOTIATIONS**

The parties held a settlement conference before Magistrate Judge Jeremy D. Peterson on October 25, 2023. The parties were unable to resolve the case at that time. The parties have a further Settlement Conference before Magistrate Judge Jeremy D. Peterson, scheduled for September 6, 2024.

**20. AGREED STATEMENTS**

Plaintiffs are willing to stipulate to the listed Undisputed Facts. Plaintiffs are further willing to work with Defendants on a presentation of a Joint Statement of the case to be read to the jury.

**21. SEPARATE TRIAL OF ISSUES**

Plaintiffs would be agreeable to bifurcate trial into two phases: (1) liability, damages, and predicate question to punitive damages, and (2) punitive damages. Plaintiffs reserve the right to seek bifurcation of trial into two phases: (1) liability and predicate question to punitive damages, and (2) damages, based on the Court's ruling on Plaintiffs' motions *in limine*.

**22. IMPARTIAL EXPERTS – LIMITATIONS OF EXPERTS**

Plaintiffs do not believe that an appointment by the Court of impartial expert witnesses or that a limitation of the number of expert witnesses is advisable.

## 23. ATTORNEYS' FEES

If Plaintiffs are successful, Plaintiffs' counsel will file a motion seeking reimbursement for their attorneys' fees pursuant to §1988 and as permitted by the Bane Act and Cal. Civ. Code §1021.

## 24. TRIAL EXHIBITS

With the exception of presenting video and other visual exhibits in accordance with the Court's IT system, Plaintiffs do not contend that there needs to be any special handling of trial exhibits.

## 25. TRIAL PROTECTIVE ORDER

Plaintiffs do not intend to seek a protective order at this time.

## 26. ESTIMATED TRIAL DAYS

Plaintiffs estimate that trial will take approximately 4-6 court days.

## 27. MISCELLANEOUS

Plaintiffs are unaware of any miscellaneous issues that need to be addressed at this time.

Respectfully submitted,

DATED: June 18, 2024          **LAW OFFICES OF DALE K. GALIPO**
                              **LAW OFFICE OF STEWART KATZ**


                              By          */s/ Hang D. Le*
                                   Dale K. Galipo
                                   Stewart Katz
                                   Hang D. Le
                                   Attorneys for Plaintiffs
                                   VERONICA MCLEOD, AMADO HERNANDEZ, and
                                   YSIDRA REGALDO

# Exhibit A

**<u>Plaintiffs' Witness List</u>**
Veronica McLeod, et al. v. City of Redding, et al.
Case No. 2:22-cv-00585-WBS-JDP

1. Officer Garett Maxwell
2. Officer Matthew Bruce
3. Aiden Phillips
4. Richard Bell
5. Jennifer Hoberg
6. Adam Snyder
7. Patrick Carpenter
8. Deirdre Amaro, M.D.
9. Scott DeFoe
10. Veronica McLeod
11. Amado Hernandez
12. Ysidra Regaldo
13. Lucy Adams

# Exhibit B

## **Plaintiffs' Exhibit List**
Veronica McLeod, et al. v. City of Redding, et al.
Case No. 2:22-cv-00585-WBS-JDP

1. Cellphone Video of Incident (COR (McLeod) 000272)
2. Transcript of Statement of Corporal Garett Maxwell, No. 354, Internal Affairs Investigation, No. 20-0033 (COR (McLeod) 000323-000341)
3. Audio Recording of Statement of Garett Maxwell (COR (McLeod 000321, 000322, 001342)
4. Statement of Police Officer Matthew Bruce (COR (McLeod) 000346-000374)
5. Audio Recording of Statement of Matthew Bruce (COR (McLeod) 001350)
6. Redding Police Department Investigative Report (COR (McLeod 000001-000151)
7. Shasta County Sheriff Investigative Report (COR (McLeod 000152-000267)
8. Redding Police Department, Call Detail Report, Call No. 20D182724, (McLeod 001205-001220)
9. Selected Photos of the Scene, Investigation Photos, Autopsy Photos (COR (McLeod) 001416-002150
10. Photos of Garett Maxwell, after incident (COR (McLeod) 002151-002204)
11. Photos of Matthew Bruce, after incident (COR (McLeod) 001371-001415)
12. Redding Police Department, Officer-Involved Shooting Power Point, RPD No. 20R079262, 12/2/20 (COR (McLeod 002962-002991)
13. Redding Police Department, RPD Policy Manual, Policy 300, Use of Force (COR (McLeod) 000509-000518)
14. Redding Police Department, RPD Policy Manual, Policy 305, Firearms (COR (McLeod) 000544-000555)
15. Redding Police Department, Use of Force (COR (McLeod) 000268-000271).
16. Redding Police Department, Training Document, De-Escalation (COR (McLeod)
17. 001239-001243).
18. Autopsy Report of Dolores Hernandez (COR (McLeod) 000397-000425)
19. Station 5 Interview of Captain Adam Snyder (COR (McLeod) 001344)
20. Audio Recording of Interview of Aiden Phillips (COR (McLeod) 001349)
21. Death Certificate of Dolores Hernandez (PLTFS 00001)
22. Birth Certificate of Amado Hernandez (PLFTS 00002)
23. Birth Certificate of Veronica Hernandez (McLeod) (PLTFS 00003)
24. Correspondence between Plaintiff Veronica McLeod and Decedent Dolores Hernandez (PLTFS 00004-00025)
25. Pictures of Decedent Dolores Hernandez with Plaintiffs Veronica McLeod and Amado Hernandez (PLTFS 00048-00049)
26. Excerpt from Bank Statement of Veronica McLeod re Funeral and Burial Expenses (PLTFS 00050)
27. Sierra View Memorial Park Invoice (PLTFS 00051)