DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
AMEET D. PATEL, State Bar No. 343413
apatel@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:      (415) 697-2000
Facsimile:       (415) 813-2045

Attorney for Defendant
CITY OF REDDING; GARRETT MAXWELL AND MATTHEW BRUCE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MCLEOD, individually and as successor in interest to decedent, DOLORES HERNANDEZ; AMADO HERNANADEZ; individually and as successor in interest to decedent, DOLORES HERNANDEZ; and YSIDRA REGALDO, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDDING; GARRETT MAXWELL, an individual; MATTHEW BRUCE, an individual; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00585-WBS-JDP<br><br>**DEFENDANTS' PRETRIAL STATEMENT PURSUANT TO LR 281**<br><br>Hon. William B. Shubb<br><br>Pretrial Conference: July 1, 2024<br>1:30 p.m. |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**1. STATEMENT OF THE CASE**

    Defendants join with plaintiffs statement.

**2. JURISDICTION AND VENUE**

    Defendants join with plaintiffs statement.

### 3. JURY TRIAL

Defendants demanded a jury trial.

### 4. UNDISPUTED FACTS

Defendants join with plaintiffs statement.

In addition, Defendants propose the following undisputed facts.

1. Plaintiff was reported to be the cause of a disturbance, and Officers Maxwell and Bruce responded to the incident.

2. Officers Bruce and Corporal Maxwell arrived in marked police vehicles and were in the full uniforms of the Redding police department.

3. The parking lot where the incident occurred between decedent and the officers was fully lit.

4. The officers were directed to decedent by a witness, Jason Schuler.

5. Officer Bruce first contacted decedent as she was sitting in her parked car a few feet from Jason Shuler, as Corporal Maxwell spoke with the witness Jason Shuler.

6. A witness, Melody Graham, began to film the interactions between officer Bruce and decedent, on her cell phone.

7. As decedent was maneuvering her car from a parking space, she struck Officer Bruce causing him to fall and plaintiff drove her car onto his leg.

8. The officers had no knowledge of plaintiff's mental health history.

9. The officers were trained to the standards of the Peace Officers Standard and Training requirements, and of the Redding Police Department at the time of the incident.

### 5. DISPUTED FACTUAL ISSUES

Defendants join with plaintiffs statement.

### 6. DISPUTED EVIDENTIARY ISSUES

Defendants join with plaintiffs' statement and agree there are disputed evidentiary issues that will be addressed in motions in limine. Specifically the admissibility of prior incidents where decedent cause disturbances requiring police interaction and acted aggressively against police officers in the manner she drove her car; a motion in limine to limit testimony of plaintiffs expert

Scott Defoe; exclude testimony of decedent mental health issues; limit testimony re prior or post incident shootings by defendant officers; reserve on additional motions as necessary from trial preparation.

### 7. SPECIAL FACTUAL INFORMATION

Defendants join with plaintiffs statement.

### 8. RELIEF SOUGHT

Defendants join with plaintiffs statement.

### 9. POINTS OF LAW

Defendants assert they acted appropriately at all times to the law.

Defendants join with plaintiff's statement to the extent it is an accurate recitation of what plaintiffs must do to meet their burden of proof for the allegations of an Unreasonable Detention and Arrest, Battery and Negliengence, and the Bane Act.

### 10. ABANDONED AND PREVIOUSLY DECIDED ISSUES

Defendants join with plaintiffs statement.

### 11. REMAINING CLAIMS

Defendants join with plaintiffs statement.

### 12. WITNESS LIST

1. Melody Graham
2. Rick Plummer
3. Jaason Schuler
4. Aiden Phillips
5. Richard Bell
6. Ryan Hoberg
7. Jennifer Hoberg
8. Kyle Cornwall
9. Sara Shields
10. Christopher Poulos
11. Rajiv Kelkar

12. Steve Papenfuhs

13. Zack Lemire

14. Sgt. Matt Purcell

15. Detective C. Doble

16. Officer Adam Thornton

17. Officer K. Schukei

18. Sgt. Hatfield

19. Officer Zavala

20. Officer Cornwell

21. Officer Cheryl Sheppard

22. Officer Amy Rubalcaba

Defendants reserve on calling any witnesses listed in plaintiffs' statement.

## 13. EXHIBIT LISTS

Defendants adopt plaintiffs exhibit list. In addition, defendants may offer as exhibits the following;

1. Responses to Plaintiffs RFP #1, Bates 380 to Bates 2960 not otherwise identified in the plaintiff exhibit list.

2. Bates 2961, 3D illustration of scene prepared by investigation agencies.

3. Bates 2962-299 supplemental responses to plaintiff's RFP #1 not otherwise identified in plaintiff's exhibit list.

4. Bates 2995 – 3003 Officer Bruce training file

5. Bates 3004 - Ryan Hoberg video interview

6. Bates 3005-3018 Sutter S.O. reports involving decedent.

7. Bates 3041-3048 Yuba City police reports involving decedent.

8. Bates 3049-3056 Colusa S.O. reports involving decedent.

9. Bates 3057-3119 Officer Bruce Medical records.

## 14. DISCOVERY DOCUMENTS TO BE OFFERED AT TRIAL

Defendants may make a motion to the court to offer witness testimony by deposition or

video if witnesses should be unavailable after subpoena.

**15. <u>NON-DISCOVERY MOTIONS</u>**

    Defendants join with plaintiffs' statement.

**16. <u>FURTHER DISCOVERY OR MOTIONS</u>**

    None

**17. <u>STIPULATIONS</u>**

    Defendants stipulate to the undisputed facts proposed by plaintiff. Defendants will meet and confer with plaintiffs to determine what other undisputed facts may be stipulated to before trial.

**18. <u>AMENDMENTS – DISMISSALS</u>**

    N/A

**19. <u>SETTLEMENT NEGOTIATIONS</u>**

    Defendants join with plaintiffs statement.

**20. <u>AGREED STATEMENTS</u>**

    Defendants join with plaintiffs statement.

**21. <u>SEPARATE TRIAL OF ISSUES</u>**

    Defendants join with plaintiffs statement.

**22. <u>IMPARTIAL EXPERTS – LIMITATIONS OF EXPERTS</u>**

    Defendants join with plaintiffs statement.

**23. <u>ATTORNEYS' FEES</u>**

    Defendants reserve the right to file a motion for attorney fees if successful in trial.

**24. <u>TRIAL EXHIBITS</u>**

    Defendants join with plaintiffs statement.

**25. <u>TRIAL PROTECTIVE ORDER</u>**

    Defendants join with plaintiffs statement.

**26. <u>ESTIMATED TRIAL DAYS</u>**

    Defendants join with plaintiffs statement.

/ / /

5

DEFENDANTS' PRETRIAL STATEMENT
2:22-CV-00585-WBS-JDP

668114.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

**27. <u>MISCELLANEOUS</u>**

Defendants join with plaintiffs statement.

Respectfully submitted,

Dated: June 24, 2024

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: _/s/ Dale L. Allen_
DALE L. ALLEN, JR
AMEET D. PATEL
Attorneys for Defendants
CITY OF REDDING; GARRETT MAXWELL AND MATTHEW BRUCE

668114.1