UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VERONICA MCLEOD, individually and as successor in interest to decedent, DOLORES HERNANDEZ; AMADO HERNANADEZ; individually and as successor in interest to decedent, DOLORES HERNANDEZ; and YSIDRA REGALDO, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF REDDING; GARRETT MAXWELL, an individual; MATTHEW BRUCE, an individual; and DOES 2-10, inclusive,<br><br>Defendants. | No. 2:22-cv-00585 WBS JDP<br><br>FINAL PRETRIAL ORDER |

----oo0oo----

A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 282, on July 1, 2024.  Stewart Katz appeared as counsel for plaintiffs and Dale L. Allen, Jr.,

1

appeared as counsel for defendants.[1]  Following the conference, the court enters this Final Pretrial Order:

I. Jurisdiction – Venue

Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343(a), because plaintiffs assert a claim for violation of constitutional rights under 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 1367, the court has supplemental jurisdiction over plaintiffs' state law claims, which arise from the same course of conduct as plaintiffs' federal claims.  Venue is undisputed and is hereby found to be proper.

II. Jury – Non-Jury

All parties have demanded a jury trial.  Accordingly, the action shall be tried, pursuant to Federal Rule of Civil Procedure 48, before a jury consisting of six to nine jurors, and the jury must be unanimous.  The parties have agreed that the court shall select nine jurors.

III. Statement of Case, Jury Instructions, and Proposed Form of Verdict

No later than twenty-one days before the trial date, the parties shall submit a joint statement of the case to be read to the jury.

No later than twenty-one days before the trial date, counsel for plaintiffs shall lodge and serve, pursuant to Local Rule 163, copies of all jury instructions that plaintiffs request be given on plaintiffs' claims.  At that time, counsel

---

[1]  As discussed in the court's summary judgment order (Docket No. 39 at 5-6), Officers Bruce and Maxwell are the only remaining defendants because plaintiffs have abandoned their municipal liability claims.

for plaintiffs shall also file and serve a copy of a proposed form of verdict.

No later than fourteen days before the trial date, counsel for defendants shall file and serve any objections to the instructions proposed by plaintiffs.  At the same time, counsel for defendants shall lodge and serve, pursuant to Local Rule 163, copies of any and all jury instructions not already proposed by plaintiffs, which defendants request be given.  Also at that time, counsel for defendants shall file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiffs' proposed form of verdict.

No later than seven days before the trial date, counsel for plaintiffs shall file and serve any objections to the instructions proposed by defendants and to any proposed form of verdict.

Pursuant to Local Rule 163, any other instructions thereafter presented will be refused unless it is shown either: (1) that the necessity for the request arose in the course of trial; could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the action; and the request for such additional instructions is presented to the court as promptly as possible; or (2) that the refusal to give such instructions would constitute plain error.

Likewise, any objections to proposed instructions not made in accordance with this order will be overruled as untimely unless it is shown either: (1) that the grounds therefor arose in the course of trial and the intention to make such objections is communicated to the court as promptly as possible, or (2) that

the giving of such instructions would constitute plain error.

## IV. Voir Dire Questions

No later than fourteen days before the trial date, counsel for each party shall submit all proposed jury voir dire questions they wish to have the court ask the jury. The court will conduct the jury voir dire. Thereafter, each side shall have 20 minutes for voir dire by counsel.

## V. Trial Briefs

No later than fourteen days before the trial date, counsel for each party shall file trial briefs, which shall include any motions in limine, pursuant to Local Rule 285.

## VI. Remaining Claims[2]

Plaintiffs' claims for trial consist of the following:

(1) Fourth Amendment Unreasonable Detention and Arrest under 42 U.S.C. § 1983;

(2) State Law Battery by a Peace Officer (wrongful death);

(3) State Law Negligence by a Peace Officer (wrongful death); and

(4) Violation of California Civil Code Section 52.1 (Tom Bane Act).

## VII. Witnesses

(A) Plaintiffs anticipate calling the witnesses identified at Exhibit "A" attached hereto.

(B) Defendants anticipate calling the witnesses identified at Exhibit "B", attached hereto.

(C) Except for retained experts, each party may call

---

[2] It is agreed that no interlocutory appeal of the court's summary judgment order will be taken.

4

any witness designated by any other party.

(D) No other witnesses will be permitted to testify at trial unless:

(1) all parties stipulate that the witness may testify;

(2) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3) the witness was discovered after the Pretrial Conference.

(E) Testimony of a witness not designated in this Order, which is offered under paragraph VII(D)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

(1) the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

(2) the court and opposing counsel were promptly notified upon discovery of the testimony; and

(3) counsel proffered the witness for deposition if time permitted or provided all opposing counsel a reasonable summary of the testimony if time did not permit a deposition.

VIII. Exhibits

(A) Plaintiffs intend to offer the exhibits identified at Exhibit "C" attached hereto.

(B) Defendants intend to offer the exhibits identified at Exhibit "D", attached hereto.

(C) Each party may offer any exhibit designated by any

other party.

        (D)  No other exhibits will be received in evidence unless:

            (1)  all parties stipulate that the exhibit may be received in evidence;

            (2)  the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

            (3)  the exhibit was discovered after the Pretrial Conference.

        (E)  An exhibit not designated in this Order, which is offered under paragraph VIII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

            (1)  the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

            (2)  the court and opposing counsel were promptly notified upon discovery of the exhibit; and

            (3)  counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit reasonably available for inspection by all opposing counsel if copying was not physically possible.

        (F)  Each party shall exchange copies of all exhibits identified in this Order, or make them reasonably available for inspection by all other parties, no later than seven days before the trial date.  Any and all objections to such exhibits shall be filed and served not later than four days before the trial date.

    (G) The attorney for each party is directed to appear before trial and present an original (and if physically possible one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at 8:30 a.m. on the date of trial.

    (H) Each exhibit which has been designated in this Order and presented on the morning of the date of trial shall be pre-marked by counsel.  Plaintiffs' exhibits shall bear numbers; defendants' exhibits shall bear letters.  If no objection has been made to such exhibit pursuant to paragraph VIII(F), above, such exhibit will require no further foundation and will be received in evidence upon the motion of any party at trial.

IX. <u>Further Discovery and Motions</u>

   Except for motions in limine on issues that cannot be decided during trial, no further motions shall be brought before trial except upon order of the court and upon a showing of manifest injustice.  Fed. R. Civ. P. 16(e).  No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice.  <u>Id.</u>

X. <u>Use of Depositions or Interrogatories</u>

   No later than twenty-one days before the trial date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal.  No later than fourteen days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to

be offered or read into evidence and may file evidentiary objections to any other parties' designation.  No later than seven days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

XI.  Date and Length of Trial

The trial is set for September 10, 2024 in Courtroom 5 at 9:00 a.m..  The court estimates that the trial will last approximately five to six days.  The jury shall decide the issue of liability first, and then the parties will present argument and evidence as to damages should the jury find either defendant liable on any claim.

XII. Settlement

The parties previously participated in a settlement conference with Magistrate Judge Jeremy D. Peterson on October 25, 2023 and have a further settlement conference with Judge Peterson scheduled for August 19, 2024.

XIII.  Daubert Procedure

Any challenges based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) will be raised and resolved outside the presence of the jury just prior to when the challenged expert will be called to give testimony.  Any challenged expert shall be present for such a challenge, and shall be available for questioning.

XIV. Evidence Presentation Equipment

If any party feels that electronic presentation is necessary, they should be prepared to operate the courtroom's equipment or bring their own audio-visual equipment to the

courtroom and be prepared to operate it themselves.

XV. <u>Objections to Pretrial Order</u>

Any objections or suggested modifications to this Pretrial Order shall be filed and served within seven days from the file-stamped date of this Order.  All references herein to the date of this Order shall refer to the date the tentative order is filed and not to the date any amended order is filed.  If no objections or modifications are made, this Order will become final without further order of the court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

Dated:  July 2, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Exhibit A: Plaintiffs' Witnesses

1.  Officer Garett Maxwell
2.  Officer Matthew Bruce
3.  Aiden Phillips
4.  Richard Bell
5.  Jennifer Hoberg
6.  Adam Snyder
7.  Patrick Carpenter
8.  Deirdre Amaro, M.D.
9.  Scott DeFoe
10. Veronica McLeod
11. Amado Hernandez
12. Ysidra Regaldo
13. Lucy Adams

Exhibit B: Defendants' Witnesses

1. Melody Graham
2. Rick Plummer
3. Jaason Schuler
4. Aiden Phillips
5. Richard Bell
6. Ryan Hoberg
7. Jennifer Hoberg
8. Kyle Cornwall
9. Sara Shields
10. Christopher Poulos
11. Rajiv Kelkar
12. Steve Papenfuhs
13. Zack Lemire
14. Sgt. Matt Purcell
15. Detective C. Doble
16. Officer Adam Thornton
17. Officer K. Schukei
18. Sgt. Hatfield
19. Officer Zavala
20. Officer Cornwell
21. Officer Cheryl Sheppard
22. Officer Amy Rubalcaba

Defendants reserve on calling any witnesses listed in plaintiffs' statement.

Exhibit C: Plaintiffs' Exhibits

1. Cellphone Video of Incident (COR (McLeod) 000272)
2. Transcript of Statement of Corporal Garett Maxwell, No. 354, Internal Affairs Investigation, No. 20-0033 (COR (McLeod) 000323-000341)
3. Audio Recording of Statement of Garett Maxwell (COR (McLeod 000321, 000322, 001342)
4. Statement of Police Officer Matthew Bruce (COR (McLeod) 000346-000374)
5. Audio Recording of Statement of Matthew Bruce (COR (McLeod) 001350)
6. Redding Police Department Investigative Report (COR (McLeod) 000001-000151)
7. Shasta County Sheriff Investigative Report (COR (McLeod 000152-000267)
8. Redding Police Department, Call Detail Report, Call No. 20D182724, (McLeod 001205-001220)
9. Selected Photos of the Scene, Investigation Photos, Autopsy Photos (COR (McLeod) 001416-002150
10. Photos of Garett Maxwell, after incident (COR (McLeod) 002151-002204)
11. Photos of Matthew Bruce, after incident (COR (McLeod) 001371-001415)
12. Redding Police Department, Officer-Involved Shooting Power Point, RPD No. 20R079262, 12/2/20 (COR (McLeod 002962-002991)
13. Redding Police Department, RPD Policy Manual, Policy 300, Use of Force (COR (McLeod) 000509-000518)

14. Redding Police Department, RPD Policy Manual, Policy 305, Firearms (COR (McLeod) 000544-000555)
15. Redding Police Department, Use of Force (COR (McLeod) 000268-000271).
16. Redding Police Department, Training Document, De-Escalation (COR (McLeod)
17. 001239-001243).
18. Autopsy Report of Dolores Hernandez (COR (McLeod) 000397-000425)
19. Station 5 Interview of Captain Adam Snyder (COR (McLeod) 001344)
20. Audio Recording of Interview of Aiden Phillips (COR (McLeod) 001349)
21. Death Certificate of Dolores Hernandez (PLTFS 00001)
22. Birth Certificate of Amado Hernandez (PLFTS 00002)
23. Birth Certificate of Veronica Hernandez (McLeod) (PLTFS 00003)
24. Correspondence between Plaintiff Veronica McLeod and Decedent Dolores Hernandez (PLTFS 00004-00025)
25. Pictures of Decedent Dolores Hernandez with Plaintiffs Veronica McLeod and Amado Hernandez (PLTFS 00048-00049)
26. Excerpt from Bank Statement of Veronica McLeod re Funeral and Burial Expenses (PLTFS 00050)
27. Sierra View Memorial Park Invoice (PLTFS 00051)

## Exhibit D: Defendants' Exhibits

Defendants adopt plaintiffs' exhibit list. In addition, defendants may offer as exhibits the following:

1. Responses to Plaintiffs RFP #1, Bates 380 to Bates 2960 not otherwise identified in the plaintiff exhibit list.
2. Bates 2961, 3D illustration of scene prepared by investigation agencies.
3. Bates 2962-299 supplemental responses to plaintiff's RFP #1 not otherwise identified in plaintiff's exhibit list.
4. Bates 2995 – 3003 Officer Bruce training file
5. Bates 3004 - Ryan Hoberg video interview
6. Bates 3005-3018 Sutter S.O. reports involving decedent.
7. Bates 3041-3048 Yuba City police reports involving decedent.
8. Bates 3049-3056 Colusa S.O. reports involving decedent.
9. Bates 3057-3119 Officer Bruce Medical records.