**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**LAW OFFICE OF STEWART KATZ**
Stewart Katz, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MCLEOD, individually and as successor in interest to decedent, DOLORES HERNANDEZ; AMADO HERNANDEZ, individually and as successor in interest to decedent, DOLORES HERNANDEZ; and YSIDRA REGALDO, individually,<br><br>                Plaintiffs,<br>          vs.<br><br>CITY OF REDDING; GARRETT MAXWELL, an individual; MATTHEW BRUCE, an individual; and DOES 2-10, inclusive,<br><br>                Defendants. | Case No. 2:22-cv-00585-WBS-JDP<br><br>*Honorable William B. Shubb*<br><br>**PLAINTIFFS' OBJECTION TO FINAL PRETRIAL ORDER** |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs Veronica McLeod, individually and as successor in interest to decedent, Dolores Hernandez; and Amado Hernandez, individually and as successor in interest to decedent, Dolores Hernandez, ("Plaintiffs"), by and through their counsel of record hereby submit the following Objection and Suggested Modification to the Final Pretrial Order pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 283, and the July 2, 2024 Final Pretrial Order of this Court (Dkt. No. 44).

Plaintiffs object to footnote 1 of the Final Pretrial Order (Dkt. No. 44 at 2), wherein the Court noted that Officers Matthew Bruce and Garret Maxwell "are the only remaining defendants because plaintiffs have abandoned their municipal liability claims." Plaintiffs contend that the City of Redding ("Defendant City") remains a defendant in this action because Plaintiffs still maintain claims of battery, negligence, and violation of California Civil Code Section 52.1 against Defendant City because Defendant City is vicariously liable for the wrongful acts of Defendants Bruce and Maxwell. (*See* Dkt. No. 13, First Amended Complaint ¶¶ 103, 111, 122; Dkt. No. 41, Plaintiffs' Pretrial Statement at 6:3-4, 6:20-21, 7:8-9). Plaintiffs' operative complaint asserted their state law claims against all defendants, including Defendant City and asserted that Defendant City was vicariously liable for the wrongful acts of Defendants Maxwell and Bruce because Maxwell and Bruce was acting within the course and scope of their employment with Defendant City at the time of the incident. Accordingly, the City of Redding remains a defendant in this action through vicarious liability under Plaintiffs' state law claims. *See Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 215-16 (1991) (recognizing that since the enactment of the California Tort Claims Act, "a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct," in part because "vicarious liability is an appropriate method to ensure the victims of police misconduct are compensated.").

Respectfully submitted,

DATED: July 9, 2024                **LAW OFFICES OF DALE K. GALIPO**
                                   **LAW OFFICE OF STEWART KATZ**


                                    By          */s/ Hang D. Le*
                                            Dale K. Galipo
                                            Stewart Katz
                                            Hang D. Le
                                            Attorneys for Plaintiffs
                                            VERONICA MCLEOD, AMADO HERNANDEZ, and
                                            YSIDRA REGALDO