**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**LAW OFFICE OF STEWART KATZ**
Stewart Katz, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MCLEOD, individually and as successor in interest to decedent, DOLORES HERNANDEZ; AMADO HERNANDEZ, individually and as successor in interest to decedent, DOLORES HERNANDEZ; and YSIDRA REGALDO, individually,<br><br>               Plaintiffs,<br><br>      vs.<br><br>CITY OF REDDING; GARRETT MAXWELL, an individual; MATTHEW BRUCE, an individual; and DOES 2-10, inclusive,<br><br>              Defendants. | Case No. 2:22-cv-00585-WBS-JDP<br><br>*Honorable William B. Shubb*<br><br>**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**<br><br>Trial:   September 10, 2024 |

1   **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

2   **RECORD**:

3        Plaintiffs Veronica McLeod and Amado Hernandez hereby submit their Proposed Jury

4   Instructions, pursuant to Local Rule 163 and this Court's July 3, 2024, Pretrial Conference Order.

5

6   Respectfully submitted,

7

    DATED:  August 20, 2024          **LAW OFFICES OF DALE K. GALIPO**
8                                     **LAW OFFICE OF STEWART KATZ**

9

10                                  By_____*/s/ Hang D. Le*_____

11                                    Dale K. Galipo
                                      Stewart Katz
                                      Hang D. Le
12                                    Attorneys for Plaintiffs
                                      VERONICA MCLEOD, AMADO HERNANDEZ, and
13                                    YSIDRA REGALDO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

| Number | Title | Source | Page No. |
|:---:|---|:---:|:---:|
| 1. | Duty of Jury | 9th Cir. 1.4 | 1 |
| 2. | Claims and Defenses | 9th Cir. 1.5 | 2 |
| 3. | Burden of Proof | 9th Cir. 1.6 | 3 |
| 4. | Two or More Parties—Different Legal Rights | 9th Cir. 1.8 | 4 |
| 5. | What is Evidence | 9th Cir. 1.9 | 5 |
| 6. | What is Not Evidence | 9th Cir. 1.10 | 6 |
| 7. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 7 |
| 8. | Ruling on Objections | 9th Cir. 1.13 | 8 |
| 9. | Credibility of Witnesses | 9th Cir. 1.14 | 9 |
| 10. | Conduct of the Jury | 9th Cir. 1.15 | 11 |
| 11. | No Transcript Available to Jury | 9th Cir. 1.17 | 13 |
| 12. | Taking Notes | 9th Cir. 1.18 | 14 |
| 13. | Bench Conferences and Recesses | 9th Cir. 1.20 | 15 |
| 14. | Stipulations of Fact | 9th Cir. 2.2 | 16 |
| 15. | Expert Opinion | 9th Cir. 2.13 | 17 |
| 16. | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 18 |
| 17. | Section 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 19 |
| 18. | Section 1983 Claims Against Individual Defendants | 9th Cir. 9.3 | 20 |
| 19. | Fourth Amendment—Unreasonable Seizure of a Person—Generally | 9th Cir. 9.20 | 21 |
| 20. | Fourth Amendment—Unreasonable Seizure of a Person—Exception to Warrant Requirement—Terry Stop | 9th Cir. 9.21 | 23 |
| 21. | Fourth Amendment—Unreasonable Seizure of a Person—Probable Cause Arrest | 9th Cir. 9.23 | 24 |
| 22. | Battery by Law Enforcement Officer (Nondeadly Force)—Essential Factual Elements | CACI 1305A | 25 |
| 23. | Battery by a Peace Officer (Deadly Force)—Essential Factual Elements | CACI 1305B | 26 |
| 24. | Causation—Substantial Factor | CACI 430 | 28 |
| 25. | Causation—Multiple Causes | CACI 431 | 29 |
| 26. | Negligence—Essential Factual Elements | CACI 400 | 30 |
| 27. | Negligent Use of Nondeadly Force by Law Enforcement Officer in Arrest or Other Seizure—Essential Factual Elements | CACI 440 | 31 |
| 28. | Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements | CACI 441 | 33 |

| Number | Title | Source | Page No. |
|---|---|---|---|
| 29. | Bane Act—Essential Factual Elements (Cal Civ. Code § 52.1) | CACI 3066 | 35 |
| 30. | Vicarious Liability—Introduction | CACI 3700 | 36 |
| 31. | Damages—Proof and Types | 9th Cir. 5.1, 5.2; CACI 3905A; 3921 | 37 |
| 32. | Punitive Damages—Predicate Question | 9th Cir. 5.5 | 38 |
| 33. | Duty to Deliberate | 9th Cir. 3.1 | 39 |
| 34. | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 40 |
| 35. | Communication with Court | 9th Cir. 3.3 | 42 |
| 36. | Return of Verdict | 9th Cir. 3.5 | 43 |

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 1

Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.4

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 2

### Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case arises out of a December 2, 2020, encounter between Dolores Hernandez and City of Redding police officers during which Dolores Hernandez died. The plaintiffs are Dolores Hernandez's adult children, Veronica McLeod and Amado Hernandez. The defendants are the City of Redding and City of Redding police officers Garret Maxwell and Matthew Bruce.

The plaintiffs contend that Officer Maxwell and Officer Bruce unreasonably detained Dolores Hernandez and used unreasonable force against her, including deadly force. The plaintiffs also contend that Officer Maxwell and Officer Bruce were negligent in their conduct towards Dolores Hernandez. The plaintiffs are seeking damages as permitted by law.

The defendants deny these claims. The defendants contend that Officer Maxwell and Officer Bruce's seizure of Dolores Hernandez and subsequent uses of force against her were reasonable under the circumstances.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.5 (modified to add claims and defenses relevant to this case).

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 3

Burden of Proof

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.6.

## **PLAINTIFFS' PROPOSED INSTRUCTION NO. 4**

Two or More Parties—Different Legal Rights

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.8.

## **PLAINTIFFS' PROPOSED INSTRUCTION NO. 5**

What is Evidence

The evidence you are to consider in deciding what facts are consists of:

      1.  The sworn testimony of any witnesses;

      2.  The exhibits that are admitted into evidence;

      3.  Any facts to which the lawyers have agreed or stipulated; and

      4.  Any facts that I may instruct you to accept as proved.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.9 (modified to add "or stipulated" to the third factor).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 6**

What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)      Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 10.

1

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 7

2

Direct and Circumstantial Evidence

3    Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

4   testimony by a witness about what that witness personally saw or heard or did. Circumstantial

5   evidence is proof of one or more facts from which you could find another fact. You should

6   consider both kinds of evidence. The law makes no distinction between the weight to be given to

7   either direct or circumstantial evidence. It is for you to decide how much weight to give to any

8   evidence.

9

10   Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.12.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 8

Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.13.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 9

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1    <u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.14.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 10

### Conduct of Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the

trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.15.

## **PLAINTIFFS' PROPOSED INSTRUCTION NO. 11**

No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.17.

1

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 12**

2

Taking Notes

3      If you wish, you may take notes to help you remember the evidence. If you do take notes,

4   please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking

5   distract you. When you leave, your notes should be left in the courtroom. No one will read your

6   notes.

7      Whether or not you take notes, you should rely on your own memory of the evidence.

8   Notes are only to assist your memory. You should not be overly influenced by your notes or those

9   of other jurors.

10

11   Source: Ninth Circuit Manual of Model Civil Jury Instructions No.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 13

Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 14

Stipulations of Fact

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

(1)     This incident occurred on December 2, 2020, in the City of Redding, California.

(2)     Defendant City of Redding is a municipal entity, a political subdivision of the State of California.

(3)     At all relevant times during the incident, Officer Maxwell and Officer Bruce were acting within the course and scope of their employment as officers for the City of Redding Police Department.

(4)     At all relevant times during the incident, Officer Maxwell and Officer Bruce were acting under color of law.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 2.2.

1

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 15

2

Expert Opinion

3   You have heard testimony from [*name*] who testified about their opinions and the reasons

4   for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill,

5   experience, training, or education of this witness.

6   Such opinion testimony should be judged like any other testimony. You may accept it or

7   reject it and give it as much weight as you think it deserves, considering the witness's specialized

8   knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the

9   other evidence in the case.

10

11   Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 2.13.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 16</u>**

Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 2.14.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 17

Section 1983 Claim—Introductory Instruction

The plaintiffs bring claims under federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 9.1.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 18**

Section 1983 Claims Against Defendant in Individual Capacity—Elements and Burden of Proof

In order to prevail on a § 1983 claim against defendants Officer Bruce and/or Officer Maxwell, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     The defendant acted under color of state law; and

2.     The acts of the defendant deprived Dolores Hernandez of particular rights under the United States Constitution as explained in later instructions; and

3.     The defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated I instruct you that Officer Maxwell and Officer Bruce acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements the plaintiffs are required to prove under Instructions 19, 20 and 21, your verdict should be for the plaintiffs.  If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 9.3 (modified to replace "plaintiff" with "Dolores Hernandez" in element 2).

**<u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 19</u>**

Fourth Amendment—Unreasonable Seizure of a Person—Generally

As previously explained, the plaintiffs have the burden of proving that the acts of the defendants Officer Maxwell and Officer Bruce deprived Dolores Hernandez of particular rights under the United States Constitution.  In this case, the plaintiffs allege defendants Officer Maxwell and Officer Bruce deprived Dolores Hernandez of her rights under the Fourth Amendment to the Constitution when Officer Bruce approached her vehicle and struck her driver's side window several times with his baton while Officer Maxwell approached her rear tire and stabbed it several times with his knife.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person.  In order to prove the defendants deprived Dolores Hernandez of this Fourth Amendment right, the plaintiffs must prove the following additional elements by a preponderance of the evidence:

1.      Officer Bruce and/or Officer Maxwell seized Dolores Hernandez's person;

2.      in seizing the Dolores Hernandez's person, Officer Bruce and/or Officer Maxwell acted intentionally acted intentionally; and

3.      the seizure was unreasonable.

A defendant "seizes" Dolores Hernandez's person when he restrains her liberty through coercion, physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

In determining whether a reasonable person in Dolores Hernandez's position would have felt free to leave, consider all of the circumstances, including:

1.      the number of officers present;

2.      whether weapons were displayed;

3.      whether the encounter occurred in a public or nonpublic setting;

4.      whether the officer's manner would imply that compliance would be compelled; and

5.      whether the officers advised the plaintiff that she was free to leave.

1    A person acts "intentionally" when the person acts with a conscious objective to engage in
2  particular conduct. It is not enough to prove that the defendant negligently or accidentally engaged
3  in that action.  But while the plaintiffs must prove that the defendant intended to act; the plaintiffs
4  need not prove that the defendant intended to violate Dolores Hernandez's Fourth Amendment
5  rights.

6

7  <u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 9.20 (modified to replace "the
8  plaintiff" with "Dolores Hernandez" in appropriate places).

### PLAINTIFFS' PROPOSED INSTRUCTION NO. 20

Fourth Amendment—Unreasonable Seizure of a Person—Exception to Warrant Requirement—

Terry Stop

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officers at the time:

1.      the officers had a reasonable suspicion that the person seized was engaged in
        criminal activity; and

2.      the length and scope of the seizure was reasonable.

In order to prove the seizure in this case was unreasonable, the plaintiffs must prove by a preponderance of the evidence that the officers lacked reasonable suspicion to stop Dolores Hernandez or that the length or scope of the stop was excessive.

"Reasonable suspicion" is a particularized and objective basis for suspecting Dolores Hernandez of criminal activity.  The officer are permitted to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them.

In determining whether the length or scope of the seizure was reasonable, consider all of the circumstances, including:

(1)     the intrusiveness of the stop, such as the methods the police used, the restriction on
        Dolores Hernandez's liberty, and the length of the stop; and

(2)     whether the methods used were reasonable under the circumstances.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 9.21 (modified to replace "plaintiff" with "Dolores Hernandez" in appropriate places).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 21

Fourth Amendment—Unreasonable Seizure of a Person—Exception to Warrant Requirement—
Probable Cause Arrest

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe Dolores Hernandez has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiffs must prove by a preponderance of the evidence that Dolores Hernandez was arrested or attempted to be arrest without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 9.23 (modified to replace "plaintiff" with "Dolores Hernandez" in appropriate places).

1

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 22**

2

Battery by Law Enforcement Officer (Nondeadly Force)—Essential Factual Elements

3

The plaintiffs claim that Officer Maxwell and/or Officer Bruce harmed Dolores Hernandez

4

by using reasonable force to arrest or detain her. To establish this claim, the plaintiffs must prove

5

all of the following:

6

    1.  That Officer Maxwell and/or Officer Bruce intentionally touched Dolores Hernandez

7

        or caused Dolores Hernandez to be touched;

8

    2.  That Officer Maxwell and/or Officer Bruce used unreasonable force on Dolores

9

        Hernandez;

10

    3.  That Dolores Hernandez did not consent to the use of that force;

11

    4.  That Dolores Hernandez was harmed; and

12

    5.  That Officer Maxwell and/or Officer Bruce's use of unreasonable force was a

13

        substantial factor in causing Dolores Hernandez's harm.

14

A police officer may use reasonable force to arrest or detain a person when the officer has

15

reasonable cause to believe that that person has committed a crime.

16

In deciding whether Officer Maxwell and/or Officer Bruce used unreasonable force, you

17

must consider the totality of the circumstances and determine what amount of force a reasonable

18

police officer in Officer Maxwell and/or Officer Bruce's position would have used under the same

19

or similar circumstances. "Totality of the circumstances" means all facts known to the officer at

20

the time, including the conduct of Officer Maxwell, Officer Bruce, and Dolores Hernandez leading

21

up to the use of force. You should consider, among other factors, the following:

22

    (a) Whether Dolores Hernandez reasonably appeared to pose an immediate threat to the

23

       safety of Officer Maxwell and/or Bruce or others;

24

    (b) The seriousness of the crime at issue; and

25

    (c) Whether Dolores Hernandez was actively resisting detention or arrest or attempting to

26

       evade detention or arrest.

27

28

Source: CACI 1305A.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 23

Battery by a Peace Officer (Deadly Force)—Essential Factual Elements

A peace officer may use deadly force only when necessary in defense of a human life. The plaintiffs claim that Officer Maxwell unnecessarily used deadly force on Dolores Hernandez. To establish this claim, the plaintiffs must prove all of the following:

1. That Officer Maxwell intentionally shot Dolores Hernandez;

2. That Officer Maxwell used deadly force on Dolores Hernandez;

3. That Officer Maxwell's use of deadly force was not necessary to defend human life;

4. That Dolores Hernandez was harmed; and

5. That Officer Maxwell's use of deadly force was a substantial factor in causing Dolores Hernandez's harm.

Officer Maxwell's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Maxwell at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Officer Maxwell and/or Officer Bruce.

A person being arrested or detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Officer Maxwell, Officer Bruce, and Dolores Hernandez leading up to the

use of deadly force. In determining whether Officer Maxwell's use of deadly force was necessary in defense of human life, you must consider Officer Maxwell and Officer Bruce's tactical conduct and decisions before Officer Maxwell used deadly force on Dolores Hernandez and whether Officer Maxwell used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so.

<u>Source</u>: CACI 1305B.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 24**

Causation—Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Source: CACI 430.

1

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 25**

2

Causation—Multiple Causes

3      A person's conduct may combine with another factor to cause harm. If you find that

4  Officer Maxwell and/or Officer Bruce's conduct was a substantial factor in causing Dolores

5  Hernandez's harm, then Officer Maxwell and/or Officer Bruce is responsible for the harm. Officer

6  Maxwell and/or Officer Bruce cannot avoid responsibility just because some other person,

7  condition, or event was also a substantial actor in causing Dolores Hernandez's harm.

8

9  Source: CACI 431 (modified by replacing "negligence" for "conduct" as this instruction is

10  applicable to Plaintiffs' battery and negligence claim).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 26

Negligence—Essential Factual Elements

The plaintiffs claim that Dolores Hernandez was harmed by Officer Maxwell and/or Officer Bruce's negligence. To establish this claim, the plaintiffs must prove all of the following:

1. That Officer Maxwell and/or Officer Bruce was negligent;

2. That Dolores Hernandez was harmed; and

3. That Officer Maxwell and/or Officer Bruce's negligence was a substantial factor in causing Dolores Hernandez's harm.

Source: CACI 400.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 27

Negligent Use of Nondeadly Force by Law Enforcement Officer in Arrest or Other Seizure—

Essential Factual Elements

A law enforcement officer may use reasonable force to arrest or detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the person may only use that degree of force necessary to arrest or detain the person.

The plaintiffs claim that Officer Maxwell and/or Officer Bruce was negligent in using unreasonable force to arrest or detain Dolores Hernandez. To establish this claim, the plaintiffs must prove all of the following:

1. That Officer Maxwell and/or Officer Bruce used force to arrest or detain Dolores Hernandez;

2. That the amount of force used by Officer Maxwell and/or Officer Bruce was unreasonable;

3. That Dolores Hernandez was harmed; and

4. That Officer Maxwell and/or Officer Bruce's use of unreasonable force was a substantial factor in causing Dolores Hernandez's harm.

In deciding whether Officer Maxwell and/or Officer Bruce used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable officer in Officer Maxwell and/or Officer Bruce's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Officer Maxwell, Officer Bruce, and Dolores Hernandez leading up to the use of force. Among the factors to be considered are the following:

(a) Whether Dolores Hernandez reasonably appeared to pose an immediate threat to the safety of Officer Maxwell and/or Officer Bruce or others;

(b) The seriousness of the crime at issue;

(c) Whether Dolores Hernandez was actively resisting detention or arrest or attempting to avoid detention or arrest by flight; and

(d) Officer Maxwell and/or Officer Bruce's tactical conduct and decisions before using force on Dolores Hernandez.

2:22-cv-00585-WBS-JDP

<u>Source</u>: CACI 440.

1     **PLAINTIFFS' PROPOSED INSTRUCTION NO. 28**

2         Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements

3         A peace officer may use deadly force only when necessary in defense of human life.  The

4   plaintiffs claim that Officer Maxwell was negligent in using deadly force to arrest or detain

5   Dolores Hernandez. To establish this claim, the plaintiffs must prove all of the following:

6         1.      That Officer Maxwell was a peace officer;

7         2.      That Officer Maxwell used deadly force on Dolores Hernandez;

8         3.      That Officer Maxwell's use of deadly force was not necessary to defend human

9   life;

10        4.      That Dolores Hernandez; and

11        5.      That Officer Maxwell's use of deadly force was a substantial factor in causing

12  Dolores Hernandez's harm.

13        Officer Maxwell's use of deadly force was necessary to defend human life only if a

14  reasonable officer in the same situation would have believed, based on the totality of the

15  circumstances known to or perceived by Officer Maxwell at the time, that deadly force was

16  necessary either: to defend against an imminent threat of death or serious bodily injury to Officer

17  Maxwell or other officers.

18        "Deadly force" is force that creates a substantial risk of causing death or serious bodily

19  injury.  It is not limited to the discharge of a firearm.

20        A threat of death or serious bodily injury is "imminent" if, based on the totality of the

21  circumstances, a reasonable officer in the same situation would believe that a person has the

22  present ability, opportunity, and apparent intent to immediately cause death or serious bodily

23  injury to the peace officer or to another person.  An imminent harm is not merely a fear of future

24  harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one

25  that, from appearances, must be instantly confronted and addressed.

26        "Totality of the circumstances" means all facts known to or perceived by the peace officer

27  at the time, including the conduct of Officer Maxwell, Officer Bruce, and Dolores Hernandez

28  leading up to the use of deadly force. In determining whether Officer Maxwell's use of deadly

force was necessary in defense of human life, you must consider Officer Maxwell and Officer Bruce's tactical conduct and decisions before the use of deadly force on Dolores Hernandez and whether Officer Maxwell used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

Source: CACI 441 (modified "you must consider [defendant's] tactic conduct and decisions before using deadly force on [plaintiff]" to "you must consider Officer Maxwell *and* Officer Bruce's tactical conduct and decisions before the use of deadly force on Dolores Hernandez").

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 29**

Bane Act—Essential Factual Elements (Cal Civ. Code § 52.1)

The plaintiffs claim that Officer Maxwell and/or Officer Bruce intentionally interfered with or attempted to interview with Dolores Hernandez's civil rights by threats, intimidation, or coercion. To establish this claim, the plaintiffs must prove all of the following:

1.     That Officer Maxwell and/or Officer Bruce acted violently against Dolores Hernandez and/or Dolores Hernandez's property to prevent her from exercising her right to be free from unreasonable detention, arrest, or force;

2.     That Officer Maxwell and/or Officer Bruce intended to deprive Dolores Hernandez of her right to be free from unreasonable detention, arrest, or force by demonstrating a reckless disregard of Dolores Hernandez's constitutional rights;

3.     That Dolores Hernandez was harmed; and

4.     That Officer Maxwell and/or Officer Bruce's conduct was a substantial factor in causing Dolores Hernandez's harm.

Source: CACI 3066 (modified second factor to reflect holding in *Reese v. Cnty. of Sacramento*, 888 F.3d 103 (9th Cir. 2018) that a specific intent may be shown by a reckless disregard for the subject's constitutional rights); *Reese v. Cnty. of Sacramento*, 888 F.3d 103, 1045 (9th Cir. 2018).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 30**

Vicarious Liability—Introduction

The City of Redding is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment. The parties have stipulated that Officer Maxwell and Officer Bruce was acting within the scope of their employment at the time of the incident.

Source: CACI 3700 (modified to add the parties' stipulated fact that the officers were acting within the scope of their employment).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 31

Damages—Proof and Type

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of their claims, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Dolores Hernandez and/or the plaintiffs for any injury you find was caused by the defendants.

When determining the Dolores Hernandez's damages, you should consider the following:

1. The nature and extent of the injuries;

2. The mental, physical, and emotional pain and suffering experienced;

3. The emotional distress experienced; and

4. The loss of life and loss of enjoyment of life.

When determining Plaintiffs Veronica McLeod and Amado Hernandez's damages, you should consider the following:

1. The loss of Dolores Hernandez's love, companionship, comfort, care, assistance, protection, affection, society, moral support; and

2. The loss of Dolores Hernandez's training and guidance.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


Source: Ninth Circuit Manual of Model Civil Jury Instructions Nos. 5.1, 5.2; 3905A; 3921 (modified to combine factors from both the Ninth Circuit model instructions and Judicial Council of California Civil Jury Instructions).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 32

Punitive Damages—Predicate Question

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the decedent.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the individual defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the individual defendant injures or damages or otherwise violates the plaintiff's rights with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 5.5 (modified to include only relevant portion for predicate question).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 33

Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 3.1

1   <u>**PLAINTIFFS' PROPOSED INSTRUCTION NO. 34**</u>

2   Consideration of Evidence—Conduct of the Jury

3   Because you must base your verdict only on the evidence received in the case and on these

4   instructions, I remind you that you must not be exposed to any other information about the case or

5   to the issues it involves.  Except for discussing the case with your fellow jurors during your

6   deliberations:

7   Do not communicate with anyone in any way and do not let anyone else communicate with

8   you in any way about the merits of the case or anything to do with it.  This includes discussing the

9   case in person, in writing, by phone, tablet, computer, or any other means, via email, via text

10   messaging, or any internet chat room, blog, website or application, including but not limited to

11   Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social

12   media.  This applies to communicating with your family members, your employer, the media or

13   press, and the people involved in the trial.  If you are asked or approached in any way about your

14   jury service or anything about this case, you must respond that you have been ordered not to

15   discuss the matter and to report the contact to the court.

16   Do not read, watch, or listen to any news or media accounts or commentary about the case

17   or anything to do with it, although I have no information that there will be news reports about this

18   case; do not do any research, such as consulting dictionaries, searching the Internet, or using other

19   reference materials; and do not make any investigation or in any other way try to learn about the

20   case on your own.  Do not visit or view any place discussed in this case, and do not use Internet

21   programs or other devices to search for or view any place discussed during the trial.  Also, do not

22   do any research about this case, the law, or the people involved—including the parties, the

23   witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear

24   anything touching on this case in the media, turn away and report it to me as soon as possible.

25   These rules protect each party's right to have this case decided only on evidence that has

26   been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

27   accuracy of their testimony is tested through the trial process.  If you do any research or

28   investigation outside the courtroom, or gain any information through improper communications,

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 35

Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 3.3.

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 36**

Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 3.5.

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS